**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA**

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. THE TARBELL GROUP, LLC, | |
| Plaintiff, | |
| vs. | **CASE NO: <u>4:25-CV-119-SHL-SBJ</u>** |
| ADAMS COMMUNITY ECONOMIC DEVELOPMENT CORPORATION, AGRIBUSINESS ASSOCIATION OF IOWA, AMES GOLF AND COUNTRY CLUB, APPANOOSE COUNTRY CLUB, ASPEN GROVE CEMETERY ASSOCATION, ATLANTIC GOLF & COUNTRY CLUB, AUDUBON GOLF AND COUNTRY CLUB, BLOOMFIELD COUNTRY CLUB, BROTHERHOOD OF LOCOMOTIVE ENGINEERS GENE, CENTERVILLE CHAMBER OF COMMERCE, COLOMBUC CLUB INC., THE DES MOINES EMBASSY CLUB, FRATERNAL ORDER OF EAGLES— AERIE 3876 GENEVA GOLF & COUNTRY CLUB, GREEN ACRES CLUB, HAPPY HALLOW COUNTRY CLUB, INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL, IOWA TURKEY FEDERATION INC., KYC INC., KALONA AREA CHAMBER OF COMMERCE INC., LAKEVIEW GOLF & COUNTRY CLUB, LAKESHORE GOLF AND COUNTRY | **DEFENDANT MUSCATINE MUTUAL INSURANCE ASSOCIATION'S ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND** |

CLUB,
LAKEVIEW COUNTRY CLUB OF
    MADISON COUNTY IOWA INC.,
LOGAN MISSOURI VALLEY
    COUNTRY CLUB,
MECHANCIAL CONTRACTORS
    ASSOCIATION OF IOWA INC.,
MUSCATINE COUNTY FAIR,
MUSCATINE MUTUAL INSURANCE
    ASSOCIATION,
OAKDALE MEMORIAL GARDENS
    INC.,
THE OUTING CLUB,
PINE KNOLLS COMPANY d/b/a PINE
    KNOLLS GOLF CLUB,
THE RED OAK COUNTRY CLUB,
SIGMA LAMBDA BETA
    INTERNATIONAL FRATERNITY,
TREYNORE RECREATION AREA,
URBANDALE GOLF AND COUNTRY
    CLUB,
WASHINGTON GOLF & COUNTRY
    CLUB, and
WEST LIBERTY GOLF AND
    COUNTRY CLUB,

        Defendants.

**COMES NOW** Defendant, Muscatine Mutual Insurance Association ("Muscatine Mutual" or "Defendant"), by and through undersigned counsel, and for its Answer to the Complaint filed by Relator The Tarbell Group, LLC ("Relator"), states as follows:

## **GENERAL DENIAL**

Defendant denies that it violated the False Claims Act or any other provision of federal law. Defendant further denies each and every allegation contained in the Complaint not expressly and specifically admitted herein and demands strict proof thereof.

2

## ANSWERS TO SPECIFIC ALLEGATIONS

### Nature of the Case

1.      Defendant admits that Relator purports to bring this action under the False Claims Act, 31 U.S.C. §§ 3729–3733. Defendant denies all remaining allegations in Paragraph 1.

### Jurisdiction and Venue

2.      Defendant admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1345, and that venue is proper under 31 U.S.C. § 3732(a). Defendant denies any allegation that it committed an act proscribed by the False Claims Act.

### Parties—Relator

3.      Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding the Relator and therefore denies the same.

### Parties—501(c)(5) Defendants

4.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and therefore denies the same.

5.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and therefore denies the same.

6.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and therefore denies the same.

7.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and therefore denies the same.

8.      Defendant lacks knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 8 and therefore denies the same.

## Parties—501(c)(6) Defendants

9.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and therefore denies the same.

10.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and therefore denies the same.

11.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and therefore denies the same.

12.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and therefore denies the same.

## Parties—501(c)(7) Defendants

13.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and therefore denies the same.

14.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and therefore denies the same.

15.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and therefore denies the same.

16.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and therefore denies the same.

17.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and therefore denies the same.

18.    Defendant lacks knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 18 and therefore denies the same.

19.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and therefore denies the same.

20.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and therefore denies the same.

21.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and therefore denies the same.

22.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and therefore denies the same.

23.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and therefore denies the same.

24.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and therefore denies the same.

25.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and therefore denies the same.

26.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and therefore denies the same.

27.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and therefore denies the same.

28.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and therefore denies the same.

29.    Defendant lacks knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 29 and therefore denies the same.

30. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and therefore denies the same.

31. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and therefore denies the same.

32. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and therefore denies the same.

33. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and therefore denies the same.

34. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and therefore denies the same.

35. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 and therefore denies the same.

36. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and therefore denies the same.

### Parties—501(c)(8) Defendants

37. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 and therefore denies the same.

### Parties—501(c)(13) Defendants

38. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 and therefore denies the same.

