**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. THE TARBELL GROUP, LLC, | |
| Plaintiff, | Case No.  4:25-cv-119-RGE-SBJ |
| v. | **BRIEF IN SUPPORT OF MOTION TO DISMISS** |
| ADAMS COMMUNITY ECONOMIC DEVELOPMENT CORPORATION; AGRIBUSINESS ASSOCIATION OF IOWA; AMES GOLF AND COUNTRY CLUB; APPANOOSE COUNTRY CLUB; ASPEN GROVE CEMETERY ASSOCIATION; ATLANTIC GOLF & COUNTRY CLUB; AUDUBON GOLF AND COUNTRY CLUB; BLOOMFIELD COUNTRY CLUB; BROTHERHOOD OF LOCOMOTIVE ENGINEERS GENE; CENTERVILLE CHAMBER OF COMMERCE; COLUMBUS CLUB INC.; CRESTMOOR GOLF CLUB INC.; THE DES MOINES EMBASSY CLUB; FRATERNAL ORDER OF EAGLES – AERIE 3876; GENEVA GOLF & COUNTRY CLUB; GREEN ACRES CLUB; HAPPY HOLLOW COUNTRY CLUB; IOWA TURKEY FEDERATION INC.; KYC INC.; KALONA AREA CHAMBER OF COMMERCE; LAKEVIEW GOLF & COUNTRY CLUB; LOGAN MISSOURI VALLEY COUNTRY CLUB; MECHANICAL CONTRACTORS ASSOCIATION OF IOWA INC.; MUSCATINE COUNTY FAIR; OAKDALE MEMORIAL GARDENS INC.; THE OUTING CLUB; PINE KNOLLS COMPANY d/b/a PINE KNOLLS GOLF CLUB; THE RED OAK COUNTRY CLUB; SIGMA LAMBDA BETA FRATERNITY; TREYNOR RECREATION AREA; URBANDALE GOLF AND COUNTRY | |

| CLUB; WASHINGTON GOLF & COUNTRY CLUB; and WEST LIBERTY GOLF AND COUNTRY CLUB,<br><br>    Defendants. | |

Defendants Adams Community Economic Development Corporation, Ames Golf and Country Club, Aspen Grove Cemetery, Atlantic Golf & Country Club, Audubon Golf and Country Club, Bloomfield Country Club, Brotherhood of Locomotive Engineers Gene, Crestmoor Golf Club, Inc., Fraternal Order of Eagles – Aerie 3876, Kalona Area Chamber of Commerce, KYC Inc., Lakeshore Golf and Country Club, Logan Missouri Valley Country Club, and Pine Knolls Company d/b/a Pine Knolls Golf Club (collectively, the "Nonprofits") submit this brief in support of their motion to dismiss.

## TABLE OF CONTENTS

INTRODUCTION ....................................................................................................................3

BACKGROUND ......................................................................................................................4

STANDARD OF REVIEW .......................................................................................................6

ARGUMENT ...........................................................................................................................6

    I.    The Complaint Fails to Plausibly Plead Knowledge. ...............................................6

    II.    The Complaint Fails to Plead with Particularity.....................................................9

    III.    The Public Disclosure Bar Requires Dismissal. ....................................................10

        A.    Every Fact in Tarbell's Complaint was Publicly Disclosed. .....................11

        B.    Tarbell is Not an Original Source. ...........................................................14

CONCLUSION......................................................................................................................15

**INTRODUCTION**

Virginia-based The Tarbell Group, LLC ("Tarbell") is a serial filer of "qui tam" lawsuits against nonprofit organizations throughout the country. Since the entity was formed two years ago, Tarbell has initiated at least <u>fourteen</u> such lawsuits under the False Claims Act ("FCA"), 31 U.S.C. § 3729, *et seq.*, accusing <u>over 350 nonprofits</u> of engaging in fraud in the process of securing Paycheck Protection Program ("PPP") loans.

This case is more of the same. Tarbell alleges that the Nonprofits and other Iowa organizations have violated the FCA based on purported false representations made in PPP materials.

