**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. THE TARBELL GROUP, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> ADAMS COMMUNITY ECONOMIC DEVELOPMENT CORPORATION, AGRIBUSINESS ASSOCIATION OF IOWA, AMES GOLF AND COUNTRY CLUB, APPANOOSE COUNTRY CLUB, ASPEN GROVE CEMETERY ASSOCATION, ATLANTIC GOLF & COUNTRY CLUB, AUDUBON GOLF AND COUNTRY CLUB, BLOOMFIELD COUNTRY CLUB, BROTHERHOOD OF LOCOMOTIVE ENGINEERS GENE, CENTERVILLE CHAMBER OF COMMERCE, COLOMBUC CLUB INC., THE DES MOINES EMBASSY CLUB, FRATERNAL ORDER OF EAGLES— AERIE 3876 GENEVA GOLF & COUNTRY CLUB, GREEN ACRES CLUB, HAPPY HALLOW COUNTRY CLUB, INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL, IOWA TURKEY FEDERATION INC., KYC INC., KALONA AREA CHAMBER OF COMMERCE INC., LAKEVIEW GOLF & COUNTRY CLUB, LAKESHORE GOLF AND COUNTRY | **CASE NO: 4:25-CV-119-SHL-SBJ** <br><br><br> **DEFENDANT WASHINGTON GOLF & COUNTRY CLUB'S BRIEF IN SUPPORT OF MOTION TO DISMISS** |

CLUB,
LAKEVIEW COUNTRY CLUB OF
    MADISON COUNTY IOWA INC.,
LOGAN MISSOURI VALLEY
    COUNTRY CLUB,
MECHANCIAL CONTRACTORS
    ASSOCIATION OF IOWA INC.,
MUSCATINE COUNTY FAIR,
MUSCATINE MUTUAL INSURANCE
    ASSOCIATION,
OAKDALE MEMORIAL GARDENS
    INC.,
THE OUTING CLUB,
PINE KNOLLS COMPANY d/b/a PINE
    KNOLLS GOLF CLUB,
THE RED OAK COUNTRY CLUB,
SIGMA LAMBDA BETA
    INTERNATIONAL FRATERNITY,
TREYNORE RECREATION AREA,
URBANDALE GOLF AND COUNTRY
    CLUB,
WASHINGTON GOLF & COUNTRY
    CLUB, and
WEST LIBERTY GOLF AND
    COUNTRY CLUB,

        Defendants.

**COMES NOW** Defendant, Washington Golf & Country Club ("Washington Golf"

or "Defendant"), by and through undersigned counsel, respectfully submits this Brief in

Support of its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

## **INTRODUCTION**

Washington Golf joins, incorporates, and adopts by reference all arguments,

statements, and authorities set forth in the Motion to Dismiss (Dkt. No. 70) and Brief in

Support of Motion to Dismiss (Dkt. No. 70-1) filed by Defendants Adams Community

Economic Development Corporation, Ames Golf and Country Club, Aspen Grove Cemetery, Atlantic Golf & Country Club, Audubon Golf and Country Club, Bloomfield Country Club, Brotherhood of Locomotive Engineers Gene, Crestmoor Golf Club Inc., Fraternal Order of Eagles – Aerie 3876, Kalona Area Chamber of Commerce, KYC Inc., Lakeshore Golf and Country Club, Logan Missouri Valley Country Club, and Pine Knolls Company d/b/a Pine Knolls Golf Club (collectively, the "Lantz Defendants") on June 25, 2026. Defendant requests dismissal of the Complaint against it on the same Rule 12(b)(6) grounds.

The Tarbell Group, LLC ("Tarbell") has engaged in a pattern of filing *qui tam* lawsuits targeting nonprofit organizations across the country. In the roughly two years since its formation, Tarbell has brought no fewer than fourteen FCA actions accusing more than 350 nonprofits of purported fraud related to Paycheck Protection Program ("PPP") loan filings.

