**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**

United States of America ex rel.
    The Tarbell Group, LLC,

        Plaintiff

            v.

Adams Community Economic Development
    Corporation,
Agribusiness Association of Iowa,
Ames Golf and Country Club,
Appanoose Country Club,
Aspen Grove Cemetery Association,
Atlantic Golf & Country Club,
Audubon Golf and Country Club,
Bloomfield Country Club,
Brotherhood of Locomotive Engineers Gene,
Centerville Chamber of Commerce,
Columbus Club Inc.,
Crestmoor Golf Club Inc.,
The Des Moines Embassy Club,
Fraternal Order of Eagles—Aerie 3876,
Geneva Golf & Country Club,
Green Acres Club,
Happy Hollow Country Club,
International Union of Painters and Allied
    Trades District Council,
Iowa Turkey Federation Inc.,
KYC Inc.,
Kalona Area Chamber of Commerce Inc.,
LakeView Golf & Country Club,
Lakeshore Golf and Country Club,
Lakeview Country Club of Madison County
    Iowa Inc.,
Logan Missouri Valley Country Club,
Mechanical Contractors Association of Iowa
    Inc.,
Muscatine County Fair,
Muscatine Mutual Insurance Association,
Oakdale Memorial Gardens Inc.,
The Outing Club,
Pine Knolls Company dba Pine Knolls Golf
    Club,

**FILED UNDER SEAL PURSUANT TO**
**31 U.S.C. § 3730(b)(2)**

Case no. 4:25-cv-119-RGE-SBJ

The Red Oak Country Club,
Sigma Lambda Beta International Fraternity,
Treynor Recreation Area,
Urbandale Golf and Country Club,
Washington Golf & Country Club, and
West Liberty Golf and Country Club, and
Unknown John or Jane Does,

       Defendants

## FIRST AMENDED COMPLAINT

### Nature of the Case

1.  Relator The Tarbell Group, LLC, brings this action for itself and the United States under the False Claims Act, 31 U.S.C. §§ 3729-3733, to recover funds illegally obtained by the defendants under federal COVID-19 relief laws.

### Jurisdiction and Venue

2.  The Court has jurisdiction of, and is the appropriate venue for, this matter because it arises under a federal law, because the United States is a plaintiff, and because in this judicial district each defendant can be found, resides, transacts business in, or committed an act proscribed by the False Claims Act. 28 U.S.C. §§ 1331, 1345; 31 U.S.C. § 3732(a).

### Parties—Relator

3.  Relator The Tarbell Group, LLC, is a limited liability company located in and organized under the laws of the Commonwealth of Virginia.

### Parties—501(c)(5) Defendants

4.  Defendant Agribusiness Association of Iowa is an entity exempt from taxation under section 501(c)(5) of the Internal Revenue Code, 26 U.S.C. § 501(c)(5) ("Tax-Exempt 501(c)(5) Organization"). On the loan application(s) at issue herein, this defendant gave its address as 900 Des Moines Street, Des Moines, IA.

2

5.    Defendant Brotherhood of Locomotive Engineers Gene is a Tax-Exempt 501(c)(5) Organization. On the loan application(s) at issue herein, this defendant gave its address as 501 2nd Street North, Clinton, IA.

6.    ~~Defendant International Union of Painters and Allied Trades District Council is a Tax-Exempt 501(c)(5) Organization. On the loan application(s) at issue herein, this defendant gave its address as 5738 NW 2nd Street, Des Moines, IA.~~

~~7.~~6.    Defendant Iowa Turkey Federation Inc. is a Tax-Exempt 501(c)(5) Organization. On the loan application(s) at issue herein, this defendant gave its address as 535 Lincoln Way East, Ames, IA.

~~8.~~7.    Defendant Muscatine County Fair is a Tax-Exempt 501(c)(5) Organization. On the loan application(s) at issue herein, this defendant gave its address as 101 North Clay Street, West Liberty, IA.

### Parties—501(c)(6) Defendants

~~9.~~8.    Defendant Adams Community Economic Development Corporation is an entity exempt from taxation under section 501(c)(6) of the Internal Revenue Code, 26 U.S.C. § 501(c)(6) ("Tax-Exempt 501(c)(6) Organization"). On the loan application(s) at issue herein, this defendant gave its address as 701 Davis Avenue, Corning, IA.

~~10.~~9.    Defendant Centerville Chamber of Commerce is a Tax-Exempt 501(c)(6) Organization. On the loan application(s) at issue herein, this defendant gave its address as 128 North 12th Street, Centerville, IA.

~~11.~~10.    Defendant Kalona Area Chamber of Commerce Inc. is a Tax-Exempt 501(c)(6) Organization. On the loan application(s) at issue herein, this defendant gave its address as 514 B Avenue, Kalona, IA.

12.11.  Defendant Mechanical Contractors Association of Iowa Inc. is a Tax-Exempt 501(c)(6) Organization. On the loan application(s) at issue herein, this defendant gave its address as 3066 104th Street, Urbandale, IA.

**Parties—501(c)(7) Defendants**

13.12.  Defendant Ames Golf and Country Club is an entity exempt from taxation under section 501(c)(7) of the Internal Revenue Code, 26 U.S.C. § 501(c)(7) ("Tax-Exempt 501(c)(7) Organization"). It is also a private club or business which limits the number of its memberships for reasons other than capacity (a "Private Club"). Defendant holds itself out as "Ames' Only Private Club Community"; admits members only through an application process, in membership categories restricted by age, residence, and activity, with corporate memberships conditioned on acceptance by Defendant's board of directors; maintains reciprocal tee-time arrangements with other clubs; and is designated "Private" in national golf directories. On the loan application(s) at issue herein, this defendant gave its address as 5752 George Washington Carver Avenue, Ames, IA.

14.13.  Defendant Appanoose Country Club is a Tax-Exempt 501(c)(7) Organization. and Private Club. On information and belief, Defendant limits the number of its memberships for reasons other than capacity: it is uniformly designated "Private" in golf directories, publishes no green fees, and restricts its course and facilities to members and their guests. On the loan application(s) at issue herein, this defendant gave its address as 1998 Country Club Drive, Centerville, IA.

