IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| THE TARBELL GROUP, LLC,<br><br>    Plaintiff/Relator,<br><br>v.<br><br>ADAMS COMMUNITY ECONOMIC<br>DEVELOPMENT CORPORATION, et al.,<br><br>    Defendants. | No. 4:25-CV-119<br><br>**DEFENDANT AGRIBUSINESS<br>ASSOCIATION OF IOWA'S<br>BRIEF IN SUPPORT OF MOTION TO<br>DISMISS PLAINTIFF/RELATOR'S FIRST<br>AMENDED COMPLAINT** |

COMES NOW, Defendant Agribusiness Association of Iowa ("AAI"), by and through the

undersigned counsel, and hereby submits the following Brief in Support of its Motion to Dismiss.

## **TABLE OF CONTENTS**

INTRODUCTION ...............................................................................................................................2

BACKGROUND ................................................................................................................................4

ARGUMENT .....................................................................................................................................5

I.    The Tarbell Group's First Amended Complaint fails to state a claim under the False Claims Act against AAI, because AAI is a 501(c)(6) nonprofit organization ..............................................5

  A.    Legal Standard ....................................................................................................................5

  B.    The Tarbell Group failed to plausibly plead AAI received a PPP loan before it was eligible to do so. ...................................................................................................................................6

II.    The Tarbell Group's claims against AAI must be dismissed for insufficient process ...............8

  A.    Legal Standard ....................................................................................................................8

  B.    The Tarbell Group failed to serve AAI with all the documents required by Judge Jackson's February 23, 2026 Order ....................................................................................................8

III.    AAI should be dismissed as a defendant because the Tarbell Group misjoined AAI with the 36 other original defendants. ...........................................................................................................9

  A.    Legal Standard ....................................................................................................................9

  B.    AAI should not have been joined in this action with 36 other unrelated defendants...........10

CONCLUSION ...............................................................................................................................11

## INTRODUCTION

The Tarbell Group has brought this suit against AAI and dozens of other tax-exempt, nonprofit entities under the guise of having uncovered a novel scheme to defraud the U.S. Government. The Tarbell Group has no relation to AAI nor, on information and belief, any of these Iowa nonprofits—which also have no relation to one another. The Tarbell Group is simply a shell company set up to file lawsuits like this one all over the country to extract as much money as possible from local nonprofit organizations.

AAI hereby joins in, and incorporates by reference, all factual recitations, arguments and authorities set forth in the Motion to Strike (Dkt. No. 102) and the Brief in Support thereof (Dkt. No. 102-1) filed by defendants Des Moines Embassy Club and Urbandale Golf and Country Club on July 17, 2026 (the "Dickinson Bradshaw Motion"), including, without limitation, the arguments the First Amended Complaint violates Federal Rules of Civil Procedure 9 and 15(a)(1)(B) and should be stricken. There can be no question The Tarbell Group missed Rule 15(a)(1)(B)'s 21-day window for amending its Complaint without leave of court. As set forth in the Dickinson Bradshaw Motion, the first responsive pleading any defendant filed was June 3, 2026, more than a month before the First Amended Complaint was filed and there is no basis to treat the filing of the First Amended Complaint as some kind of motion for leave to amend. Lastly, AAI would add to the Dickinson Bradshaw Motion's discussion of the futility of an amended complaint that the First Amended Complaint does not resolve the various grounds of dismissal asserted in other defendants' previous motions to dismiss, so granting The Tarbell Group leave to amend would be futile.

