**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF IOWA**

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel.,<br><br>THE TARBELL GROUP, LLC,<br><br>Plaintiff,<br><br>vs. | Case No. 4:25-cv-119-SMR-SBJ |
| ADAMS COMMUNITY ECONOMIC DEVELOPMENT CORPORATION; AGRIBUSINESS ASSOCIATION OF IOWA; AMES GOLF AND COUNTRY CLUB; APPANOOSE COUNTRY CLUB; ASPEN GROVE CEMENTARY ASSOCIATION; ALANTIC GOLF & COUNTRY CLUB; AUDUBON GOLF AND COUNTRY CLUB; BLOOMFIELD COUNTRY CLUB; BROTHERHOOD OF LOCOMOTIVE ENGINEERS GENE; CENTERVILLE CHAMBER OF COMMERCE; COLUMBUS CLUB INC.; CRESTMOOR GOLF CLUB INC.; THE DES MOINES EMBASSY CLUB; FRATERNAL ORDER OF EAGLES AERIE 3876; GENEVA GOLF & CONTRY CLUB; HAPPY HOLLOW COUNTRY CLUB; INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL; IOWA TURKEY FEDERATION INC.; KYC INC.; KALONA AREA CHAMBER OF COMMERCE; LAKEVIEW GOLD & COUNTRY CLUB; LAKEVIEW COUNTRY CLUB OF MADION COUNTY IOWA INC.; LOGAN MISSOURI VALLEY COUNTRY CLUB; MECHANICAL CONTRACTORS ASSOCIATION OF IOWA INC.; MUSCATINE COUNTY FAIR; MUSCATINE MUTUAL INSURANCE | **DEFNDANT APPANOOSE COUNTRY CLUB'S BRIEF IN SUPPORT OF MOTION TO DISMISS** |

| | |
|---|---|
| ASSOCIATION; OAKDALE MEMORIAL GARENCS INC; THE OUTING CLUB,<br><br>Defendants. | |

COMES NOW Defendant, Appanoose Country Club ("ACC"), by and through undersigned counsel, and respectfully submits this brief in support of its motion to dismiss pursuant to the Federal Rules of Civil Procedure 12(b)(6).

**INTRODUCTION**

Tarbell's First Amended Complaint should be dismissed because it does not plead a viable False Claims Act ("FCA") claim against ACC. The pleading groups ACC with numerous unrelated organizations and then assumes, without factual support, that each defendant knowingly made a false or fraudulent PPP-related statement. That is not enough under Rule 12(b)(6), and it is far short of what Rule 9(b) requires for a fraud-based claim.

ACC does not dispute that many of the arguments raised by the defendants who filed Dkt. Nos. 70 and 70-1 apply with equal force here. ACC therefore joins and incorporates those arguments and authorities. But ACC submits this brief separately to present the issues in a manner tailored to its own position: Tarbell pleads no Appanoose-specific facts showing knowledge of falsity, no particular false statement by any identified Appanoose representative, no non-public source of its allegations, and no material misrepresentation capable of supporting FCA liability.

The FCA is not "an all-purpose antifraud statute." *Universal Health Servs., Inc. v. United States*, 579 U.S. 176, 194 (2016). It imposes liability only where the statutory

elements are plausibly and particularly pleaded. Tarbell has not done that. The First Amended Complaint should be dismissed with prejudice.

Defendant notes that Plaintiff amended its complaint without leave of Court or consent and it is therefore an open question whether it is viable. Nonetheless, and in order to preserve its rights, ACC files this motion.

**BACKGROUND**

Tarbell is a Virginia limited liability company that has filed multiple qui tam lawsuits against nonprofit organizations across the country. The claims in those cases generally, arise from PPP loan materials and are directed at organizations that, like ACC, obtained pandemic-related financial assistance.

The allegations here follow that same model. Tarbell alleges that ACC and other Iowa organizations violated the FCA by making purportedly false representations in connection with PPP applications or forgiveness submissions. But as to ACC, Tarbell does not identify who allegedly made a false statement, what the precise statement was, why the speaker knew it was false when made, or how Tarbell learned of the alleged fraud.

