**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| THE TARBELL GROUP, LLC,<br><br>Plaintiff,<br>v.<br><br>ADAMS COMMUNITY ECONOMIC DEVELOPMENT CORPORATION, et al.,<br><br>Defendants. | * * * * * * * * * * | CIVIL NO. 4:25-cv-00119-RGE-SBJ<br><br><br><br><br>**ORDER** |

This lawsuit was brought under the False Claims Act alleging several nonprofit organizations engaged in fraud in the process of obtaining Paycheck Protection Program loans during the COVID-19 pandemic. Plaintiff The Tarbell Group, LLC, recently filed a First Amended Complaint (Dkt. 92) without seeking leave of court. This resulted in a flurry of filings from the numerous defendants.

Some defendants filed motions to strike the First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(f) because it was filed outside the time permitted by Federal Rule of Civil Procedure 15(a)(1) for amending a pleading as a matter of course. Dkt. 102, 104. Those motions also raised, in the alternative, various other grounds for dismissal of the First Amended Complaint including under Federal Rules of Civil Procedure 9(b) and 12(b). *Id.* Other defendants filed motions to dismiss the First Amended Complaint under Rules 9(b) and 12(b) and joined in the motions to strike. Dkt. 108, 109, 110. Other defendants filed notices of joinders with those motions. Dkt. 107, 111, 112, 114. Another defendant requested and was granted an extension to file an answer or other responsive pleading due to those motions. Dkt. 117.

Subsequently, plaintiff filed a Motion to Amend Complaint (Dkt. 118) explaining it "miscalculated the date under which it could file an amended pleading as a matter of course" under

Rule 15(a)(1). *Id.* ¶ 1. Plaintiff now moves pursuant to Rule 15(a)(2) "to amend the Complaint as set forth in the previously filed First Amended Complaint." *Id.* ¶ 2. Plaintiff contends "[n]o defendant will be unfairly prejudiced by the proposed amendment" because it "will permit the Court to fully consider Plaintiff's allegations in resolution of the pending motions to dismiss." *Id.* ¶ 4. Defendants resist the motion referring to the matters raised within their own motions to strike and dismiss. Dkt. 119, 120, 121, 122, 123, 124, 125.

Upon the Court's consideration, pursuant to Federal Rule of Civil Procedure 15(a)(2), plaintiff is granted leave to amend its complaint. As explicitly provided within the Rule, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). As instructed by the United States Supreme Court, the mandate of Rule 15(a)(2) "is to be heeded":

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). Similarly, the Eighth Circuit has instructed that leave to amend pleadings in general "'should be freely given to promote justice.'" *Midwest Med. Sols., LLC v. Exactech U.S., Inc.*, 95 F.4th 604, 607 (8th Cir. 2024) (quoted citation omitted). Accordingly, "[g]iven the courts' liberal viewpoint towards leave to amend, it should normally be granted absent good reason for a denial." *Popp Telcom v. American Sharecom, Inc.*, 210 F.3d 928, 943 (8th Cir. 2000) (referring to *Foman* for "classic" good reasons to deny leave); *see also In re Target Corp. Sec. Litig.*, 955 F.3d 738, 744 (8th Cir. 2020) ("'A court abuses its discretion when it denies a motion to amend a complaint unless there exists undue delay, bad faith, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment.'") (quoted citation omitted).

But a party does "'not have an absolute or automatic right to amend.'" *Axline v. 3M Co.*, 8

F.4th 667, 676 (8th Cir. 2021) (quoted citation omitted); s*ee also Doe v. Cassel*, 403 F.3d 986, 990 (8th Cir. 2005) ("there is no absolute right to amend"); *Thompson–El v. Jones,* 876 F.2d 66, 67 (8th Cir. 1989) ("The policy favoring liberal allowance of amendment does not mean that the right to amend is absolute."). A court may deny "a motion for leave to amend when there are 'compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment.'" *Anderson v. Bank of the West*, 23 F.4th 1056, 1060 (8th Cir. 2022) (quoted citation omitted); *see also, e.g., Kozlov v. Associated Wholesale Grocers, Inc.*, 818 F.3d 380, 395 (8th Cir. 2016); *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008).

