**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. THE TARBELL GROUP, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ADAMS COMMUNITY ECONOMIC DEVELOPMENT CORPORATION; AGRIBUSINESS ASSOCIATION OF IOWA; AMES GOLF AND COUNTRY CLUB; APPANOOSE COUNTRY CLUB; ASPEN GROVE CEMETERY ASSOCIATION; ATLANTIC GOLF & COUNTRY CLUB; AUDUBON GOLF AND COUNTRY CLUB; BLOOMFIELD COUNTRY CLUB; BROTHERHOOD OF LOCOMOTIVE ENGINEERS GENE; CENTERVILLE CHAMBER OF COMMERCE; COLUMBUS CLUB INC.; CRESTMOOR GOLF CLUB INC.; THE DES MOINES EMBASSY CLUB; FRATERNAL ORDER OF EAGLES – AERIE 3876; GENEVA GOLF & COUNTRY CLUB; GREEN ACRES CLUB; HAPPY HOLLOW COUNTRY CLUB; IOWA TURKEY FEDERATION INC.; KYC INC.; KALONA AREA CHAMBER OF COMMERCE; LAKEVIEW GOLF & COUNTRY CLUB; LAKESHORE GOLF & COUNTRY CLUB; LOGAN MISSOURI VALLEY COUNTRY CLUB; MECHANICAL CONTRACTORS ASSOCIATION OF IOWA INC.; MUSCATINE COUNTY FAIR; OAKDALE MEMORIAL GARDENS INC.; THE OUTING CLUB; PINE KNOLLS COMPANY d/b/a PINE KNOLLS GOLF CLUB; THE RED OAK COUNTRY CLUB; SIGMA LAMBDA BETA FRATERNITY; TREYNOR RECREATION AREA; | Case No. 4:25-cv-119-RGE-SBJ<br><br>**MOTION TO DISMISS FIRST AMENDED COMPLAINT** |

| | |
|---|---|
| URBANDALE GOLF AND COUNTRY CLUB; WASHINGTON GOLF & COUNTRY CLUB; and WEST LIBERTY GOLF AND COUNTRY CLUB,<br><br>Defendants. | |

Defendants Adams Community Economic Development Corporation, Ames Golf and Country Club, Aspen Grove Cemetery, Atlantic Golf & Country Club, Audubon Golf and Country Club, Bloomfield Country Club, Brotherhood of Locomotive Engineers Gene, Crestmoor Golf Club Inc., Kalona Area Chamber of Commerce, KYC Inc., Lakeshore Golf and Country Club, Logan Missouri Valley Country Club, and Pine Knolls Company d/b/a Pine Knolls Golf Club (collectively, the "W&L Defendants"), hereby move this Court to dismiss the First Amended Complaint. In support, the W&L Defendants state:

1. Virginia-based The Tarbell Group, LLC ("Tarbell") is a serial filer of False Claims Act ("FCA") lawsuits against nonprofit organizations throughout the country. This lawsuit is more of the same, as Tarbell accuses dozens of Iowa nonprofits of violating the FCA based on purported false representations made in Paycheck Protection Program materials.

2. On June 25, 2026, the W&L Defendants previously filed a motion to dismiss Tarbell's original complaint based on Fed. R. Civ. P. 12(b)(6). Dkt. No. 70. Other defendants either joined W&L Defendants' motion or filed their own motion to dismiss.

3. On July 9, 2026, Tarbell filed a First Amended Complaint without requesting leave from the Court. Dkt. No. 92.

4. On August 19, 2026, after a series of motions to strike and motions to dismiss, Magistrate Judge Jackson entered an order that declared the First Amended Complaint as the

operative complaint and "denied without prejudice, administratively, as to the other grounds seeking dismissal." Dkt. No. 126 at 5.

5. Pursuant to Fed. R. Civ. P. 12(b)(6), the W&L Defendants move to dismiss the First Amended Complaint for failure to state a claim for three reasons:

a. *First*, Tarbell's First Amended Complaint should be dismissed because it does not plead sufficient facts to state a plausible claim to relief. Specifically, Tarbell fails to plead a plausible basis to infer that each of the W&L Defendants knew that they submitted a false or fraudulent claim. Tarbell's "formulaic recitation" of the elements is not enough.

b. *Second*, the First Amended Complaint should be dismissed because it does not meet the heightened particularity standard for pleading fraud claims. Tarbell does not allege *when* the alleged false statements were made, *who* made them, or *how* Tarbell learned of them.

c. *Third*, the First Amended Complaint should be dismissed because all its factual assertions are founded on publicly available information. The FCA's public disclosure bar prohibits Tarbell from basing its claims on such information. *See* 31 U.S.C. § 3730(e)(4)(A).

6. Separately, dismissal of Tarbell's lawsuit is required because of two additional procedural defects first raised by Defendant Agribusiness Association of Iowa (Dkt. No. 85):

a. Tarbell failed to serve the W&L Defendants with a copy of the Court's February 23, 2026 order (Dkt. No. 10) and a copy of the Government's Notice of Election to Decline Intervention (Dkt. No. 9). This failure means that process was insufficient and dismissal is required. Fed. R. Civ. P. 12(b)(4).

b. Tarbell improperly joined the defendants together in this lawsuit.

7. The W&L Defendants refer to and incorporate their brief filed contemporaneously with this motion, which more fully explains the grounds for relief requested herein.

WHEREFORE, the W&L Defendants pray that this Court enter an order dismissing the First Amended Complaint with prejudice.

WEINHARDT & LANTZ, P.C.

By: /s/ Todd M. Lantz

Todd M. Lantz AT0010162
Kyle J. Essley AT0015054
2600 Grand Avenue, Suite 450
Des Moines, IA 50312
Telephone: (515) 244-3100
E-mail: tlantz@weinhardtlantz.com
kessley@weinhardtlantz.com

ATTORNEYS FOR DEFENDANTS ADAMS COMMUNITY ECONOMIC DEVELOPMENT CORPORATION, AMES GOLF AND COUNTRY CLUB, ASPEN GROVE CEMETERY, ATLANTIC GOLF & COUNTRY CLUB, AUDUBON GOLF & COUNTRY CLUB, BLOOMFIELD COUNTRY CLUB, BROTHERHOOD OF LOCOMOTIVE ENGINEERS GENE, CRESTMOOR GOLF CLUB INC., KALONA AREA CHAMBER OF COMMERCE, KYC INC., LAKESHORE GOLF & COUNTRY CLUB, LOGAN MISSOURI VALLEY COUNTRY CLUB, PINE KNOLLS COMPANY d/b/a PINE KNOLLS GOLF CLUB

PROOF OF SERVICE

The undersigned certifies that the foregoing instrument was served upon the parties to this action by serving a copy upon each of the attorneys of record on September 9, 2026 via CM/ECF.

Signature: /s/ Maura McNally