39. Defendant lacks knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 39 and therefore denies the same.

## Parties—501(c)(15) Defendants

40.    Defendant denies that Muscatine Mutual is an entity exempt from taxation under section 501(c)(15) of the Internal Revenue Code, 26 U.S.C. § 501(c)(15). Defendant admits that on the loan application(s) at issue herein, Defendant gave its address as 200 Ford Avenue, Muscatine, IA. Defendant denies any remaining allegations or characterizations in Paragraph 40 to the extent they imply wrongdoing.

## Background

41.    Defendant admits that Congress enacted the Coronavirus Aid, Relief, and Economic Security Act, Pub. L. 116-136, and subsequent amendments thereto, including the Paycheck Protection Program Flexibility Act of 2020, Pub. L. 116-142, and the American Rescue Plan Act of 2021, Pub. L. 117-2. Defendant admits that the PPP Program transferred funds from the federal government to recipients via the United States Small Business Administration ("SBA") in the form of loans guaranteed, forgiven, and reimbursed by SBA. Defendant denies any characterization or implication in Paragraph 41 that is inconsistent with the actual text of the applicable statutes and regulations. The remaining allegations in Paragraph 41 constitute legal conclusions to which no response is required.

42.    Defendant admits that PPP Loan recipients could receive up to two loans, one in each of two draws.

43.    Defendant admits that receipt of a first-draw loan was a prerequisite to receiving a second-draw loan.

44.    Defendant admits that applicants for PPP Loans were required to make certain certifications as part of the application process. Defendant denies that its certifications were false or fraudulent.

45.    This paragraph states a legal conclusion regarding the eligibility of tax-exempt organizations for PPP Loans. The statutes, regulations, and SBA guidance referenced speak for themselves, and Defendant respectfully refers the Court to those authorities for their complete and accurate content. To the extent these paragraphs purport to state the full scope of the law governing PPP eligibility, Defendant denies the same and denies any characterization inconsistent with the actual statutory and regulatory text.

46.    This paragraph states a legal conclusion regarding the eligibility of tax-exempt organizations for PPP Loans. The statutes, regulations, and SBA guidance referenced speak for themselves, and Defendant respectfully refers the Court to those authorities for their complete and accurate content. To the extent these paragraphs purport to state the full scope of the law governing PPP eligibility, Defendant denies the same and denies any characterization inconsistent with the actual statutory and regulatory text.

47.    This paragraph states a legal conclusion regarding the eligibility of tax-exempt organizations for PPP Loans. The statutes, regulations, and SBA guidance referenced speak for themselves, and Defendant respectfully refers the Court to those authorities for their complete and accurate content. To the extent these paragraphs purport to state the full scope of the law governing PPP eligibility, Defendant denies the same and denies any characterization inconsistent with the actual statutory and regulatory text.

48.    This paragraph states a legal conclusion regarding the eligibility of tax-

exempt organizations for PPP Loans. The statutes, regulations, and SBA guidance referenced speak for themselves, and Defendant respectfully refers the Court to those authorities for their complete and accurate content. To the extent these paragraphs purport to state the full scope of the law governing PPP eligibility, Defendant denies the same and denies any characterization inconsistent with the actual statutory and regulatory text.

49.    This paragraph states a legal conclusion regarding the eligibility of tax-exempt organizations for PPP Loans. The statutes, regulations, and SBA guidance referenced speak for themselves, and Defendant respectfully refers the Court to those authorities for their complete and accurate content. To the extent these paragraphs purport to state the full scope of the law governing PPP eligibility, Defendant denies the same and denies any characterization inconsistent with the actual statutory and regulatory text.

50.    This paragraph states a legal conclusion regarding the eligibility of tax-exempt organizations for PPP Loans. The statutes, regulations, and SBA guidance referenced speak for themselves, and Defendant respectfully refers the Court to those authorities for their complete and accurate content. To the extent these paragraphs purport to state the full scope of the law governing PPP eligibility, Defendant denies the same and denies any characterization inconsistent with the actual statutory and regulatory text.

51.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 as to "each" named defendant and therefore denies the same.

52.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 as to "some" named defendants and therefore

denies the same.

## PPP Loans

53.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 as to the each of the "defendants" and therefore denies the same. The attached table to the Complaint speaks for itself. To the extent the allegations in Paragraph 53 are inconsistent with those records, Defendant denies the same.

## First Cause of Action
## False Claims Act, 31 U.S.C. § 3729
## PPP Loan(s)

54.    Defendant incorporates its responses to all preceding paragraphs as if fully set forth herein.

55.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 as to "each" named defendant and therefore denies the same.

56.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 as to "each" named defendant and therefore denies the same.

57.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 as to "each" named defendant and therefore denies the same.

58.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 as to "each" named defendant and therefore denies the same.