But Tarbell, in large part because it has no connection whatsoever to the Nonprofits, does not have the goods to substantiate its claims. The FCA is not "an all-purpose antifraud statute." *Universal Health Servs., Inc. v. United States*, 579 U.S. 176, 194 (2016). Like any other cause of action, it has specific elements that must be pleaded and supported with sufficient facts that, accepted as true, state a plausible claim to relief. Tarbell's complaint, in contrast, is a formulaic recitation of the elements of an FCA claim that presents no plausible claim regarding the Nonprofits' knowledge of the alleged falsity or fraud in their PPP submissions.

That is not all. Because the FCA is a fraud statute, Federal Rule of Civil Procedure 9(b) sets a higher pleading bar. It requires Tarbell to plead with particularity the "who, what, when, where, and how" underlying its claims. Tarbell has not cleared this higher bar, because it has not identified *what* allegedly false statements the Nonprofits made, *who* made them, or *how* Tarbell learned of them.

And even assuming, for the sake of argument, that Tarbell did properly plead an actionable FCA theory, its complaint still must be dismissed pursuant to the FCA's public

disclosure bar.  That statutory bar prohibits Tarbell from basing its claims on information that has already been disclosed publicly.  *See* 31 U.S.C. § 3730(e)(4)(A).  Every single allegation in Tarbell's complaint, however, appears in publicly available government databases of PPP-loan and nonprofit information.  Tarbell fails to bring any new information to the table.  The FCA was enacted to empower genuine whistleblowers, not "opportunistic plaintiffs" like Tarbell.  *United States v. CSL Behring, L.L.C.*, 855 F.3d 935, 941 (8th Cir. 2017) (quotation omitted).  Tarbell cannot transform public disclosures into an FCA claim.  As a matter of law, Tarbell's complaint should be dismissed.

### **BACKGROUND**

Tarbell is a limited liability company located and organized under the laws of Virginia. Dkt. No. 1, Compl. ¶ 3.  It was formed just two years ago, on May 17, 2024.  Va. St. Corp. Comm'n, Clerk's Info. Sys., "The Tarbell Group, LLC" (June 24, 2026, 10:55 AM), https://cis.scc.virginia.gov/EntitySearch/BusinessInformation?businessId=11698697&source=FromEntityResult&isSeries%20=%20false; *see, e.g.*, *Shirley Med. Clinic, P.C. v. United States*, 446 F. Supp. 2d 1028, 1034-35 (S.D. Iowa 2006), ("[A] district court may take judicial notice of public records, such as documents filed with the Secretary of State and judicial rulings and consider them on a motion to dismiss."), *aff'd*, 243 F. App'x 191 (8th Cir. 2007).

Within days of its formation, Tarbell initiated a campaign of FCA lawsuits scattered throughout the country.  *See, e.g.*, *Weitz Co. v. White Woods Ret. Campus, Inc.*, No. 4:18-cv-105, 2018 WL 10345480, at *5 n.3 (S.D. Iowa Aug. 20, 2018) (taking judicial notice on motion to dismiss of "court documents filed in another case").  In nearly all its cases, Tarbell sues nonprofit organizations and alleges that the nonprofits committed fraud in PPP-loan filings.  At least

fourteen such cases have been unsealed, including this one, and are listed here in chronological order based on the date Tarbell filed the original complaint:

| Case Number | Jurisdiction | Date Original Complaint Docketed | Approx. Number of Named Defendants |
|---|---|---|---|
| 1:24-cv-849 | E.D. Va. | May 21, 2024 | 9 (in First Amended Compl., Dkt. No. 3) |
| 3:24-cv-039 | W.D. Va. | May 24, 2024 | 1 |
| 1:24-cv-1245 | E.D. Va. | July 17, 2024 | 65 |
| 1:24-cv-11950 | Mass. | July 26, 2024 | 120 |
| 3:25-cv-144 | Idaho | March 14, 2025 | 1 |
| 3:25-cv-145 | Idaho | March 14, 2025 | 21 |
| 1:25-cv-915 | Md. | March 19, 2025 | 69 |
| 1:25-cv-916 | Md. | March 19, 2025 | 6 |
| 4:25-cv-118 | S.D. Iowa | Apr. 1, 2025 | 4 |
| 4:25-cv-119 | S.D. Iowa | Apr. 1, 2025 | 37 |
| 4:25-cv-1494 | S.D. Tex. | Apr. 1, 2025 | 7 |
| 1:25-cv-110 | E.D. Tenn. | Apr. 2, 2025 | 2 |
| 1:25-cv-111 | E.D. Tenn. | Apr. 2, 2025 | 21 |
| 3:25-cv-652 | E.D. Va. | Aug. 18, 2025 | 1 |
| | | **Total Named Defendants** | **364**[1] |