## BACKGROUND

Tarbell has launched a campaign of FCA lawsuits directed at nonprofits across Iowa and the country that obtained PPP loans during the COVID-19 pandemic. Defendant and the remaining defendants are nonprofit organizations that serve communities throughout Iowa. None of these organizations has any apparent connection to Tarbell outside of this litigation. Tarbell's complaint alleges that Defendant and the other named co-defendants violated the FCA through purportedly false representations in PPP loan applications or forgiveness submissions. Critically, the complaint draws almost exclusively from publicly accessible data—including SBA PPP loan records available online, IRS tax-exempt

organization databases, and publicly filed Form 990 returns.

## <u>RULE 12(b)(6) STANDARD</u>

Federal Rule of Civil Procedure12(b)(6) permits a motion to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To meet this standard, and thus survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the plausibility standard "is not akin to a 'probability requirement,' " it demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) ). "The facts alleged in the complaint 'must be enough to raise a right to relief above the speculative level.'" *Clemons v. Crawford*, 585 F.3d 1119, 1124 (8th Cir. 2009) (quoting *Drobnak v. Andersen Corp.*, 561 F.3d 778, 783 (8th Cir. 2009)).

A court "must accept all factual allegations in the pleadings as true and view them in the light most favorable to the nonmoving party." *Hastings v. Wilson*, 516 F.3d 1055, 1058 (8th Cir. 2008). However, it is not reasonable to infer liability for the misconduct alleged if a Complaint merely "tenders naked assertions devoid of further factual enhancements" or makes allegations that only set forth "the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. Further, in evaluating the "calculus of plausibility" of the alleged conduct, the district court may draw upon its judicial experience and common sense, and may consider whether there are "more likely

explanations" consistent with otherwise unactionable conduct.

Moreover, because FCA claims sound in fraud, they are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). *Thayer v. Planned Parenthood of the Heartland, Inc.*, 11 F.4th 934, 939 (8th Cir. 2021).

## ARGUMENT

## I.     The Complaint Does Not Plausibly Plead Knowledge.

A viable FCA claim requires the plaintiff to allege that: (1) the defendant submitted a claim to the United States; (2) the claim was false or fraudulent; and (3) the defendant acted with knowledge that the claim was false or fraudulent. *Id.* at 938. The knowledge element constitutes the FCA's scienter requirement. *U.S. ex rel. Schutte v. SuperValu Inc.*, 598 U.S. 739, 749 (2023); 31 U.S.C. § 3729(b)(1).

Here, Tarbell's complaint offers nothing beyond the bare, conclusory assertion that each defendant "knowingly" submitted false claims. There is no factual development—no "further factual enhancement"—explaining why or on what basis Tarbell believes Washington Golf knowingly engaged in fraud. *Twombly*, 550 U.S. at 546. This is the quintessential formulaic recitation that the Supreme Court and the Eighth Circuit have held cannot withstand scrutiny under Rule 12(b)(6). Nowhere does the complaint allege facts showing that any specific individual at Washington Golf knowingly provided false information to obtain a PPP loan. The complaint simply assumes the critical element of scienter without any factual basis.

Tarbell's complaint does not contain any allegations suggesting that any statement on Defendant's PPP loan or loan forgiveness applications was made with "actual

knowledge" of falsity, "in deliberate ignorance of the truth or falsity of the information," or "in reckless disregard of the truth or falsity of the information." Critically, mere awareness of PPP loan eligibility requirements is not the same as knowingly submitting a false claim. Eighth Circuit precedent is clear: FCA complaints that rest on conclusory assertions of knowledge, without underlying factual support, must be dismissed. *See U.S. ex rel. Ambrosecchia v. Paddock Laboratories, LLC*, 855 F.3d 949, 955 (8th Cir. 2017) (affirming dismissal—"formulaic recitation of the elements" alone is insufficient) (citation omitted); *U.S. ex rel. Strubbe v. Crawford County Memorial Hospital*, 915 F.3d 1158, 1166–68 (8th Cir. 2019) (affirming dismissal where complaint failed to plead plausible factual basis for knowledge); *U.S. ex rel. Holt v. Medicare Medicaid Advisors, Inc.*, 115 F.4th 908, 916–17 (8th Cir. 2024) (dismissing FCA claim for insufficient particularity regarding alleged fraudulent acts); *see also U.S. ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 822 (8th Cir. 2009) (FCA claims must satisfy Rule 9(b) heightened pleading standard requiring identification of "who, what, where, when, and how").