15.14.  Defendant Atlantic Golf & Country Club is a Tax-Exempt 501(c)(7) Organization. On the loan application(s) at issue herein, this defendant gave its address as PO Box, Atlantic, IA.

4

16.15. Defendant Audubon Golf and Country Club is a Tax-Exempt 501(c)(7) Organization. On the loan application(s) at issue herein, this defendant gave its address as 520 South Division Street West, Audubon, IA.

17.16. Defendant Bloomfield Country Club is a Tax-Exempt 501(c)(7) Organization. On the loan application(s) at issue herein, this defendant gave its address as 1205 East Franklin Street, Bloomfield, IA.

18.17. Defendant Columbus Club Inc. is a Tax-Exempt 501(c)(7) Organization. and Private Club. On information and belief, Defendant is the social club affiliated with Knights of Columbus Council 739, whose hall it shares, and limits membership to members of a fraternal order that admits only practicing Catholic men aged 18 or older — criteria unrelated to the capacity of its premises. On the loan application(s) at issue herein, this defendant gave its address as 807 Avenue H, Fort Madison, IA.

19.18. Defendant Crestmoor Golf Club Inc. is a Tax-Exempt 501(c)(7) Organization. and Private Club. On information and belief, Defendant limits the number of its memberships for reasons other than capacity: it holds itself out as "a private 9-hole golf club" offering tiered memberships for families, singles, and junior golfers. On the loan application(s) at issue herein, this defendant gave its address as 1801 West Townline Street, Creston, IA.

20.19. Defendant The Des Moines Embassy Club is a Tax-Exempt 501(c)(7) Organization. and Private Club. Defendant is a private dining club: applicants must be sponsored into membership by a current member and pay a one-time initiation fee upon acceptance into membership; dues are tiered by the member's age and residence; Defendant's clubhouse and dining rooms are reserved for members and their guests; and Defendant maintains reciprocal

arrangements with other private clubs worldwide. On the loan application(s) at issue herein, this defendant gave its address as 666 Grand Avenue, #3300, Des Moines, IA.

21.20.  Defendant Geneva Golf & Country Club is a Tax-Exempt 501(c)(7) Organization. and Private Club. On information and belief, Defendant limits the number of its memberships for reasons other than capacity: the PGA of America designates it "Private" and states that play "is limited to members at this private facility"; it describes its operations in filings with the Internal Revenue Service as the operation of a "private social Club"; and it offers tiered membership categories (full golf, social, and dining) conditioned on application to the club. On the loan application(s) at issue herein, this defendant gave its address as 3100 Bidwell Road, Muscatine, IA.

22.21.  Defendant Green Acres Club is a Tax-Exempt 501(c)(7) Organization. On the loan application(s) at issue herein, this defendant gave its address as 913 Fruit Street, Donnellson, IA.

23.22.  Defendant Happy Hollow Country Club is a Tax-Exempt 501(c)(7) Organization. On the loan application(s) at issue herein, this defendant gave its address as 2068 Valley Road, Corning, IA.

24.23.  Defendant KYC Inc. is a Tax-Exempt 501(c)(7) Organization. and Private Club. Under Defendant's bylaws, admission to membership requires a written application endorsed by two members in good standing, posting of the applicant's name for two consecutive Sundays during which any voting member may lodge objections, and approval by Defendant's board of directors, which may deny the application; only members in good standing and their guests may use the club or make purchases. On the loan application(s) at issue herein, this defendant gave its address as PO Box 14, Keokuk, IA.

25.24. Defendant LakeView Golf & Country Club is a Tax-Exempt 501(c)(7) Organization. On the loan application(s) at issue herein, this defendant gave its address as 21897 480th Street, P.O Box 412, Chariton, IA.

26.25. Defendant Lakeshore Golf and Country Club is a Tax-Exempt 501(c)(7) Organization. On the loan application(s) at issue herein, this defendant gave its address as 1857 Golf Club Drive, Afton, IA.

27. Defendant Lakeview Country Club of Madison County Iowa Inc. is a Tax-Exempt 501(c)(7) Organization. On the loan application(s) at issue herein, this defendant gave its address as 3724 Lakeview Lane, Winterset, IA.

28.26. Defendant Logan Missouri Valley Country Club is a Tax-Exempt 501(c)(7) Organization. On the loan application(s) at issue herein, this defendant gave its address as 2455 Highway 30, Logan, IA.

29.27. Defendant The Outing Club is a Tax-Exempt 501(c)(7) Organization. and Private Club. Defendant is a historic private social club: membership requires payment of an initiation fee and individualized review and approval of each application by Defendant's board of directors; memberships are tiered by residence and age; Defendant's dining and recreational facilities are reserved for members and their guests; and Defendant maintains reciprocal arrangements with other private clubs. On the loan application(s) at issue herein, this defendant gave its address as 2109 Brady Street, Davenport, IA.

30.28. Defendant Pine Knolls Company dba Pine Knolls Golf Club is a Tax-Exempt 501(c)(7) Organization. and Private Club. On information and belief, Defendant limits the number of its memberships for reasons other than capacity: it holds itself out as a "private course" and reserves recurring blocks of its tee times for members and their guests only. On the loan

application(s) at issue herein, this defendant gave its address as 1202 South Attica Road, Knoxville, IA.

31.29.  Defendant The Red Oak Country Club is a Tax-Exempt 501(c)(7) Organization. On the loan application(s) at issue herein, this defendant gave its address as 2038 200th Street, Red Oak, IA.

32.30.  Defendant Sigma Lambda Beta International Fraternity is a Tax-Exempt 501(c)(7) Organization, and Private Club. Defendant restricts membership to collegiate men who meet minimum grade-point requirements, complete a chapter-controlled application and interview process, receive an official bid from a chapter, and complete a multi-week new-member education process before initiation — selection criteria unrelated to capacity. On the loan application(s) at issue herein, this defendant gave its address as 7 Hawkeye Drive, Suite 103/104, North Liberty, IA.

33.31.  Defendant Treynor Recreation Area is a Tax-Exempt 501(c)(7) Organization. On the loan application(s) at issue herein, this defendant gave its address as 202 Buck Street, Treynor, IA.