Should the Court not grant the Motion to Strike, there are several reasons why the Tarbell Group's substantive claims against AAI are deficient under Federal Rule of Civil Procedure 12(b)(6) and should be dismissed. First, the Tarbell Group's threadbare, group pleadings fail to allege AAI's

purported fraud with the requisite specificity mandated by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and Federal Rule of Civil Procedure 9(b). Second, the claims are foreclosed by the public disclosure bar because the U.S. Government has, for years, been a party to suits alleging the same PPP scheme against the same types of entities and because *every single aspect* of the Tarbell Group's claims derives from the U.S. Government's own, publicly disclosed records. The grounds and authority for these two bases of dismissal are set forth in the Motion to Dismiss (Dkt. No. 104) and Brief in Support thereof (Dkt. No. 104-1) filed by defendants Adams Community Economic Development, Ames Golf and Country Club, Aspen Grove Cemetery, Atlantic Golf & Country Club, Audubon Gold and Country Club, Bloomfield Country Club, Brotherhood of Locomotive Engineers Gene, Crestmoor Country Club, Inc., Fraternal Order of Eagles – Aerie 3876, Kalona Area Chamber of Commerce, KYC Inc., Lakeshore Golf & Country Club, Logan Missouri Valley Country Club, and Pine Knolls Company d/b/a Pine Knolls Golf Club on July 23, 2026 (the "Weinhardt Lantz Motion"), i.e., that the First Amended Complaint fails to adequately plead knowledge, fails to adequately plead fraud with particularity and is subject to the public disclosure bar. AAI hereby joins in, and incorporates by reference, all factual recitations, arguments and authorities set forth therein.

Third, AAI is a 501(c)(6) entity—as opposed to a 501(c)(5) entity as the Tarbell Group alleges—and properly obtained its PPP funds after 501(c)(6) entities were permitted to do so.

Fourth, the Tarbell Group's Frist Amended Complaint suffers from procedural defects. In its haste to get to court with its claims, the Tarbell Group failed to follow this Court's Order (Dkt. No. 10) to serve additional documentation with the Summons and original Complaint. Dismissal is therefore warranted under Federal Rule of Civil Procedure 12(b)(4).

Fifth and lastly, the Tarbell Group has improperly joined the more than 30 unrelated defendants in this suit. Accordingly, even if the Court does not strike the First Amended Complaint or otherwise dismiss the entire action pursuant to any of the bases provided by Federal Rule of Civil Procedure 12, AAI is entitled to be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 21.

**BACKGROUND**

Since 2024, the Tarbell Group has filed several *qui tam* lawsuits across the country accusing over 350 nonprofit organizations of committing fraud in PPP loan filings – the fraud essentially being the defendants applied for PPP loans *early*, before the dates on which they became eligible, NOT that the defendants were never eligible for and would never have received PPP loans but for some purported fraudulent conduct. The First Amended Complaint adds four counts, only two of which include AAI (Counts 4-5), which allege fraud in the defendants' applications for PPP loan forgiveness. The defendants in the present action are all nonprofit organizations located in various communities around the state of Iowa who do not have any connection to each other or to the Tarbell Group, nor does the Tarbell Group allege any interrelatedness between the defendants.

Founded in 1993 following a merger between the Iowa Fertilizer and Chemical Association, Inc. and the Iowa Grain and Feed Association, Inc., AAI is the largest state agribusiness association in the United States and works to catalyze economic growth throughout Iowa agriculture. Iowa Sec'y of State, *Articles of Merger* (filed Sept. 13, 1993), Business Entity Records, https://sos.iowa.gov/search/business/search.aspx (last visited June 30, 2026) (attached hereto Exhibit 1); *see Shirley Med. Clinic, P.C. v. U.S.*, 446 F. Supp. 2d 1028, 1035 (S.D. Iowa 2006) ("It is well-established, however, that a district court may take judicial notice of public records, such as

4

documents filed with the Secretary of State and judicial rulings, and consider them on a motion to dismiss."), *aff'd*, 243 Fed. Appx. 191 (8th Cir. 2007). AAI is a nonprofit organization exempt from taxation pursuant to Section 501(c)(6) of the Internal Revenue Code, as clearly established by Article IV of its Articles of Merger and subsequent business filings. Iowa Sec'y of State, *Articles of Merger* (filed Sept. 13, 1993), Business Entity Records, https://sos.iowa.gov/search/business/search.aspx (last visited June 30, 2026) (Ex. 1); Iowa Sec'y of State, *Restated Articles* (filed Jan. 22, 2003), Business Entity Records, https://sos.iowa.gov/search/business/search.aspx (last visited July 2, 2026) (attached hereto as Exhibit 2). Further, the latest publicly available IRS Form 990 for AAI clearly shows AAI is a 501(c)(6) organization. *Nonprofit Explorer: Agribusiness Association of Iowa*, Propublica, https://projects.propublica.org/nonprofits/organizations/420894536 (last visited June 30, 2026) (attached hereto as Exhibit 3).