The Complaint and First Amended Complaint instead rely on information available from public sources, including SBA PPP loan data, tax-exempt organization databases, public Form 990 information, and public materials concerning PPP eligibility. Those sources may show that Tarbell searched public records, but they do not supply the missing elements of an FCA claim.

ACC's PPP materials were prepared with the assistance of its tax preparer and banker. The SBA approved the applications and loan forgiveness. ACC denies that it submitted false information or engaged in fraudulent conduct. (see Declaration of Justin Zaputil attached hereto as Exhibit A).

**RULE 12(b)(6) STANDARD**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal where a complaint fails to state a claim upon which relief can be granted. To survive such a motion, a complaint must contain enough factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading that offers only "labels and conclusions" or a "formulaic recitation of the elements" does not satisfy that standard. *Id.*

The Eighth Circuit applies that same plausibility requirement in FCA cases. See *United States ex rel. Thayer v. Planned Parenthood of the Heartland*, 765 F.3d 914, 920 (8th Cir. 2014). Because FCA claims sound in fraud, they also must satisfy Federal Rule of Civil Procedure 9(b). *Thayer v. Planned Parenthood of the Heartland, Inc.*, 11 F.4th 934, 939 (8th Cir. 2021). Rule 9(b) requires the relator to plead the circumstances of the alleged fraud with particularity, including the time, place, content, speaker, and means by which the alleged false claim was made. *United States ex rel. Holt v. Medicare Medicaid Advisors, Inc.,* 115 F.4th 908, 916 (8th Cir. 2024).

Those standards matter here. Tarbell's pleadings do not provide Appanoose-specific facts that support a plausible or particularized inference of fraud. They allege a legal

conclusion and then ask the Court to infer knowledge and falsity from public records. The Rules require more.

**AGRUMENT**

**I. Tarbell Fails to Plausibly Plead That ACC Acted Knowingly.**

An FCA claim requires the relator to plead that: "(1) the defendant made a claim against the United States; (2) the claim was false or fraudulent; and (3) the defendant knew the claim was false or fraudulent." *Thayer v. Planned Parenthood of the Heartland, Inc.*, 11 F.4th 934, 938 (8th Cir. 2021) (quoting *In re Baycol Prods. Litig.*, 732 F.3d 869, 875 (8th Cir. 2013)).

The knowledge element is the FCA's scienter requirement. *United States ex rel. Schutte v. SuperValu Inc.*, 598 U.S. 739, 749 (2023). The statute defines "knowing" and "knowingly" to require actual knowledge, deliberate ignorance, or reckless disregard. 31 U.S.C. § 3729(b)(1). The required intent is not negligence or mistake; rather, "the claim must be a lie." *Hindo v. Univ. of Health Scis.*, 65 F.3d 608, 613 (7th Cir. 1995) (internal quotation and citations omitted), cited in *United States ex rel. Quirk v. Madonna Towers, Inc.*, 278 F.3d 765, 767 (8th Cir. 2002).

Tarbell's pleading fails at this element. The First Amended Complaint does not allege facts showing that anyone at ACC knew any PPP statement was false when made. Nor does it plead facts showing deliberate ignorance or reckless disregard. It simply asserts, in group fashion, that defendants acted knowingly. That type of allegation is precisely what *Iqbal* and *Twombly* reject.

Eighth Circuit authority is particularly clear on this point. In *United States ex rel. Ambrosecchia v. Paddock Laboratories, LLC*, the court affirmed dismissal where the complaint offered "no more than the simple, conclusory allegation that defendants' actions were knowing." 855 F.3d 949, 955 (8th Cir. 2017). The court held that a "formulaic recitation of the elements" was insufficient. *Id.* (quoting *Iqbal*, 556 U.S. at 678). Likewise, in *United States ex rel. Strubbe v. Crawford County Memorial Hospital*, the Eighth Circuit affirmed dismissal where the complaint failed to plead a plausible factual basis for the defendant's knowledge. 915 F.3d 1158, 1167–68 (8th Cir. 2019).

The same defect exists here. Tarbell alleges no facts showing that ACC knew it was ineligible for PPP relief, knew that any representation was false, or intended to mislead the government. To the contrary, Plaintiff cannot plead it because it would be factually untrue. The ACC's PPP materials were prepared with the assistance of its tax preparer and banker, and the SBA approved both the applications and forgiveness. (See attached Affidavit) Those circumstances are inconsistent with the unsupported inference that ACC knowingly lied to the government.