As with all rules of procedure, Rule 15(a)(2) "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Doing so here, under the particular circumstances of this litigation, the interest of justice supports granting plaintiff leave to amend the complaint. The record before this Court does not establish plaintiff acted with undue delay or in bad faith or with a dilatory motive in seeking to amend the complaint, especially at this early procedural stage of the case. Notably, a scheduling order and discovery plan has yet to be entered. Nor has a deadline for amending pleadings been established. Allowing plaintiff to amend the complaint at this posture of the case will not unfairly or unduly prejudice defendants.

As a result, defendants' motions and joinders to strike the First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(f) are rendered moot. And even so, the Court does not view the initial filing without leave warrants such relief under the circumstances. Under Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). According to the Eighth Circuit, the "court enjoys liberal discretion under Rule 12(f)." *Nationwide Ins. Co. v. Cent. Missouri Elec. Co-*

*op., Inc.*, 278 F.3d 742, 748 (8th Cir. 2001). But "striking a party's pleadings is an extreme measure, and, as a result, . . . '[m]otions to strike under Fed. R. Civ. P. 12(f) are viewed with disfavor and are infrequently granted.'" *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000) (quoting *Lunsford v. United States,* 570 F.2d 221, 229 (8th Cir. 1977) (citing 5 Wright & Miller, *Federal Practice and Procedure: Civil § 1380* at 783 (1969))); *see also*, *e.g.*, *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007) ("Striking a party's pleading . . . is an extreme and disfavored measure."); *Summers Mfg. Co., Inc. v. Tri-Cnty. AG, LLC*, 300 F.Supp.3d 1025, 1044 (S.D. Iowa 2017) (quoting *Lunsford*, 570 F.2d at 229). Accordingly, defendants' motions and joinders to strike the First Amended Complaint based on Rule 12(f) are denied.

As noted, various other alternative grounds are raised within defendants' motions and joinders for dismissal of the First Amended Complaint including under Rule 12(b). In that regard, the "'denial of leave to amend a complaint may be justified if the amendment would be futile.'" *Hillesheim v. Myron's Cards & Gifts, Inc.*, 897 F.3d 953, 955 (8th Cir. 2018) (quoting *Geier v. Missouri Ethics Comm'n*, 715 F.3d 674, 678 (8th Cir. 2013). And as repeatedly noted by the Eighth Circuit, when leave to amend is denied on the basis of futility, "'it means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6).'" *Doe v. Dardanelle Sch. Dist.*, 928 F.3d 722, 727 (8th Cir. 2019) (quoting *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010) (internal quotation marks omitted)); *see also*, *e.g.*, *Hillesheim*, 897 F.3d at 955; *Moody v. Vozel*, 771 F.3d 1093, 1095-56 (8th Cir. 2014) (quoting *Zutz*); *J-McDaniel Const. Co., Inc. v. Mid-Continent Cas. Co.*, 761 F.3d 916, 919 (8th Cir. 2014) (same); *Hintz v. JPMorgan Chase Bank*, 686 F.3d 505, 511 (8th Cir. 2012) (quoting *Cornelia I. Crowell GST Trust v. Possis Med., Inc.*, 519 F.3d 778, 781-82 (8th Cir. 2008)).

But such dispositive issues as raised by defendants in their motions and joinders are beyond

the scope of this Magistrate Judge's authority and, instead, are for consideration and disposition by the United States District Judge assigned to this case. *See* L.R. 72. Consequently, the interests of justice and judicial efficiency will be better served by procedurally allowing the filing of the First Amended Complaint to which defendants may reassert their dispositive challenges for consideration by the District Judge. The Court acknowledges the time and effort required by defendants to reassert those matters in new filings but does not believe defendants will be unduly burdened or prejudiced in doing so. Untangling the currently intertwined issues as presented in the multiple motions and joinders will ultimately benefit all parties and the District Judge.

For those reasons, and as a procedural matter only under Federal Rule of Civil Procedure 15(a)(2), plaintiff's Motion to Amend Complaint (Dkt. 118) is granted. The First Amended Complaint (Dkt. 92) will stand as the operative complaint. Defendants' motions and joinders (Dkt. 102, 104, 107, 108, 109, 110, 111, 112, 114) are denied as to the requests to procedurally strike the First Amended Complaint and denied without prejudice, administratively, as to the other grounds seeking dismissal. Defendants may reassert such issues in a responsive pleading to the First Amended Complaint and have until September 9, 2026, to do so or file an answer.

IT IS SO ORDERED.

Dated August 19, 2026.

Stephen B. Jackson, Jr.
Chief U.S. Magistrate Judge