**Second Cause of Action**
**False Claims Act, 31 U.S.C. § 3729**
**Fruit of the Poisonous Tree**

59.     Defendant incorporates its responses to all preceding paragraphs as if fully set forth herein.

60.     Defendant states that it is not named in Paragraph 60 among the defendants alleged to have received second-draw PPP Loans as "fruit of the poisonous tree." To the extent any allegation in Paragraph 60 is directed at Defendant, Defendant denies the same. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 60 concerning other defendants and therefore denies the same.

61.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 as to "these defendants" and therefore denies the same.

62.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 as to "each of these defendants" and therefore denies the same.

63.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 as to "each of these defendants" and therefore denies the same.

64.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 as to "each of these defendants" and therefore denies the same.

**Prayer for Relief**

65.    Defendant denies that Relator is entitled to any of the relief requested in Paragraph 65 or any other relief against Defendant.

**Jury Demand**

66.    No response is required to Paragraph 66. To the extent a response is required, Defendant acknowledges that Relator has demanded a jury trial.

**<u>AFFIRMATIVE DEFENSES</u>**

Without assuming the burden of proof on any issue for which such burden rests upon Relator, and without waiving any defense by failing to specifically identify it herein, Defendant asserts the following affirmative defenses:

1.    The Complaint fails to state a claim upon which relief can be granted against Defendant. Fed. R. Civ. P. 12(b)(6).

2.    The Complaint fails to plead the circumstances constituting fraud with the particularity required by Federal Rule of Civil Procedure 9(b).

3.    Defendant lacked the requisite scienter to establish liability under the False Claims Act. The FCA imposes liability only where a defendant "knowingly" presents a false claim, which the statute defines as having "actual knowledge," acting in "deliberate ignorance of the truth or falsity," or acting in "reckless disregard of the truth or falsity" of information. 31 U.S.C. § 3729(b)(1)(A).

4.    There is an absence of falsity as Defendant's PPP Loan applications and certifications were not false. Defendant relied in good faith on the advice of its professional advisors.

12

5. The Complaint fails to plead materiality. Any alleged misrepresentation or omission by Defendant was not material to the government's payment decision.

6. Defendant's claims for PPP Loan funds and forgiveness were made with the full knowledge, cooperation, and approval of the United States Government, acting through the SBA and lenders. The Government reviewed Defendant's application, which disclosed its organizational identity and tax-exempt status, and nonetheless issued approval.

7. Relator's claims are barred, in whole or in part, by the public disclosure bar of 31 U.S.C. § 3730(e)(4).

8. The claims asserted against Defendant are barred, in whole or in part, by the doctrines of estoppel and/or waiver.

9. The Complaint does not plead legitimate damages. To the extent Defendant used all PPP Loan proceeds for eligible payroll costs and other qualifying expenses, the United States suffered no actual damages. Furthermore, the United States suffered no actual damages because Congress allowed Defendant to be eligible to receive a PPP loan beginning on February 15, 2020, and ending on June 30, 2021. *See* 15 U.S.C. § 636(a)(36)(D)(iii)(III).

10. Relator's claims are barred, in whole or in part, by the applicable statute of limitations under 31 U.S.C. § 3731(b).

11. To the extent the False Claims Act's qui tam provisions permit a private party to prosecute claims on behalf of the United States without meaningful government involvement, those provisions may violate Article II of the United States Constitution, including the Take Care Clause and the Appointments Clause. Defendant reserves the right

to challenge the constitutionality of the qui tam provisions as applied in this case.

12.    Defendant reserves the right to amend its Answer and assert additional affirmative defenses as the facts and circumstances may warrant following further investigation, discovery, and the development of the factual record in this action. The identification of the foregoing defenses does not constitute an exhaustive listing of defenses available to Defendant. The failure to assert any defense or affirmative defense at this time shall not be deemed a waiver thereof.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Defendant demands a trial by jury on all issues so triable in this action.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Muscatine Mutual Insurance Association respectfully requests that this Court enter judgment in its favor and against Relator and:

a.    Dismiss Relator's Complaint in its entirety with prejudice;

b.    Award Defendant its reasonable attorneys' fees, costs, and expenses incurred in defending this action;

c.    Enter such other and further relief as this Court deems just and proper.

DICKINSON, BRADSHAW, FOWLER & HAGEN, P.C.

By: _____

Cody J. Edwards, AT0010913
Theodore W. Craig, AT0010226
Grant W. Gasner, AT0016078
801 Grand Avenue, Suite 3700
Des Moines, IA  50309-8004

14

Phone: (515) 243-4191
Fax: (515) 246-5808
E-Mail: cedwards@dickinsonbradshaw.com
tcraig@dickinsonbradshaw.com
ggasner@dickinsonbradshaw.com

ATTORNEYS FOR DEFENDANT MUSCATINE
MUTUAL INSURANCE ASSOCIATION

Original electronically filed.

## CERTIFICATE OF SERVICE

This is to certify that the foregoing was filed electronically and served upon all counsel of record through the Court's CM/ECF system this 3rd day of June, 2026.

*/s/ Heidi S. Dorrell*

15