---

[1]    Tarbell filed another lawsuit on April 1, 2025 in the Northern District of Texas (Case No. 5:25-cv-00083), captioned *U.S. ex rel. The Tarbell Group, LLC v. Electra Golf Association Inc., et al*. The complaint in that case remains sealed, even though the case can be found on PACER.

The fourteen Nonprofits, along with the other twenty remaining named defendants in this case, are nonprofit organizations located in communities across Iowa. Some defendants operate recreational facilities, like golf courses. Others exist to spur economic development in rural areas. Aside from this litigation, they have no apparent connection to Tarbell.

## STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss, Tarbell's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements" will not survive. *Id*.

The *Twombly/Iqbal* pleading standard is often boilerplate in motions to dismiss, but here it is central: Tarbell's complaint is a textbook example of a "formulaic recitation" of its claims that lacks plausible factual support.

## ARGUMENT

**I.    Tarbell's Complaint Fails to Plausibly Plead Knowledge.**

To bring a claim under the FCA, Tarbell, as the "relator," must show "that (1) the defendant made a claim against the United States; (2) the claim was false or fraudulent; and (3) the defendant knew the claim was false or fraudulent." *Thayer v. Planned Parenthood of the Heartland, Inc.,* 11 F.4th 934, 938 (8th Cir. 2021) (quoting *In re Baycol Prods. Litig.*, 732 F.3d 869, 875 (8th Cir. 2013)). Tarbell's complaint alleging a violation of the FCA "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *U.S. ex rel. Thayer v. Planned Parenthood of the Heartland*, 765 F.3d 914, 920 (8th Cir. 2014) (quotation omitted). This plausibility requirement runs all the way down. Tarbell must plausibly

- 6 -

allege each of the three elements of an FCA claim as to each of the Nonprofits:   (1) each Nonprofit made a claim, (2) that was false, and (3) the Nonprofit had knowledge that the claim was false. *Thayer*, 11 F.4th at 938.

The third element, knowledge, is the scienter requirement in the FCA.   *U.S. ex rel. Schutte v. SuperValu Inc.*, 598 U.S. 739, 749 (2023); 31 U.S.C. § 3729(b)(1) (defining "knowing" and "knowingly" to require that a person "(i) has actual knowledge of the information, (ii) acts in deliberate ignorance of the truth or falsity of the information, or (iii) acts in reckless disregard of the truth or falsity of the information").   "The requisite intent is the knowing presentation of what is known to be false.   In short, the claim must be a lie." *Hindo v. Univ. of Health Sciences/The Chicago Med. Sch.*, 65 F.3d 608, 613 (7th Cir. 1995) (internal quotation and citations omitted) (cited in *U.S. ex rel. Quirk v. Madonna Towers, Inc.*, 278 F.3d 765, 767 (8th Cir. 2002)).

"Innocent mistakes and negligence are not offenses under the [FCA]." *U.S. ex rel. Onnen v. Sioux Falls Indep. Sch. Dist. No. 49-5*, 688 F.3d 410, 413 n.2 (8th Cir. 2012).   The scienter element is important because the FCA is not a "vehicle for punishing garden-variety breaches of contract or regulatory violations." *Universal Health Servs.*, 579 U.S. at 194.   The requirement that FCA plaintiffs plead a plausible factual basis for scienter protects putative defendants from "speculative suits against innocent actors for fraud." *U.S. ex rel. Clausen v. Laboratory Corp. of Am., Inc.*, 290 F.3d 1301, 1308 (11th Cir. 2002).