## II.    The Complaint Fails to Plead with Particularity.

Under Rule 9(b), the complaint must plead "the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result." *Holt*, 115 F.4th at 916 (citation omitted). Tarbell's complaint fails to identify with any specificity a false statement attributable to Defendant, the person who made it, the date or circumstances under which it was made, or the means by which Tarbell discovered it. These are precisely the kinds of generalized allegations that Rule 9(b) prohibits.

The Eighth Circuit has squarely addressed this deficiency. In *U.S. ex rel. Joshi v. St. Luke's Hospital, Inc.*, 441 F.3d 552, 556–57 (8th Cir. 2006), the court affirmed dismissal where the relator broadly alleged that all conduct was "illegal" and every invoice "fraudulent" without specifying who was involved in the fraud or how it was discovered. *See also U.S. ex rel. Lager v. CSL Behring, LLC*, 158 F. Supp. 3d 782, 786, 793 (E.D. Mo. 2016) (emphasizing that Rule 9(b) demands representative examples of the alleged misconduct).

## III.    The Public Disclosure Bar Requires Dismissal.

A court "shall dismiss" a *qui tam* action if "substantially the same allegations or transactions" were publicly disclosed prior to the filing of the complaint. 31 U.S.C. § 3730(e)(4)(A). Dismissal is warranted where: (1) the defendant demonstrates that the allegations rest on a qualifying public disclosure; and (2) the relator cannot establish that it is an "original source" of the information. *Id.* Both conditions are satisfied here.

### A. Every Fact in Tarbell's Complaint Was Publicly Disclosed.

Each material fact alleged in Tarbell's complaint existed in the public domain well before this lawsuit was filed. The SBA has published comprehensive PPP loan data on its public website since at least October 2024. Tax-exempt status information for organizations like Defendant is readily accessible through the IRS Tax Exempt Organization Search tool, ProPublica's Nonprofit Explorer, and other publicly available databases. And the PPP eligibility dates at issue were established by acts of Congress—including the American Rescue Plan Act of 2021—and widely reported in the news media.

In *Lesko*, the court dismissed an FCA claim based on the public disclosure of the

SBA PPP loan database and IRS Form 990 filings—the same sources on which Tarbell's complaint relies. *U.S. ex rel Patricia Lesko v. Minnesota Orchestral Ass'n*, No. CV 23-3216 (PAM/SGE), 2025 WL 1953120, at *3–4 (D. Minn. July 16, 2025); *see also U.S. ex rel Kraxberger v. Kansas City Power & Light Co.*, 756 F.3d 1075, 1079–80 (8th Cir. 2014) (affirming dismissal based on public disclosure through news media and FOIA).

### B.  Tarbell is Not an Original Source.

To avoid the public disclosure bar, Tarbell must qualify as an "original source" under 31 U.S.C. § 3730(e)(4)(B). To do so, Tarbell must demonstrate that it "voluntarily disclosed [the information] to the Government" before filing suit or that it has "knowledge that is independent of and materially adds to the publicly disclosed allegations or transactions." 31 U.S.C. § 3730(e)(4)(B). Tarbell's complaint is entirely silent as to whether Tarbell voluntarily disclosed any information to the government before filing this action or whether it possesses knowledge that is independent of the publicly available data on which its claims rest. *See Ambrosecchia*, 855 F.3d at 954–55 (affirming dismissal where relator offered only conclusory assertions of independent knowledge). Tarbell is precisely the kind of "opportunistic" plaintiff that the public disclosure bar was designed to exclude.