34.32.  Defendant Urbandale Golf and Country Club is a Tax-Exempt 501(c)(7) Organization, and Private Club. On information and belief, Defendant limits the number of its memberships for reasons other than capacity: it is designated "Private" in golf directories and its membership is described as invite-only; new members pay a one-time initiation fee of $2,000; and its tiered membership categories carry monthly dues and mandatory food-and-beverage minimums, with admission by inquiry to the club rather than open purchase. On the loan application(s) at issue herein, this defendant gave its address as 4000 86th Street, Urbandale, IA.

35.33.  Defendant Washington Golf & Country Club is a Tax-Exempt 501(c)(7) Organization, and Private Club. On information and belief, Defendant is a member- and stockholder-owned club that limits the number of its memberships for reasons other than capacity: membership is tied to its shareholding structure, and non-member residents of Washington may play its course only three times annually. On the loan application(s) at issue herein, this defendant gave its address as 1732 Country Club Road, Washington, IA.

36.34.  Defendant West Liberty Golf and Country Club is a Tax-Exempt 501(c)(7) Organization. On the loan application(s) at issue herein, this defendant gave its address as 1248 Country Heights Lane, West Liberty, IA.

### Parties—501(c)(8) Defendants

37.35.  Defendant Fraternal Order of Eagles—Aerie 3876 is an entity exempt from taxation under section 501(c)(8) of the Internal Revenue Code, 26 U.S.C. § 501(c)(8) ("Tax-Exempt 501(c)(8) Organization").") and Private Club. Under the Fraternal Order of Eagles' uniform national rules, every applicant for membership in Defendant must be proposed by two members in good standing, must profess good moral character and belief in a Supreme Being, must satisfy an age requirement, and is admitted only upon a favorable vote of the membership. On the loan application(s) at issue herein, this defendant gave its address as 118 South 5th Street, Missouri Valley, IA.

### Parties—501(c)(13) Defendants

38.36.  Defendant Aspen Grove Cemetery Association is an entity exempt from taxation under section 501(c)(13) of the Internal Revenue Code, 26 U.S.C. § 501(c)(13) ("Tax-Exempt 501(c)(13) Organization"). On the loan application(s) at issue herein, this defendant gave its address as 2043 Sunnyside Avenue, Burlington, IA.

39.37. Defendant Oakdale Memorial Gardens Inc. is a Tax-Exempt 501(c)(13) Organization. On the loan application(s) at issue herein, this defendant gave its address as 2501 Eastern Avenue, Davenport, IA.

**Parties—501(c)(15) DefendantIndividual Defendants**

40.    Defendant Muscatine Mutual Insurance Association is an entity exempt from taxation under section 501(c)(15) of the Internal Revenue Code, 26 U.S.C. § 501(c)(15) ("Tax-Exempt 501(c)(15) Organization"). On the loan application(s) at issue herein, this defendant gave its address as 200 Ford Avenue, Muscatine, IA.

38.    Defendants Unknown John or Jane Does were at all relevant times directors, officers, employees, or otherwise agents by and through whom Defendants respectively acted.

**Background**

41.39. To provide economic relief and stimulate the economy during the COVID-19 pandemic, Congress in 2020 enacted the Coronavirus Aid, Relief, and Economic Security Act, Pub. L. 116-136, amended by, inter alia, the Paycheck Protection Program Flexibility Act of 2020, Pub. L. 116-142 and the American Rescue Plan Act of 2021, Pub. L. 117-2 (2021) (together with implementing regulations, referred to herein as the "PPP Program"). The PPP Program effectively transferred money from the federal government to eligible recipients via the United States Small Business Administration ("SBA"). The transfers took the form of private loans guaranteed, forgiven and reimbursed by SBA ("PPP Loans").

42.40. PPP Loan recipients could receive up to two loans, one in each of two tranches, each called a "draw," i.e., first-draw and second-draw PPP Loans.

43.41. A recipient could receive a second-draw loan only after having obtained a first-draw loan.

44.42.  As a condition of receiving PPP Loans and forgiveness thereof, each applicant was required to certify its eligibility under the PPP Program.

43.     To receive a PPP Loan, each applicant was required to complete, sign, and submit to a participating lender a borrower application form prescribed by SBA. On that form, the applicant was required to certify, among other things, that it was eligible to receive a PPP Loan under the rules in effect at the time of the application. Such certification was material to, and a prerequisite of, the approval and disbursement of each PPP Loan and SBA's guarantee thereof. But for such certification, an applicant could not and would not receive a PPP Loan.

44.     To obtain forgiveness of a PPP Loan, each borrower was likewise required to complete, sign, and submit to its lender a forgiveness application form prescribed by SBA. On that form, the borrower was required to certify, among other things, its compliance with the requirements of the PPP Program, including its eligibility rules, and the truth and accuracy of the information provided. Each forgiveness application form advised the borrower that SBA could direct the lender to disapprove the application if SBA determined that the borrower was ineligible for its PPP Loan. Such certifications were material to, and a prerequisite of, forgiveness of each PPP Loan. But for such certifications, a borrower could not and would not obtain forgiveness.

45.     The PPP Program excluded Tax-Exempt 501(c)(5) Organizations from eligibility until March 11, 2021.

46.     The PPP Program excluded Tax-Exempt 501(c)(6) Organizations from eligibility until December 27, 2020.

47.     The PPP Program excluded Tax-Exempt 501(c)(7) Organizations from eligibility until March 11, 2021.

48. The PPP Program excluded Tax-Exempt 501(c)(8) Organizations from eligibility until March 11, 2021.

49. The PPP Program excluded Tax-Exempt 501(c)(13) Organizations from eligibility until March 11, 2021.

50. The PPP Program at all times excluded Tax-Exempt 501(c)(15) OrganizationsPrivate Clubs from eligibility until March 11, 2021.

51. Defendants eachEach institutional defendant, by and through the individual defendants who acted on its behalf, applied for and received one or more PPP Loans for which they wereit was legally ineligible.

52. Each Private Club defendant, by and through the individual defendants who acted on their behalf, applied for and received one or more PPP Loans for which it was legally ineligible as a Private Club.