**ARGUMENT**

I.      **The Tarbell Group's First Amended Complaint fails to state a claim under the False Claims Act against AAI, because AAI is a 501(c)(6) nonprofit organization.**

   A.      **Legal Standard**

"Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim if a party fails 'to state a claim upon which relief can be granted.'" *Donnelly v. Des Moines Reg. & Trib. Co.*, No. 4:25-CV-00150-RGE-WPK, 2025 WL 4648229 *2 (S.D. Iowa Nov. 6, 2025). To survive a motion to dismiss on that ground, a plaintiff must demonstrate its complaint contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Plaintiffs must 'nudge their claims across the line from conceivable to plausible, else their complaint must be dismissed.'" *Id*. (citing *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 570 (2007)) (cleaned up). "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Id.* (internal citations omitted).

**B.      The Tarbell Group failed to plausibly plead AAI received a PPP loan before it was eligible to do so.**

In support of the claims asserted in the First Amended Complaint against AAI, the Tarbell Group alleges:

> Defendant Agribusiness Association of Iowa is an entity exempt from taxation under section 501(c)(5) of the Internal Revenue Code, 26 U.S.C. § 501(c)(5) ("Tax-Exempt 501(c)(5) Organization"). Dkt. No. 92, ¶ 4.

> The PPP Program excluded Tax-Exempt 501(c)(5) Organizations from eligibility until March 11, 2021. *Id.*, ¶ 45.

> Each institutional defendant, by and through the individual defendants who acted on its behalf, applied for and received one or more PPP Loans for which it was legally ineligible. *Id.*, ¶ 51.

> Some defendants, by and through the individual defendants who acted on their behalf, also applied for and received second PPP Loans for which they were ineligible as "fruit of the poisonous tree," because receipt of a first-draw loan was a prerequisite to receive a second-draw loan. *Id.*, ¶ 53.

> Defendants received approval for, and forgiveness of, their PPP Loans on the dates and in the amounts shown on the table attached hereto, despite being legally ineligible for the same. *Id.*, ¶ 54.

The Tarbell Group alleges AAI received its PPP loan prior to March 11, 2021, the date on which the Tarbell Group contends AAI first became eligible because AAI purportedly is a 501(c)(5) organization. The Tarbell Group does not provide any further factual allegations supporting its assertion that AAI is a 501(c)(5) organization.

To the contrary, as discussed above, the Court is permitted to take judicial notice of the fact that AAI is actually a nonprofit organization exempt from taxation under Section 501(c)(6) of the Internal Revenue Code, and always has been since its founding in 1993. Iowa Sec'y of State,

*Articles of Merger* (filed Sept. 13, 1993), Business Entity Records, https://sos.iowa.gov/search/business/search.aspx (last visited June 30, 2026); Iowa Sec'y of State, *Restated Articles* (filed Jan. 22, 2003), Business Entity Records, https://sos.iowa.gov/search/business/search.aspx (last visited July 2, 2026); *Shirley Med. Clinic,* 446 F. Supp. 2d at 1035. Further, "[b]usiness leagues, chambers of commerce, real-estate boards, boards of trade, or professional football leagues . . . not organized for profit and no part of the net earnings of which inures to the benefit of any private shareholder or individual" are exempt under Section 501(c)(6) of the Internal Revenue Code. 26 U.S.C. § 501(c)(6). This entity definition is consistent with the type of business AAI conducts. AAI received its first PPP loan on January 30, 2021, which is nearly a month after 501(c)(6) organizations became eligible to receive PPP loans on December 27, 2020. Dkt. No. 92, ¶ 46.