Because Tarbell has not plausibly pleaded scienter, its FCA claims against ACC should be dismissed under Rule 12(b)(6).

**II. Tarbell Does Not Plead Fraud with the Particularity Required by Rule 9(b)**

The First Amended Complaint also fails because it does not plead the alleged fraud with particularity. "Because the FCA is an anti-fraud statute, complaints alleging violations of the FCA must comply with Rule 9(b)." *Thayer*, 11 F.4th at 939 (quoting *United States ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 556 (8th Cir. 2006)).

Under Rule 9(b), an FCA complaint "must plead such facts as the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result." *Holt*, 115 F.4th at 916. Dismissal is appropriate when the complaint does not meet that standard. *Id.* at 916–17; *Olson v. Fairview Health Servs. of Minn.*, 831 F.3d 1063, 1072 (8th Cir. 2016); *United States ex rel. Dunn v. N. Mem'l Health Care*, 739 F.3d 417, 418 (8th Cir. 2014).

Tarbell's pleadings do not identify the alleged false statement made by ACC, the person who made it, the date or setting in which it was made, or how Tarbell came to know that the statement was false. The pleadings instead move from public-record information to the conclusion that fraud occurred. Rule 9(b) does not allow that shortcut.

The Eighth Circuit's decision in *Joshi* is instructive. There, the relator alleged that "all the nurse anesthetists' work was illegal" and that "every invoice [] was fraudulent," but failed to identify who was involved in the fraud or how the relator learned of it. *Joshi*, 441 F.3d at 556–57. The Eighth Circuit affirmed dismissal because those generalized assertions did not satisfy Rule 9(b). The same reasoning applies here. Tarbell's generalized allegations against a group of defendants do not plead a particular fraud by ACC.

Recent FCA authority confirms that a relator cannot proceed on allegations of PPP fraud without pleading the required particulars. See *United States ex rel. Lesko v. Minn. Orchestral Ass'n*, No. 23-3216, 2025 WL 1953120, at *2 (D. Minn. July 16, 2025) (dismissing FCA claim against nonprofit accused of PPP fraud for failure to satisfy Rule 9(b)). Tarbell's

allegations against ACC are no more particularized. The claims should therefore be dismissed.

**III. The Public Disclosure Bar Independently Requires Dismissal**

The FCA's public disclosure bar provides an independent basis for dismissal. The statute requires dismissal of a qui tam action if "substantially the same allegations or transactions as alleged in the action or claim were publicly disclosed" in qualifying sources unless the relator is an original source. 31 U.S.C. § 3730(e)(4)(A). The Eighth Circuit explains that dismissal is required when "(1) the defendant has shown public disclosure under § 3730(e)(4)(A), and (2) the relator does not fit § 3730(e)(4)(B)'s definition of 'original source.'" *United States v. CSL Behring, L.L.C.*, 855 F.3d 935, 941 (8th Cir. 2017) (quoting *United States ex rel. Paulos v. Stryker Corp.*, 762 F.3d 688, 692 (8th Cir. 2014)). Whether the bar applies is a legal question that may be resolved on a motion to dismiss. *Id.* at 939; *Ambrosecchia*, 855 F.3d at 953.

The public disclosure bar exists to prevent "opportunistic" FCA suits that merely repackage information already in the public domain. *CSL Behring*, 855 F.3d at 941. That is what Tarbell's pleadings do here. The allegations are built from public PPP loan data, public tax-exempt information, public Form 990 materials, public corporate and nonprofit records, and public information concerning PPP eligibility.

***A. Tarbell's Allegations Rely on Publicly Disclosed Information***

The facts Tarbell relies upon were publicly available before this action was filed. SBA PPP loan data is publicly available and includes information concerning loan recipients, loan amounts, approval dates, forgiveness information, and business type. Public tax-

exempt information is available through the IRS Tax Exempt Organization Search, public Form 990 materials, ProPublica's Nonprofit Explorer, Cause IQ, and the Iowa Secretary of State's business records. Information concerning PPP eligibility for different categories of nonprofit organizations derives from public acts of Congress and related public reporting, including the Consolidated Appropriations Act, 2021, Pub. L. No. 116-260, § 318, 134 Stat. 2013 (Dec. 27, 2020), and the American Rescue Plan Act of 2021, Pub. L. No. 117-2, § 5001, 135 Stat. 82 (March 11, 2021).