Tarbell's complaint fails to plead a plausible basis to infer that each of the Nonprofits knew that they submitted a false or fraudulent claim.   All it says is that "each defendant did knowingly" and then recites the elements of an FCA claim.   Compl. ¶¶ 55-58.   The complaint presents no "further factual enhancement" to show why or how Tarbell concludes that every

single Nonprofit knowingly committed fraud and instead contains only "naked assertions" regarding the Nonprofits' knowledge. *Iqbal*, 556 U.S. at 678 (quotation omitted). That is not enough to satisfy the plausibility standard for any single one of the Nonprofits, let alone for all of them and the twenty other defendants.

Eighth Circuit precedent confirms that Tarbell's failure to plausibly allege a factual basis for the Nonprofits' knowledge is fatal to its claims. In *United States ex rel. Ambrosecchia v. Paddock Laboratories*, *LLC*, 855 F.3d 949 (8th Cir. 2017), the Eighth Circuit affirmed dismissal of an FCA complaint under Rule 12(b)(6). The relator there tried to argue that, the public disclosure bar notwithstanding, she provided information relevant to the defendant's scienter. The Eighth Circuit rejected this argument, stating that "the complaint provides no more than the simple, conclusory allegation that defendants' actions were knowing. The complaint does not elaborate, and this 'formulaic recitation of the elements of [the] cause of action' alone is not sufficient." *Id.* at 955 (quoting *Iqbal*, 556 U.S. at 678).

Likewise, in *U.S. ex rel. Strubbe v. Crawford County Memorial Hospital*, 915 F.3d 1158, 1167-68 (8th Cir. 2019), the Eighth Circuit affirmed dismissal of an FCA retaliation claim because the complaint failed to plead a plausible basis to conclude that the defendant knew of the protected activity. *See also U.S. ex rel. Henig v. Amazon.com, Inc.*, 177 F.4th 156, 164-65 (2d Cir. 2026) (affirming dismissal of an FCA claim because the plaintiff failed to allege a factual basis for the knowledge element).

Eighth Circuit precedent makes two things clear. First, FCA relators must plead facts that plausibly support the knowledge element of the claim. Second, dismissal is required when they do not.

So too here.  The complaint's barebone, conclusory "knowing" allegation against all the Nonprofits does not plausibly suggest that each of the Nonprofits knew that their claims were false.  For that reason, Tarbell's claim should be dismissed with prejudice under Rule 12(b)(6).

## II.    Tarbell's Complaint Fails to Plead with Particularity.

"Because the FCA is an anti-fraud statute, complaints alleging violations of the FCA must comply with Rule 9(b)." *Thayer*, 11 F.4th at 939 (quoting *U.S. ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 556 (8th Cir. 2006)).  "Under Rule 9(b), Relator's FCA complaint 'must plead such facts as the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result.'"  *U.S. ex rel. Holt v. Medicare Medicaid Advisors, Inc.*, 115 F.4th 908, 916 (8th Cir. 2024).  Dismissal is proper when a complaint fails to satisfy Rule 9(b)'s requirement for particularity.  *Id.* at 916-17; *Olson v. Fairview Health Servs. of Minn.*, 831 F.3d 1063, 1072 (8th Cir. 2016); *U.S. ex rel. Dunn v. N. Mem'l Health Care*, 739 F.3d 417, 418 (8th Cir. 2014).

Tarbell's complaint does not meet Rule 9(b)'s requirements, because it does not identify with particularity the allegedly false or fraudulent statement made by any Nonprofit, who made the statement, or how Tarbell came to know of the statement.  The complaint alleges facts limited to the Nonprofits' tax status and alleged distribution of funds and then leaps to the conclusion that each Nonprofit engaged in fraud.  But "Rule 9(b) requires more than such conclusory and generalized allegations." *St. Luke's*, 441 F.3d at 557.

In *St. Luke's*, for example, the relator brought a claim against a hospital alleging fraudulent billing practices.  *Id.* at 556.  The district court dismissed the claim, and the Eighth Circuit affirmed, because the complaint failed to comply with Rule 9(b).  The relator simply

alleged that "all the nurse anesthetists' work was illegal" and that "every invoice [] was fraudulent" without pointing out, for example, *who* was involved in the fraudulent billing, or *how* the relator learned of the fraud. *Id.* at 556-57.