### C.  Any Purported Misrepresentation was Immaterial.

Even if Tarbell could otherwise state a cognizable FCA claim—which it cannot—dismissal is still warranted because any alleged misrepresentation was immaterial to the government's payment decision. The FCA's materiality standard is "demanding" and that the statute "is not 'an all-purpose antifraud statute'" designed to punish every conceivable deviation from regulatory requirements. *Universal Health Services, Inc. v. United States*,

8

579 U.S. 176, 192, 194 (2016) (citation omitted). The facts here compel a finding of immateriality. The government was fully aware of Defendant's tax-exempt status when it approved and subsequently forgave the PPP loan. Indeed, as demonstrated by the complaint itself, the government consistently approved and forgave PPP loans for similarly situated 501(c)(7) exempt entities throughout the country. More telling still, Congress retroactively expanded PPP eligibility to encompass 501(c)(7) organizations through the American Rescue Plan Act of 2021, Pub. L. No. 117-2, § 5001, 135 Stat. 82 (March 11, 2021)—thereby confirming that any perceived ineligibility was not a material concern warranting denial of PPP benefits.

"If the Government pays a particular claim in full despite its actual knowledge that certain requirements were violated, that is very strong evidence that those requirements are not material." *Universal Health Servs.*, 579 U.S. at 195; *see also United States ex rel. Harman v. Trinity Industries*, 872 F.3d 645, 665 (5th Cir. 2017) (continued payment is "very strong evidence" of immateriality). The Fifth Circuit's reasoning in *Harman* is particularly apt: "When the government, at appropriate levels, repeatedly concludes that it has not been defrauded, it is not forgiving a found fraud—rather it is concluding that there was no fraud at all." 872 F.3d at 670. Here, by approving and forgiving PPP loans for 501(c)(7) entities, and then enacting legislation confirming their eligibility, the government has repeatedly concluded that no fraud occurred. If continued payment is "very strong evidence" of immateriality, then amending the law so that the purported false claim no longer applies is equally compelling evidence that no actionable misrepresentation was ever made.

**D. Congress Retroactively Confirmed PPP Eligibility.**

Tarbell's claim also fails because no fraudulent statement was ever made. The American Rescue Plan Act of 2021 amended 15 U.S.C. § 636(a)(36) to make "additional covered nonprofit entit[ies]"—including 501(c)(7) organizations like Defendant—eligible for "covered loans" during the "covered period," defined as February 15, 2020 through June 30, 2021. *See* 15 U.S.C. § 636(a)(36)(A). By using these predefined terms, Congress made 501(c)(7) entities eligible throughout the entire covered period—including for applications filed before March 11, 2021. Had Congress intended 501(c)(7) entities were ineligible before March 11, 2021, it would have said so. Because it did not, Congress retroactively confirmed Defendant's eligibility—erasing any predicate for fraud.

## CONCLUSION

Tarbell's complaint exemplifies the type of bare, formulaic FCA pleading that the Supreme Court and the Eighth Circuit have repeatedly found wanting. Defendant joins, incorporates, and adopts by reference all arguments, statements, and authorities set forth in the Motion to Dismiss (Dkt. No. 70) and the accompanying Brief in Support (Dkt. No. 70-1) filed by the Lantz Defendants.

**WHEREFORE**, Defendant Washington Golf & Country Club respectfully requests that this Court grant its Motion to Dismiss and dismiss Tarbell's Complaint against it with prejudice for failure to state a claim upon which relief can be granted.

10

DICKINSON, BRADSHAW, FOWLER & HAGEN, P.C.


By:     /s/ Theodore W. Craig
        Theodore W. Craig, AT0010226
        Cody J. Edwards, AT0010913
        Grant W. Gasner, AT0016078
        801 Grand Avenue, Suite 3700
        Des Moines, IA  50309-8004
        Phone:        (515) 243-4191
        Fax:          (515) 246-5808
        E-Mail:       tcraig@dickinsonbradshaw.com
                      cedwards@dickinsonbradshaw.com
                      ggasner@dickinsonbradshaw.com

ATTORNEYS FOR DEFENDANT WASHINGTON GOLF
& COUNTRY CLUB


Original electronically filed.

## CERTIFICATE OF SERVICE

This is to certify that the foregoing was filed electronically and served upon all counsel of record through the Court's CM/ECF system this 26th day of June, 2026.


        /s/ Cynthia Dillinger

11