52.53. Some defendants, by and through the individual defendants who acted on their behalf, also applied for and received second PPP Loans for which they were ineligible as "fruit of the poisonous tree," because receipt of a first-draw loan was a prerequisite to receive a second-draw loan.

**PPP Loans**

53.54. Defendants received approval for, and forgiveness of, their PPP Loans on the dates and in the amounts shown on the table attached hereto, despite being legally ineligible for the same.

**First Cause of Action**
**False Claims Act, 31 U.S.C. § 3729**
**PPP Loan(s(a)(1)(A) and (B)**
**First-Draw PPP Loan Applications**
**(Against All Institutional Defendants and Unknown John or Jane Does)**

54.55. Relator repeats and realleges each of the foregoing paragraphs.

55.56.  Each defendant was ineligible to receive its PPP Loan(s) at the time it applied for and received approval for a first-draw PPP Loan, which SBA approved on the date and in the sameamount shown for that loan on the table attached hereto.

57.    Each defendant On its application form for its first-draw PPP Loan, each defendant other than Agribusiness Association of Iowa certified: "The Applicant is eligible to receive a loan under the rules in effect at the time this application is submitted that have been issued by the Small Business Administration (SBA) implementing the Paycheck Protection Program . . ."

58.    Defendant Agribusiness Association of Iowa, which applied for its first-draw PPP Loan on or about January 2021, certified on its application form that "[t]he Applicant is eligible to receive a loan under the rules in effect at the time this application is submitted that have been issued by the Small Business Administration (SBA) and the Department of the Treasury (Treasury) implementing the Paycheck Protection Program . . ."

59.    Each such certification was required as a material prerequisite to receive a PPP Loan.

60.    Each such certification was false and known by the certifying defendant and the individual defendants acting on its behalf to be false within the meaning of the False Claims Act. Each defendant was ineligible for its first-draw PPP Loan because it was exempt from taxation under a subsection of section 501(c) of the Internal Revenue Code that was excluded from PPP eligibility until after the date on which SBA approved the loan, as shown on the table attached hereto.

56.    By making the foregoing false certifications, each defendant and the individual defendants acting on its behalf did knowingly present, or cause orto be presented, a false or

fraudulent claim for payment or approval, ~~to the injury of the United States, by falsely certifying that it was eligible for a PPP Loan and forgiveness thereof and thereby receiving the same.~~

~~57.    Each defendant did knowingly make, use, or cause to be made or use, a false record or statement material to a false or fraudulent claim, to the injury of the United States, by falsely certifying that it was eligible for a PPP Loan and forgiveness thereof and thereby receiving the same.~~

~~58.~~61.  ~~Each defendant~~and did knowingly make, use, or cause to be made or used, a false record or statement material to~~, or did knowingly conceal, or did knowingly and improperly avoid or decrease, an obligation to pay or transmit money or property to the United States government, by falsely certifying that it was eligible for a PPP Loan and forgiveness thereof and thereby receiving the same~~ a false claim, in violation of 31 U.S.C. § 3729(a)(1)(A) and (B), to the injury of the United States.

**Second Cause of Action**
**False Claims Act, 31 U.S.C. § 3729**
~~**Fruit of the Poisonous Tree**~~**(a)(1)(A) and (B)**
**Second-Draw PPP Loan Applications**
**(Against the Defendants Listed Below and Unknown John or Jane Does)**

~~59.~~62.  Relator repeats and realleges each of the foregoing paragraphs.

~~60.~~63.  The following defendants applied for and received second-draw PPP Loans ~~for,~~ which ~~they were ineligible due to their failure lawfully to obtain first-draw PPP Loans~~SBA approved on the dates and in the amounts shown on the table attached hereto:

  a.  Agribusiness Association of Iowa

  b.  Ames Golf and Country Club

  c.  Appanoose Country Club

  d.  Aspen Grove Cemetery Association

  e.  Audubon Golf and Country Club

14

   f.  Bloomfield Country Club

   g.  Centerville Chamber ~~Of~~of Commerce

   ~~d~~h.  Columbus Club Inc.

   i.  The Des Moines Embassy Club

   j.  Fraternal Order of Eagles—Aerie 3876

   k.  Geneva Golf & Country Club

   l.  Happy Hollow Country Club

   m.  Iowa Turkey Federation Inc.

   n.  KYC Inc.

   o.  Lakeshore Golf and Country Club

   p.  Muscatine County Fair

   q.  Oakdale Memorial Gardens Inc.

   r.  The Red Oak Country Club

   s.  Sigma Lambda Beta International Fraternity

64. ~~Because~~ On its application form for its second-draw PPP Loan, each of these defendants ~~received their first-draw PPP Loans via fraud and~~ certified: "The Applicant is eligible to receive a loan under the rules in effect at the time this application is submitted that have been issued by the Small Business Administration (SBA) and the Department of the Treasury (Treasury) implementing Second Draw Paycheck Protection Program Loans . . ."

65. Each such certification was required as a material prerequisite to receive a PPP Loan.

~~61.~~66. Each such certification was false ~~pretenses, their second-draw PPP Loans constituted~~and known by the certifying defendant and the individual defendants acting on its behalf

to be false within the meaning of the False Claims Act. Each of these defendants was ineligible for its second-draw PPP Loan because its first-draw PPP Loan had been unlawfully obtained and receipt of a first-draw loan was a prerequisite to receive a second-draw loan, rendering the second-draw PPP Loan unlawful as "fruit of the poisonous tree" and were unlawfully obtained." Each of these defendants other than Agribusiness Association of Iowa, Ames Golf and Country Club, Centerville Chamber of Commerce, and Sigma Lambda Beta International Fraternity was ineligible for the additional reason that it was exempt from taxation under a subsection of section 501(c) of the Internal Revenue Code that was excluded from PPP eligibility until after the date on which SBA approved the loan, as shown on the table attached hereto.

62.    EachBy making the foregoing false certifications, each of these defendants and the individual defendants acting on its behalf did knowingly present, or cause orto be presented, a false or fraudulent claim for payment or approval, to the injury of the United States, by falsely certifying that it was eligible for a second-draw PPP Loan and forgiveness thereof and thereby receiving the same.