After serving AAI with this lawsuit in May 2026, counsel for The Tarbell Group provided the undersigned a copy of AAI's federal tax return for tax year 2020, which mistakenly states AAI was a 501(c)(5) organization, rather than a (c)(6) organization.[1] However, AAI discovered this mistake on its tax returns well before this lawsuit was filed and indicated on its subsequent tax returns it is a (c)(6) organization. *See, e.g.*, *Nonprofit Explorer: Agribusiness Association of Iowa*, Propublica, https://projects.propublica.org/nonprofits/organizations/420894536 (last visited June 30, 2026).

Combined with AAI's organizational documents noted above, it is clear the Tarbell Group has failed to state a claim upon which relief may be granted because, as the Tarbell Group has pled

---

[1] This further supports dismissal based on the public disclosure bar, i.e., The Tarbell Group is relying solely on publicly available documents rather than insider/nonpublic information.

in its First Amended Complaint, AAI's PPP loan application was approved on January 30, 2021, *after* 501(c)(6) organizations became eligible therefore on December 27, 2020. Dkt. No. 92, ¶ 46. As such, the Tarbell Group's claims against AAI must be dismissed with prejudice for failure to state a claim.

## II. The Tarbell Group's claims against AAI must be dismissed for insufficient process.

### A. Legal Standard

Federal Rule of Civil Procedure 12(b)(4) allows a defendant to raise the defense of insufficient process in a pre-Answer motion. "[C]hallenges to 'substantive deficiencies in the summons, complaint, or accompanying documentation'" are challenges for insufficient process under Fed. R. Civ. P. 12(b)(4). *Warehouse Invs., L.L.C. v. Affiliated Fm Ins. Co.*, No. 420CV00397JAJHCA, 2021 WL 2211691 *3 (S.D. Iowa Mar. 16, 2021) (quoting *Wyatt v. Kozlowski*, No. 19-CV-159W(F), 2021 WL 130978, at *7 (W.D.N.Y. Jan. 14, 2021)). On a motion to dismiss for insufficient process, it is the plaintiff's burden to demonstrate there was sufficient process, and courts may consider matters outside the pleadings. *Warehouse Investors*, 2021 WL 2211691 at *3. Dismissal without prejudice is a proper remedy for insufficient process. *See id*. at *4.

### B. The Tarbell Group failed to serve AAI with all the documents required by Judge Jackson's February 23, 2026, Order.

Following the federal government's decision not to intervene, Judge Jackson entered an Order on February 23, 2026, unsealing the docket and mandating the requirements of service on all defendants. Dkt. No. 10. Judge Jackson's Order states, "The Complaint (Dkt. 1) shall be served upon Defendants by the Plaintiff/Relator The Tarbell Group, LLC." *Id*. at ¶ 2. Judge Jackson's Order

also mandates the Tarbell Group serve "[a] copy of this Order and the Government's Notice of Election to Decline Intervention (Dkt. 9)" on all defendants. *Id*. at ¶ 3.

The Tarbell Group served AAI through its registered agent on May 15, 2026, just shy of the 90-day deadline after Judge Jackson's February 23 Order for service on all defendants. The service packet is attached hereto as <u>Exhibit 4</u>. The service packet contains a pre-Answer settlement demand, the Summons and the original Complaint, but does not contain a copy of Judge Jackson's February 23, 2026, Order or a copy of the Government's Notice of Election to Decline Intervention. Ex. 4.

The Tarbell Group could have remedied its deficient process at any point before May 24, 2026—90 days from the date of Judge Jackson's Order unsealing the record and requiring service on defendants—but it did not. See Fed. R. Civ. P. 4(m). It now is too late for the Tarbell Group to remedy the deficient process by re-service. As such, dismissal without prejudice is the appropriate remedy. *See* Fed. R. Civ. P. 4(m); *Warehouse Investors*, 2021 WL 2211691 at *4.