Those are qualifying public sources. Courts may take judicial notice of government websites and public records. See Fed. R. Evid. 201; *Missourians for Fiscal Accountability v. Klahr*, 830 F.3d 789, 793 (8th Cir. 2016) (citing *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 648 (7th Cir. 2011)). The Supreme Court has also held that an agency's written response to a FOIA request qualifies as a "report" for purposes of the FCA public disclosure bar. *Schindler Elevator Corp. v. United States ex rel. Kirk*, 563 U.S. 401, 410 (2011).

The Eighth Circuit applies the public disclosure bar broadly. In *United States ex rel. Kraxberger v. Kansas City Power & Light Co.*, 756 F.3d 1075, 1079 (8th Cir. 2014), the court affirmed dismissal where the relator's claim was based on allegations disclosed through the news media and a FOIA response. The court emphasized the "broad sweep" of public disclosure sources. *Id.* (discussing *Graham Cnty. Soil & Water Conservation Dist. v. United States ex rel. Wilson*, 559 U.S. 280, 290 (2010)). The Eighth Circuit likewise upheld dismissal where the substantially same allegations had been publicly disclosed. *Stryker Corp.*, 762 F.3d at 693.

The same result is warranted here. Tarbell's pleadings do not reveal independent, non-public information about ACC. They assemble public facts and then characterize those facts as fraud. The public disclosure bar forecloses that approach.

***B. Tarbell Has Not Pleaded That It Is an Original Source***

Because Tarbell's allegations are based on publicly available information, Tarbell must plead facts showing that it qualifies as an "original source." 31 U.S.C. § 3730(e)(4)(B). An original source is a person who either voluntarily disclosed the information to the government before the public disclosure or has knowledge that is independent of and materially adds to the publicly disclosed allegations or transactions and voluntarily provided that information to the government. *Ambrosecchia,* 855 F.3d at 954; 31 U.S.C. § 3730(e)(4)(B).

Tarbell does not plead facts satisfying either route. The First Amended Complaint does not allege that Tarbell voluntarily disclosed relevant information to the government before filing suit. It also does not identify any independent knowledge that materially adds to the public information on which its allegations rest.

*Ambrosecchia* controls. There, the Eighth Circuit affirmed dismissal because the relator failed to plead facts establishing original-source status and did not "detail the nature of that information or explain how it relates to her employment." *Ambrosecchia,* 855 F.3d at 954–55. Tarbell alleges even less here. It does not explain how it obtained any Appanoose-specific information beyond public sources, and it does not identify any non-public information that materially adds to those sources.

For this reason, as well, the claims against ACC should be dismissed.

**IV. Tarbell Has Not Pleaded a Material Misrepresentation**

Even apart from the pleading and public-disclosure defects, Tarbell's claim fails because it does not plausibly allege a material misrepresentation. The FCA's materiality requirement is "demanding." *Universal Health Servs., Inc. v. United States*, 579 U.S. 176, 192 (2016). The statute is not designed to impose liability for every alleged regulatory misstep or technical disagreement. *Id.* at 194.

Materiality is especially lacking where the government pays or approves a claim despite knowledge of the relevant facts. As the Supreme Court explained, "[i]f the Government pays a particular claim in full despite its actual knowledge that certain requirements were violated, that is very strong evidence that those requirements are not material." *Id.* at 195. The Fifth Circuit has similarly recognized that continued government payment may be "very strong evidence" of immateriality. *United States ex rel. Harman v. Trinity Industries*, 872 F.3d 645, 665 (5th Cir. 2017).

Here, the government approved ACC's PPP materials and forgave the loan. Tarbell's own theory depends on information that was publicly available and accessible to the government. If the government approved and forgave the PPP loan with access to the relevant tax-exempt and loan information, Tarbell cannot plausibly plead that the alleged eligibility issue was material to the government's payment decision.