Similarly, here, Tarbell claims that each Nonprofit committed fraud but fails to identify who made each fraudulent statement, what exactly each statement was, or how Tarbell came to know of the fraud as to each Nonprofit. As in *St. Luke's*, Tarbell's complaint fails to plead its FCA claims with particularity as required under Rule 9(b) and should be dismissed. *See U.S. ex rel. Lesko v. Minn. Orchestral Ass'n*, Civ. No. 23-3216, 2025 WL 1953120, at *2 (D. Minn. July 16, 2025) (dismissing FCA claim against nonprofit accused of PPP fraud for failure to satisfy Rule 9(b)).

### III.    The Public Disclosure Bar Requires Dismissal.

While the FCA encourages whistleblowers, it "discourages 'opportunistic' plaintiffs who 'merely feed off a previous disclosure of fraud.'" *CSL Behring*, 855 F.3d at 941 (quoting *United States v. Walgreen Co.*, 846 F.3d 879, 880 (6th Cir. 2017)). It does this through the public disclosure bar, a statutory provision that bars a qui tam action if "substantially the same allegations or transactions as alleged in the action or claim were publicly disclosed" in a governmental hearing, federal report, audit or investigation, or the news media, unless the person bringing the action is an original source of the information. 31 U.S.C. § 3730(e)(4)(A); *CSL Behring*, 855 F.3d at 941. The public disclosure bar thus requires dismissal if "(1) the defendant has shown public disclosure under § 3730(e)(4)(A), and (2) the relator does not fit § 3730(e)(4)(B)'s definition of 'original source.'" *CSL Behring*, 855 F.3d at 941 (quoting *U.S. ex rel. Paulos v. Stryker Corp.*, 762 F.3d 688, 692 (8th Cir. 2014)). Whether the public

disclosure bar applies is a question of law that is appropriately resolved through a motion to dismiss.  *See, e.g.*, *id.* at 939; *Ambrosecchia*, 855 F.3d at 953.

The public disclosure bar operates here to block Tarbell's claim because all the information alleged in the complaint was publicly disclosed in qualifying sources, and Tarbell has not alleged it qualifies as an original source.

### A.     Every Fact in Tarbell's Complaint was Publicly Disclosed.

The first element for application of the public disclosure is satisfied:  Every single fact Tarbell pleads about the Nonprofits was publicly disclosed before commencement of this action.

First, the Small Business Administration has published on its website "all PPP loan data" necessary to support the allegations in Tarbell's complaint.  U.S. Small Bus. Admin, *PPP data*, https://www.sba.gov/funding-programs/loans/covid-19-relief-options/paycheck-protection-program/ppp-data#all-loan-data (last visited June 24, 2026).   Spreadsheets available on the Administration's website since at least October 2024 contain the information set forth in the table attached to Tarbell's complaint.  Those spreadsheets include, among other things, the identities and addresses of loan recipients, as well as the corresponding loan numbers, draw requests, approval dates, loan amounts, forgiveness information, and business type (such as "Nonprofit      Organization").       U.S.     Small     Bus.     Admin,     *PPP     FOIA*, https://data.sba.gov/dataset/ppp-foia (last visited June 24, 2026) (Spreadsheet #4 at the link contains Iowa data and lists each of the Nonprofits).  The spreadsheets even include a field for whether the recipient is a "NonProfit."  *Id.*

Second, the information in paragraphs 4 through 40 of Tarbell's complaint concerning the tax exemption relevant to each of the Nonprofits (*i.e.*, whether the entity is tax exempt under section 501(c)(5), (6), (7), (8), (13), or (15)) is easily found through the IRS Tax Exempt

Organization search (which reveals the Nonprofits' publicly available IRS Forms 990), ProPublica's Nonprofit Explorer, or Cause IQ's nonprofit search. *Tax Exempt Organization Search*, Internal Revenue Service, https://apps.irs.gov/app/eos/ (last visited June 24, 2026); *Nonprofit Explorer*, ProPublica, https://projects.propublica.org/nonprofits/ (last visited June 24, 2026); *Organization Search*, Cause IQ, https://causeiq.com/search/organizations/?view=list (last visited June 24, 2026). Additional information about the entities is available through the Iowa Secretary of State's Business Search webpage. *Business Entities Search*, Iowa Secretary of State, Paul D. Pate, https://sos.iowa.org/search/business/search.aspx (last visited June 24, 2026).