63.    Each of these defendants did knowingly make, use, or cause to be made or use, a false record or statement material to a false or fraudulent claim, to the injury of the United States, by falsely certifying that it was eligible for a second-draw PPP Loan and forgiveness thereof and thereby receiving the same.

67.    Each of these defendants and did knowingly make, use, or cause to be made or used, a false record or statement material to, a false claim, in violation of 31 U.S.C. § 3729(a)(1)(A) and (B), to the injury of the United States.

**Third Cause of Action**
**False Claims Act, 31 U.S.C. § 3729(a)(1)(A) and (B)**

**PPP Loan Applications of the Private Club Defendants**
**(Against the Private Club Defendants and Unknown John or Jane Does)**

68.     Relator repeats and realleges each of the foregoing paragraphs.

69.     The Private Club defendants are the following:

   a.     Ames Golf and Country Club

   b.     Appanoose Country Club

   c.     Columbus Club Inc.

   d.     Crestmoor Golf Club Inc.

   e.     The Des Moines Embassy Club

   f.     Fraternal Order of Eagles—Aerie 3876

   g.     Geneva Golf & Country Club

   h.     KYC Inc.

   i.     The Outing Club

   j.     Pine Knolls Company dba Pine Knolls Golf Club

   k.     Sigma Lambda Beta International Fraternity

   l.     Urbandale Golf and Country Club

   m.     Washington Golf & Country Club

70.     Each Private Club defendant applied for and received one or more PPP Loans, which SBA approved on the dates and in the amounts shown on the table attached hereto.

71.     On its application form for each PPP Loan it received, each Private Club defendant certified: "The Applicant is eligible to receive a loan under the rules in effect at the time this application is submitted that have been issued by the Small Business Administration (SBA) . . ." Each such certification was required as a material prerequisite to receive a PPP Loan.

17

72.    Each such certification was false and known by the certifying Private Club defendant and the individual defendants acting on its behalf to be false within the meaning of the False Claims Act, because each Private Club defendant was a Private Club, which was at all times excluded from PPP eligibility.

73.    By making the foregoing false certifications, each Private Club defendant and the individual defendants acting on its behalf did knowingly present, or cause to be presented, a false claim for payment or approval, and did knowingly make, use, or cause to be made or used, a false record or statement material to a false claim, in violation of 31 U.S.C. § 3729(a)(1)(A) and (B), to the injury of the United States.

**Fourth Cause of Action**
**False Claims Act, 31 U.S.C. § 3729(a)(1)(A), (B), and (G)**
**First-Draw PPP Loan Forgiveness Applications**
**(Against All Institutional Defendants and Unknown John or Jane Does)**

74.    Relator repeats and realleges each of the foregoing paragraphs.

75.    Each defendant applied for and obtained forgiveness of its first-draw PPP Loan by submitting a forgiveness application form to its lender. SBA forgave each such loan on the date and in the amount shown on the table attached hereto.

76.    On the forgiveness application forms for their first-draw PPP Loans, Defendants KYC Inc., Mechanical Contractors Association of Iowa Inc., The Outing Club, and Sigma Lambda Beta International Fraternity each certified: "The Borrower has complied with all requirements in the Paycheck Protection Program Rules (Sections 7(a)(36), (7)(a)(37), and 7A of the Small Business Act, the PPP interim final rules, and guidance issued by SBA through the date of this application)."

18

77.     Each of the other defendants certified on the forgiveness application form for its first-draw PPP Loan: "The information provided in this application and the information provided in all supporting documents and forms is true and correct in all material respects."

78.     Each forgiveness application form further advised the borrower that "SBA may direct a lender to disapprove the Borrower's loan forgiveness application if SBA determines that the Borrower was ineligible for the PPP loan."

79.     Each certification described above was required as a material prerequisite to obtain forgiveness of a PPP Loan.

80.     Each such certification was false and known by the certifying defendant and the individual defendants acting on its behalf to be false within the meaning of the False Claims Act, because each defendant had been ineligible to receive its first-draw PPP Loan, as set forth in the First Cause of Action, and therefore was not entitled to forgiveness of that loan.

81.     By making the foregoing false certifications, each defendant and the individual defendants acting on its behalf did knowingly present, or cause to be presented, a false claim for payment or approval; did knowingly make, use, or cause to be made or used, a false record or statement material to a false claim; and did knowingly conceal, or didknowingly and improperly avoid or decrease, an obligation to pay or transmit money or property to the United States government, in violation of 31 U.S.C. § 3729(a)(1)(A), (B), and (G), to the injury of the United States.

**Fifth Cause of Action**
**False Claims Act, 31 U.S.C. § 3729(a)(1)(A), (B), and (G)**
**Second-Draw PPP Loan Forgiveness Applications**
**(Against the Defendants Listed in the Second Cause of Action and Unknown John or Jane Does)**

82.     Relator repeats and realleges each of the foregoing paragraphs.

83.     The defendants listed in the Second Cause of Action each applied for and obtained forgiveness of their second-draw PPP Loans by submitting forgiveness application forms to their lenders. SBA forgave each such loan on the date and in the amount shown on the table attached hereto.

84.     On the forgiveness application forms for their second-draw PPP Loans, Defendants Agribusiness Association of Iowa and The Des Moines Embassy Club each certified: "The information provided in this application and the information provided in all supporting documents and forms is true and correct in all material respects."

85.     Each of the other defendants listed in the Second Cause of Action certified on the forgiveness application form for its second-draw PPP Loan: "The Borrower has complied with all requirements in the Paycheck Protection Program Rules (Sections 7(a)(36), (7)(a)(37), and 7A of the Small Business Act, the PPP interim final rules, and guidance issued by SBA through the date of this application)."

86.     Each forgiveness application form further advised the borrower that "SBA may direct a lender to disapprove the Borrower's loan forgiveness application if SBA determines that the Borrower was ineligible for the PPP loan."

87.     Each certification described above was required as a material prerequisite to obtain forgiveness of a PPP Loan. Each such certification was false and known by the certifying defendant and the individual defendants acting on its behalf to be false within the meaning of the False Claims Act, because each of these defendants had been ineligible to receive its second-draw PPP Loan, as set forth in the Second Cause of Action, and therefore was not entitled to forgiveness of that loan.