**III.  AAI should be dismissed as a defendant because the Tarbell Group misjoined AAI with more than 30 unrelated defendants.**

**A.  Legal Standard**

Defendants may be joined in one action if: (1) any right to relief is asserted against them jointly and severally, or in the alternative with respect to or arising out of the same transaction, occurrence or series of transactions or occurrences; and (2) any question of law or fact common to all defendants will arise in the action. Fed. R. Civ. P. 20(2). A transactional link is a key requisite for permissive joinder of multiple defendants; even if a plaintiff alleges all defendants violated the same statute, without a transactional link between the defendants, joinder is not proper. *See DIRECTV v. Loussaert*, 218 F.R.D. 639, 642–43 (S.D. Iowa 2003).

Under Federal Rule of Civil Procedure 21, a court may on motion or *sua sponte* drop parties following discovery of misjoinder. Alternatively, a court can choose to sever claims. Fed. R. Civ. P. 21.

**B.      AAI should not have been joined in this action with the other named defendants.**

None of the 37 original defendants in this action, or the more than 30 remaining defendants in the First Amended Complaint, have any connection to one another. The Tarbell Group does not allege the defendants acted in a concerted way, conspired with one another, or knew of any of the others' actions at any point in time before, during, or after the alleged acts of fraud asserted in the Complaint and First Amended Complaint. There is no link between the defendants in this suit at all, let alone a transactional link needed to satisfy the permissive joinder requirements of Fed. R. Civ. P. 20(2). Each alleged act of fraud the Tarbell Group asserts is a separate and independent act allegedly done by wholly independent actors. As such, joinder of the named defendants in this action is improper. *See DIRECTV,* 218 F.R.D. at 642–43.

One district court has already *sua sponte* dismissed a large number of defendants from an identical case The Tarbell Group filed in the Eastern District of Virginia against 64 unrelated defendants. Order at 2–3, *United States of America ex rel. The Tarbell Group, LLC v. AM. Academy of Facial Plastic and Reconstructive Surgery, et al.*, No. 1:24-cv-1245 (E.D. Va. July 15, 2025), ECF No. 12 (attached hereto as Exhibit 5). There, as here, the 64 named defendants had no relation to one another and the court found they should not have been joined in a single action. *Id*. at 2. The court further instructed the Tarbell Group that if it chooses to re-file against any of the dismissed defendants, it is not permitted to join unrelated defendants in a single action. *Id*. at 3.

Accordingly, AAI requests this Court find AAI should not have been joined with all these unrelated defendants and, as Judge Brinkema did in the Eastern District of Virginia, follow Rule 21's mandate and drop, i.e., dismiss without prejudice, AAI from this action.

<u>**CONCLUSION**</u>

The Tarbell Group's First Amended Complaint contains significant substantive and procedural defects. Filed as a transparent money grab against local non-profits (and nationwide in its numerous other lawsuits), the Tarbell Group's First Amended Complaint fails to plead fraud with proper particularity, is foreclosed by the public disclosure bar, fails to state a claim against AAI as a 501(c)(6) organization, was improperly served and misjoins more than 30 unrelated parties. If the First Amended Complaint is not stricken for being filed beyond the 21-day deadline for amending a complaint without leave of court, all claims against AAI should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, dismissed without prejudice pursuant to Federal Rules of Civil Procedure 12(b)(4), 20 and 21.

Dated: July 23, 2026

Respectfully submitted,

*/s/ Michael A. Dee*
Michael A. Dee, AT0002043
Austin D. Michel, AT0016212
BROWN, WINICK, GRAVES, GROSS AND
BASKERVILLE, P.L.C.
666 Grand Avenue, Suite 2000
Des Moines, Iowa 50309-2510
Telephone: 515-242-2400
Facsimile: 515-283-0231
Email: michael.dee@brownwinick.com
Email: austin.michel@brownwinick.com

ATTORNEYS FOR DEFENDANT,
AGRIBUSINESS ASSOCIATION OF IOWA

## <u>CERTIFICATE OF SERVICE</u>

I certify that on July 23, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will serve all counsel of record.

*/s/ Helen Mollenbeck*
Helen Mollenbeck, Legal Assistant