This is not a case where the relator alleges hidden facts known only to the defendant. Tarbell's theory is built on public records. That makes its materiality allegations even weaker. A relator cannot convert publicly available eligibility information into an FCA

claim merely by asserting, after the fact, that the government should have reached a different conclusion.

**V. Congress Confirmed Eligibility for Additional Covered Nonprofit Entities During the Covered Period**

Tarbell's theory also fails because Congress expanded PPP eligibility through the American Rescue Plan Act of 2021. That Act amended 15 U.S.C. § 636(a)(36) to include "additional covered nonprofit entit[ies]," including certain 501(c)(7) organizations, for PPP "covered loans" during the statutory "covered period." See American Rescue Plan Act of 2021, Pub. L. No. 117-2, § 5001, 135 Stat. 82 (March 11, 2021); 15 U.S.C. § 636(a)(36)(A).

The statutory language matters. By using the PPP statute's defined terms, Congress addressed eligibility within the covered loan framework rather than creating a fraud remedy against entities whose PPP materials the SBA had approved. Tarbell's pleading does not plausibly allege that ACC knowingly lied to the government in light of Congress's subsequent confirmation that additional nonprofit entities were eligible within the PPP program.

ACC received notice of PPP forgiveness payment dated April 7, 2020, had an application form dated January 13, 2021, submitted a loan forgiveness application form dated June 7, 2021, and received notice of PPP forgiveness dated June 22, 2021. Those materials show SBA approval and forgiveness. They do not support an inference of fraud.

**VI. ACC's Circumstances Further Undermine Any Inference of Fraud**

The First Amended Complaint also fails to account for ACC's actual circumstances. Although ACC was characterized as a 501(c)(7) entity, its restaurant and dining operations were open to the public and not limited to private club use. Golf activities were also open to the public for players who were not residents of ACC. The PPP funds were used almost exclusively to support salaries and maintenance associated with the restaurant and dining facilities.

Those facts do not fit Tarbell's conclusory theory that ACC knowingly defrauded the government. At most, Tarbell identifies a technical eligibility theory based on public records. It does not plead facts showing that ACC acted with actual knowledge, deliberate ignorance, or reckless disregard. It does not plead a particular false statement. It does not plead an original source of information. And it does not plead materiality under the demanding FCA standard.

**CONCLUSION**

Tarbell's First Amended Complaint does not state a claim against ACC. It relies on generalized allegations, public-record information, and conclusory assertions of knowledge. It does not plead Appanoose-specific facts showing scienter, does not satisfy Rule 9(b), does not overcome the public disclosure bar, and does not plausibly allege materiality.

ACC joins and incorporates the arguments, authorities, and legal grounds set forth in Dkt. Nos. 70 and 70-1 to the extent applicable. For the independent reasons stated above, ACC respectfully requests that the Court grant its Motion to Dismiss and dismiss Tarbell's

Complaint and First Amended Complaint against ACC with prejudice. ACC further requests an award of attorney fees and such other relief as the Court deems just and proper.

Respectfully Submitted,

CARNEY & APPLEBY, P.L.C.

Michael J. Carroll (AT0001311)
303 Locust Street, Suite 400
Des Moines IA 50309-1770
Telephone: 515/282-6803
Facsimile: 515/282-4700
E-mail: mike@carneyappleby.com
ATTORNEY FOR DEFENDANT

/s/ James W. Carney
James W. Carney (AT0001327)
303 Locust Street, Suite 400
Des Moines IA 50309-1770
Telephone: 515/282-6803
Facsimile: 515/282-4700
E-mail: carney@carneyappleby.com
ATTORNEY FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I hereby certify that on July 24, 2026, the foregoing instrument was served upon the parties to this action by serving a copy upon each of the attorneys of record.

Carney & Appleby Law Firm
By: /s/Michael Carroll
400 Homestead Building
303 Locust Street
Des Moines, IA 50309
515-282-6803
515-282-4700 (fax)

Carney & Appleby Law Firm
By: /s/James W. Carney
400 Homestead Building
303 Locust Street
Des Moines, IA 50309
515-282-6803
515-282-4700 (fax)

ATTORNEY FOR DEFENDANT ATTORNEY FOR DEFENDANT