And third, the information in paragraphs 45 through 50 of the complaint about the date each type of tax-exempt organization became eligible for PPP financing is derived from acts of Congress and related news coverage about those acts. American Rescue Plan Act of 2021, Pub. L. No. 117-2, § 5001, 135 Stat. 82 (March 11, 2021) (expanding eligibility to 501(c)(5), (7), (8), (13), and (15) nonprofits); Consolidated Appropriations Act, 2021, Pub. L. 116-260, § 318, 134 Stat. 2013 (Dec. 27, 2020) (expanding eligibility to 501(c)(6) nonprofits); *see also* Ethan Gewolb, *Expansion of PPP to Certain 501(c)(6) Organizations*, Calibre CPA Grp. (Jan. 12, 2021), https://calibrecpa.com/tax-regulation-reporting/ppp-501c6/; *American Rescue Plan Act Provisions Affecting Exempt Organizations*, RSM US LLP (Mar. 16, 2021), https://rsmus.com/insights/tax-alerts/2021/american-rescue-plan-act-provisions-affecting-exempt-organizatio.html.

This Court may take judicial notice of the foregoing information, all of which qualifies for the public disclosure bar as either a federal report or information in the news media. *See* Fed. R. Evid. 201; *Missourians for Fiscal Accountability v. Klahr*, 830 F.3d 789, 793 (8th Cir. 2016) (citing *Pickett v. Sheridan Health Care Ctr.,* 664 F.3d 632, 648 (7th Cir. 2011) (recognizing "the

authority of a court to take judicial notice of government websites")). The Small Business Administration data was released pursuant to a Freedom of Information Act request, and the Supreme Court has made clear that "[a] written agency response to a FOIA request falls within the ordinary meaning of 'report'" for purposes of the FCA public disclosure bar. *Schindler Elevator Corp. v. U.S. ex rel. Kirk*, 563 U.S. 401, 410 (2011). The Nonprofits' tax status is published in accessible databases maintained by the Internal Revenue Service, a federal agency, and other reputable sources. The Service's database likewise can be considered a "report" under the "broad ordinary meaning" of the word as it is interpreted by the Supreme Court. *Id.* at 408. As far as the information about when certain entities became eligible for PPP loans, again, that changed occurred through federal law. Compl. ¶ 41. It is hard to imagine a more public source than a public law. In short, the fact that this motion to dismiss can cite publicly available sources for every fact alleged by Tarbell in its complaint establishes that the claims fall under the public disclosure bar. *See, e.g.*, *Lesko*, 2025 WL 1953120, at *3 (dismissing FCA claim based on public disclosure of information on the SBA's "PPP database" and the nonprofit's "IRS Form 990s," both of which are "available online," and on information "available on ProPublica's website").

Tarbell's complaint is precisely the kind that the public disclosure bar operates to keep out. In *U.S. ex rel. Kraxberger v. Kansas City Power & Light Co.*, the court affirmed dismissal of a relator's claim because the claim asserted "substantially the same" allegations as those disclosed through the news media and in response to a FOIA request. 756 F.3d 1075, 1079 (8th Cir. 2014). In so doing, the Eighth Circuit emphasized the Supreme Court's acknowledgement that the FCA's list of possible sources qualifying as a public disclosure provides "a broad sweep." *Id.* (discussing *Graham Cnty. Soil & Water Conservation Dist. v. United States ex rel.*

*Wilson,* 559 U.S. 280, 290 (2010)).  Similarly, Tarbell's complaint alleges facts stemming from a FOIA request, government databases, the news media, and acts of Congress, all well within the "broad sweep" of public disclosure sources.  This Court should follow the Eighth Circuit's clear command that FCA complaints relying totally on publicly disclosed facts are to be dismissed. *Id.*; *see also Stryker Corp.*, 762 F.3d at 693 (upholding 12(b)(6) dismissal of a claim because it asserted the substantially same allegations as those that were publicly disclosed).