64.88. By making the foregoing false certifications, each of these defendants and the individual defendants acting on its behalf did knowingly present, or cause to be presented, a false

claim for payment or approval; did knowingly make, use, or cause to be made or used, a false record or statement material to a false claim; and did knowingly conceal, or knowingly and improperly avoid or decrease, an obligation to pay or transmit money or property to the United States government, by falsely certifying that it was eligible for a second-draw PPP Loan and forgiveness thereof and thereby receiving the same in violation of 31 U.S.C. § 3729(a)(1)(A), (B), and (G), to the injury of the United States.

**Sixth Cause of Action**
**False Claims Act, 31 U.S.C. § 3729(a)(1)(A), (B), and (G)**
**PPP Loan Forgiveness Applications of the Private Club Defendants**
**(Against the Private Club Defendants and Unknown John or Jane Does)**

89.     Relator repeats and realleges each of the foregoing paragraphs.

90.     Each Private Club defendant applied for and obtained forgiveness of each of its PPP Loans by submitting forgiveness application forms to its lender. SBA forgave each such loan on the dates and in the amounts shown on the table attached hereto.

91.     On the forgiveness application forms for the PPP Loans identified below, the following Private Club defendants each certified: "The Borrower has complied with all requirements in the Paycheck Protection Program Rules (Sections 7(a)(36), (7)(a)(37), and 7A of the Small Business Act, the PPP interim final rules, and guidance issued by SBA through the date of this application)":

      a.     Ames Golf and Country Club (second-draw)

      b.     Appanoose Country Club (second-draw)

      c.     Columbus Club Inc. (second-draw)

      d.     Fraternal Order of Eagles—Aerie 3876 (second-draw)

      e.     Geneva Golf & Country Club (second-draw)

      f.     KYC Inc. (first- and second-draw)

21

g.    The Outing Club (first-draw)

h.    Sigma Lambda Beta International Fraternity (first- and second-draw)

92.    On the forgiveness application forms for the PPP Loans identified below, the following Private Club defendants each certified: "The information provided in this application and the information provided in all supporting documents and forms is true and correct in all material respects":

a.    Ames Golf and Country Club (first-draw)

b.    Appanoose Country Club (first-draw)

c.    Columbus Club Inc. (first-draw)

d.    Crestmoor Golf Club Inc. (first-draw)

e.    The Des Moines Embassy Club (first- and second-draw)

f.    Fraternal Order of Eagles—Aerie 3876 (first-draw)

g.    Geneva Golf & Country Club (first-draw)

h.    Pine Knolls Company dba Pine Knolls Golf Club (first-draw)

i.    Urbandale Golf and Country Club (first-draw)

j.    Washington Golf & Country Club (first-draw)

93.    Each forgiveness application form further advised the borrower that "SBA may direct a lender to disapprove the Borrower's loan forgiveness application if SBA determines that the Borrower was ineligible for the PPP loan."

94.    Each certification described above was required as a material prerequisite to obtain forgiveness of a PPP Loan. Each such certification was false and known by the certifying Private Club defendant and the individual defendants acting on its behalf to be false within the meaning of the False Claims Act, because each Private Club defendant was a Private Club, which was at all

22

times excluded from PPP eligibility, and therefore was neither entitled to receive nor entitled to forgiveness of any PPP Loan.

95.     By making the foregoing false certifications, each Private Club defendant and the individual defendants acting on its behalf did knowingly present, or cause to be presented, a false claim for payment or approval; did knowingly make, use, or cause to be made or used, a false record or statement material to a false claim; and did knowingly conceal, or knowingly and improperly avoid or decrease, an obligation to pay or transmit money or property to the United States government, in violation of 31 U.S.C. § 3729(a)(1)(A), (B), and (G), to the injury of the United States.

**Prayer for Relief**

65.96.  WHEREFORE, Relator prays for the following relief against each defendant:

    a.    A declaration that each defendant did violate the False Claims Act;

    b.    An amount thrice the amount of PPP Loans and interest forgiven or otherwise not repaid with respect to each defendant, lending fees paid by SBA, foregone interest, and all other damages suffered by the United States government, plus civil penalties and applicable interest, under 31 U.S.C. § 3729(a)(1);

    c.    The cost of this civil action, apportioned to each defendant respectively in proportion to its share of the aggregate damages recouped herein, under 31 U.S.C. § 3729(a)(3);

    d.    An award to relator, including its reasonable expenses, attorneys' fees, and costs, under 31 U.S.C. § 3730(d)(1) or (2), as applicable; and

    e.    Such other and further relief as may be just and proper.

**Demand for Jury Trial**

66.97.  Relator demands a trial by jury.

Respectfully submitted,

**Law Office of Bruce Ellis Fein, PLLC**
Bruce Ellis Fein, Esq.
P.O. Box 506
Great Falls, VA 22066
bruce@newdream.net
703-248-0390
*Attorney for Relator*

/s/ Alan R. Ostergren                                    /s/ Bruce Ellis Fein

Alan R. Ostergren                                        Bruce Ellis Fein
Alan R. Ostergren, P.C.                                  Bruce Ellis Fein, PLLC
500 East Court Avenue                                    *Pro hac vice*
Suite 420                                                P.O. Box 506
Des Moines, IA  50309                                    Great Falls, VA 22066
alan.ostergren@ostergrenlaw.com                          bruce@newdream.net
515-207-0134                                             703-248-0390