### B.      Tarbell Is Not an Original Source.

Because every fact Tarbell alleges is available from a public source, it must qualify as an "original source" to avoid the public disclosure bar. *See* 31 U.S.C. § 3730.  An original source is someone who either (1) voluntarily disclosed to the government the information on which the allegations are based or (2) has independent knowledge that is independent of and materially adds to the publicly disclosed allegations or transactions and who has voluntarily provided the information to the government.  *Ambrosecchia*, 855 F.3d at 954; 31 U.S.C. § 3730(e)(4)(B).  To overcome the public disclosure bar at the motion to dismiss stage, Tarbell must plead more than conclusory allegations that it has independent knowledge.  *Ambrosecchia*, 855 F.3d at 955.

Nothing in Tarbell's pleading reveals that it voluntarily disclosed information to the government or had direct and independent knowledge of the alleged fraud.  The complaint is devoid of any mention of how Tarbell obtained the information relied on for its FCA claims.

As such, *Ambrosecchia* squarely controls.  There, the Eighth Circuit affirmed a district court's Rule 12(b)(6) dismissal of an FCA claim due to the public disclosure bar.  The relator argued that she qualified as an original source for various reasons—like her employment with the defendant.  The court rejected the relator's claim because her pleading did not "detail the nature of that information or explain how it relates to her employment." *Id.*  Tarbell actually does *less*

to plead its claim than the relator did in *Ambrosecchia*.  Tarbell does not even make a conclusory attempt to show that it qualifies as an independent source.  As such, this Court can and should determine Tarbell is not an original source, and therefore the public disclosure bar applies to block its claim.  *See Lesko*, 2025 WL 1953120, at *4.

## CONCLUSION

Tarbell's model, it seems, is to weaponize the severe sanctions of FCA claims against nonprofits that received government assistance during the Covid-19 pandemic.  Tarbell does not challenge whether any of the Nonprofits deserved government assistance.  Rather, Tarbell relies on publicly available information and, frankly, technicalities to argue that the Nonprofits were not eligible for PPP loans when they applied for them.  Even if Tarbell's claim of ineligibility is accepted for now, there is no factual basis for a plausible inference that the Nonprofits understood they were making false or fraudulent claims—*i.e.*, that they knew they were ineligible for PPP loans and applied for such assistance anyway.  Tarbell assumes that critical element of scienter without any factual basis; it fails to plead with the requisite particularity, and, to top it off, it is subject to the public disclosure bar.  This Court should dismiss Tarbell's opportunistic complaint because Tarbell has failed to properly plead its claim and has improperly relied on public information for every aspect of the claim.

Dated:  June 25, 2026

WEINHARDT & LANTZ, P.C.

By:    /s/ Todd M. Lantz
        Todd M. Lantz             AT0010162
        Kyle J. Essley              AT0015054
        2600 Grand Avenue, Suite 450
        Des Moines, IA  50312
        Telephone:  (515) 244-3100
        E-mail:     tlantz@weinhardtlantz.com
                  kessley@weinhardtlantz.com

ATTORNEYS FOR DEFENDANTS ADAMS COMMUNITY ECONOMIC DEVELOPMENT, AMES GOLF AND COUNTRY CLUB, ASPEN GROVE CEMETERY, ATLANTIC GOLF & COUNTRY CLUB, AUDUBON GOLF AND COUNTRY CLUB, BLOOMFIELD COUNTRY CLUB, BROTHERHOOD OF LOCOMOTIVE ENGINEERS GENE, CRESTMOOR COUNTRY CLUB INC., FRATERNAL ORDER OF EAGLES – AERIE 3876, KALONA AREA CHAMBER OF COMMERCE, KYC INC., LAKESHORE GOLF & COUNTRY CLUB, LOGAN MISSOURI VALLEY COUNTRY CLUB, PINE KNOLLS COMPANY d/b/a PINE KNOLLS GOLF CLUB

PROOF OF SERVICE

The undersigned certifies that the foregoing instrument was served upon the parties to this action by serving a copy upon each of the attorneys of record on June 25, 2026 via CM/ECF.

Signature:     /s/ Maura McNally