*Attorneys for Relator*

*United States of America ex rel. The Tarbell Group, LLC v. Adams Community Economic Development Corporation, et al.*
Defendants' PPP Loans

| Name | Type | Loan No. | Draw | Date Eligible | Date Approved | Loan Amount | Forgiveness Date | Amount Forgiven |
|---|---|---|---|---|---|---|---|---|
| Adams Community Economic Development Corporation | 501(c)(6) | 1927377403 | 1st | 12/27/2020 | 5/5/2020 | $16,460.00 | 12/17/2020 | $16,562.88 |
| Agribusiness Association of Iowa | 501(c)(5) | 9145878300 | 1st | 3/11/2021 | 1/30/2021 | $171,017.00 | 7/8/2021 | $171,743.82 |
| Agribusiness Association of Iowa | 501(c)(5) | 7274639008 | 2nd | 3/11/2021 | 5/25/2021 | $166,664.00 | 8/30/2021 | $140,656.91 |
| Ames Golf and Country Club | 501(c)(7) | 5294107008 | 1st | 3/11/2021Never | 4/5/2020 | $135,570.00 | 12/2/2020 | $127,508.46 |
| Ames Golf and Country Club | 501(c)(7) | 1467898705 | 2nd | 3/11/2021Never | 3/27/2021 | $126,692.00 | 7/13/2021 | $127,047.44 |
| Appanoose Country Club | 501(c)(7) | 6876347004 | 1st | 3/11/2021Never | 4/7/2020 | $12,430.00 | 10/13/2020 | $12,492.84 |
| Appanoose Country Club | 501(c)(7) | 1220928307 | 2nd | 3/11/2021Never | 1/16/2021 | $12,050.00 | 6/23/2021 | $12,100.88 |
| Aspen Grove Cemetery Association | 501(c)(13) | 9235017003 | 1st | 3/11/2021 | 4/9/2020 | $73,427.50 | 11/27/2020 | $73,863.48 |
| Aspen Grove Cemetery Association | 501(c)(13) | 6661388309 | 2nd | 3/11/2021 | 1/27/2021 | $73,427.00 | 7/16/2021 | $73,767.62 |
| Atlantic Golf & Country Club | 501(c)(7) | 8349707002 | 1st | 3/11/2021 | 4/8/2020 | $67,142.00 | 10/20/2020 | $67,487.83 |
| Audubon Golf and Country Club | 501(c)(7) | 9067467107 | 1st | 3/11/2021 | 4/15/2020 | $14,300.00 | 12/31/2020 | $14,402.09 |
| Audubon Golf and Country Club | 501(c)(7) | 7783678403 | 2nd | 3/11/2021 | 2/12/2021 | $14,300.00 | 9/9/2021 | $14,379.84 |

1

*United States of America ex rel. The Tarbell Group, LLC v. Adams Community Economic Development Corporation, et al.*
Defendants' PPP Loans

| Name | Type | Loan No. | Draw | Date Eligible | Date Approved | Loan Amount | Forgiveness Date | Amount Forgiven |
|---|---|---|---|---|---|---|---|---|
| Bloomfield Country Club | 501(c)(7) | 8376417200 | 1st | 3/11/2021 | 4/28/2020 | $6,100.00 | 2/16/2021 | $6,130.78 |
| Bloomfield Country Club | 501(c)(7) | 2858068302 | 2nd | 3/11/2021 | 1/21/2021 | $6,100.00 | 6/15/2021 | $6,123.72 |
| Brotherhood Of Locomotive Engineers Gene | 501(c)(5) | 7396307706 | 1st | 3/11/2021 | 5/1/2020 | $60,556.00 | 11/23/2020 | $60,892.42 |
| Centerville Chamber ~~Of~~of Commerce | 501(c)(6) | 6270617400 | 1st | 12/27/2020 | 5/14/2020 | $39,346.47 | 11/12/2020 | $39,542.11 |
| Centerville Chamber ~~Of~~of Commerce | 501(c)(6) | 7884388409 | 2nd | 12/27/2020 | 2/12/2021 | $43,355.00 | 7/16/2021 | $43,533.24 |
| Columbus Club Inc. | 501(c)(7) | 2106617400 | 1st | ~~3/11/2021~~Never | 5/5/2020 | $8,947.50 | 11/2/2020 | $8,990.89 |
| Columbus Club Inc. | 501(c)(7) | 5816868410 | 2nd | ~~3/11/2021~~Never | 2/9/2021 | $11,456.51 | 6/23/2021 | $11,497.63 |
| Crestmoor Golf Club Inc. | 501(c)(7) | 7638737209 | 1st | ~~3/11/2021~~Never | 4/28/2020 | $8,500.00 | 12/16/2020 | $8,552.89 |
| The Des Moines Embassy Club | 501(c)(7) | 2604247105 | 1st | ~~3/11/2021~~Never | 4/11/2020 | $376,700.00 | 5/20/2021 | $380,797.26 |
| The Des Moines Embassy Club | 501(c)(7) | 3704938501 | 2nd | ~~3/11/2021~~Never | 2/24/2021 | $538,164.00 | 10/25/2021 | $541,628.89 |
| Fraternal Order of Eagles—Aerie 3876 | 501(c)(8) | 2941068205 | 1st | ~~3/11/2021~~Never | 8/3/2020 | $4,320.00 | 12/31/2020 | $4,337.76 |
| Fraternal Order of Eagles—Aerie 3876 | 501(c)(8) | 7765048507 | 2nd | ~~3/11/2021~~Never | 3/6/2021 | $6,048.00 | 8/11/2021 | $6,074.04 |
| Geneva Golf & Country Club | 501(c)(7) | 5386867010 | 1st | ~~3/11/2021~~Never | 4/5/2020 | $106,507.85 | 1/7/2021 | $107,309.62 |

2

*United States of America ex rel. The Tarbell Group, LLC v. Adams Community Economic Development Corporation, et al.*
Defendants' PPP Loans

| Name | Type | Loan No. | Draw | Date Eligible | Date Approved | Loan Amount | Forgiveness Date | Amount Forgiven |
|---|---|---|---|---|---|---|---|---|
| Geneva Golf & Country Club | 501(c)(7) | 1063288300 | 2nd | 3/11/2021 Never | 1/16/2021 | $106,507.85 | 8/25/2021 | $107,149.86 |
| Green Acres Club | 501(c)(7) | 3064587203 | 1st | 3/11/2021 | 4/16/2020 | $13,400.00 | 11/23/2020 | $13,481.14 |
| Happy Hollow Country Club | 501(c)(7) | 8863787410 | 1st | 3/11/2021 | 5/19/2020 | $13,620.00 | 1/11/2021 | $13,708.53 |
| Happy Hollow Country Club | 501(c)(7) | 2645498407 | 2nd | 3/11/2021 | 2/3/2021 | $14,454.37 | 7/20/2021 | $14,521.02 |
| International Union of Painters and Allied Trades District Council | 501(c)(5) | 6507798000 | 1st | 3/11/2021 | 6/30/2020 | $51,925.00 | 4/29/2021 | $52,340.40 |
| Iowa Turkey Federation Inc. | 501(c)(5) | 5818407300 | 1st | 3/11/2021 | 4/30/2020 | $26,976.00 | 11/23/2020 | $27,128.11 |
| Iowa Turkey Federation Inc. | 501(c)(5) | 8541348400 | 2nd | 3/11/2021 | 2/13/2021 | $30,392.00 | 7/27/2021 | $30,527.08 |
| KYC Inc. | 501(c)(7) | 6664557910 | 1st | 3/11/2021 Never | 6/16/2020 | $17,500.00 | 6/17/2021 | $17,674.52 |
| KYC Inc. | 501(c)(7) | 8418738502 | 2nd | 3/11/2021 Never | 3/9/2021 | $26,500.00 | 12/29/2021 | $26,712.00 |
| Kalona Area Chamber of Commerce Inc. | 501(c)(6) | 8163527205 | 1st | 12/27/2020 | 4/28/2020 | $4,590.49 | 11/12/2020 | $4,615.48 |
| LakeView Golf & Country Club | 501(c)(7) | 6091677107 | 1st | 3/11/2021 | 4/14/2020 | $14,417.00 | 12/10/2020 | $14,509.51 |
| Lakeshore Golf and Country Club | 501(c)(7) | 6018997102 | 1st | 3/11/2021 | 4/14/2020 | $4,900.00 | 2/16/2021 | $4,938.46 |
| Lakeshore Golf and Country Club | 501(c)(7) | 7611758407 | 2nd | 3/11/2021 | 2/12/2021 | $4,900.00 | 6/15/2021 | $4,915.93 |

3

*United States of America ex rel. The Tarbell Group, LLC v. Adams Community Economic Development Corporation, et al.*
Defendants' PPP Loans

| Name | Type | Loan No. | Draw | Date Eligible | Date Approved | Loan Amount | Forgiveness Date | Amount Forgiven |
|---|---|---|---|---|---|---|---|---|
| ~~Lakeview Country Club of Madison County Iowa Inc.~~ | ~~501(c)(7)~~ | ~~9469417008~~ | ~~1st~~ | ~~3/11/2021~~ | ~~4/9/2020~~ | ~~$9,770.00~~ | ~~11/23/2020~~ | ~~$9,828.89~~ |
| Logan Missouri Valley Country Club | 501(c)(7) | 6235627005 | 1st | 3/11/2021 | 4/6/2020 | $25,090.00 | 11/2/2020 | $25,227.30 |
| Mechanical Contractors Association of Iowa Inc. | 501(c)(6) | 3941357708 | 1st | 12/27/2020 | 5/1/2020 | $65,137.00 | 4/1/2021 | $65,722.34 |
| Muscatine County Fair | 501(c)(5) | 9480747003 | 1st | 3/11/2021 | 4/9/2020 | $12,800.00 | 10/20/2020 | $12,866.13 |
| Muscatine County Fair | 501(c)(5) | 6880118309 | 2nd | 3/11/2021 | 1/27/2021 | $15,180.00 | 9/16/2021 | $15,274.45 |
| ~~Muscatine Mutual Insurance Association~~ | ~~501(c)(15)~~ | ~~3163857305~~ | ~~1st~~ | ~~3/11/2021~~ | ~~4/29/2020~~ | ~~$25,882.50~~ | ~~11/5/2020~~ | ~~$26,018.38~~ |
| Oakdale Memorial Gardens Inc. | 501(c)(13) | 4499727201 | 1st | 3/11/2021 | 4/27/2020 | $31,600.00 | 12/8/2020 | $31,791.33 |
| Oakdale Memorial Gardens Inc. | 501(c)(13) | 6952928305 | 2nd | 3/11/2021 | 1/27/2021 | $31,600.00 | 6/15/2021 | $31,717.74 |
| The Outing Club | 501(c)(7) | 8866147009 | 1st | ~~3/11/2021~~Never | 4/9/2020 | $150,000.00 | 4/29/2021 | $151,545.21 |
| Pine Knolls Company dba Pine Knolls Golf Club | 501(c)(7) | 7637357102 | 1st | ~~3/11/2021~~Never | 4/14/2020 | $15,792.50 | 11/2/2020 | $15,876.29 |
| The Red Oak Country Club | 501(c)(7) | 5258657001 | 1st | 3/11/2021 | 4/5/2020 | $40,600.00 | 10/13/2020 | $40,808.64 |
| The Red Oak Country Club | 501(c)(7) | 1168538310 | 2nd | 3/11/2021 | 1/16/2021 | $40,687.00 | 7/27/2021 | $40,898.35 |
| Sigma Lambda Beta International Fraternity | 501(c)(7) | 3199208002 | 1st | ~~3/11/2021~~Never | 6/24/2020 | $54,100.00 | 5/20/2021 | $54,591.41 |

4

*United States of America ex rel. The Tarbell Group, LLC v. Adams Community Economic Development Corporation, et al.*
Defendants' PPP Loans

| Name | Type | Loan No. | Draw | Date Eligible | Date Approved | Loan Amount | Forgiveness Date | Amount Forgiven |
|---|---|---|---|---|---|---|---|---|
| Sigma Lambda Beta International Fraternity | 501(c)(7) | 8164138607 | 2nd | 3/11/2021Never | 3/24/2021 | $46,847.00 | 8/4/2021 | $47,017.47 |
| Treynor Recreation Area | 501(c)(7) | 1233787207 | 1st | 3/11/2021 | 4/15/2020 | $13,697.00 | 11/25/2020 | $13,779.56 |
| Urbandale Golf and Country Club | 501(c)(7) | 8418167000 | 1st | 3/11/2021Never | 4/8/2020 | $108,000.00 | 1/7/2021 | $108,798.00 |
| Washington Golf & Country Club | 501(c)(7) | 4656067002 | 1st | 3/11/2021Never | 4/4/2020 | $19,200.00 | 1/7/2021 | $19,342.93 |
| West Liberty Golf and Country Club | 501(c)(7) | 1428017210 | 1st | 3/11/2021 | 4/15/2020 | $35,900.00 | 1/12/2021 | $36,162.27 |

5