**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. THE TARBELL GROUP, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ADAMS COMMUNITY ECONOMIC DEVELOPMENT CORPORATION; AGRIBUSINESS ASSOCIATION OF IOWA; AMES GOLF AND COUNTRY CLUB; APPANOOSE COUNTRY CLUB; ASPEN GROVE CEMETERY ASSOCIATION; ATLANTIC GOLF & COUNTRY CLUB; AUDUBON GOLF AND COUNTRY CLUB; BLOOMFIELD COUNTRY CLUB; BROTHERHOOD OF LOCOMOTIVE ENGINEERS GENE; CENTERVILLE CHAMBER OF COMMERCE; COLUMBUS CLUB INC.; CRESTMOOR GOLF CLUB INC.; THE DES MOINES EMBASSY CLUB; FRATERNAL ORDER OF EAGLES – AERIE 3876; GENEVA GOLF & COUNTRY CLUB; GREEN ACRES CLUB; HAPPY HOLLOW COUNTRY CLUB; IOWA TURKEY FEDERATION INC.; KYC INC.; KALONA AREA CHAMBER OF COMMERCE; LAKEVIEW GOLF & COUNTRY CLUB; LAKESHORE GOLF & COUNTRY CLUB; LOGAN MISSOURI VALLEY COUNTRY CLUB; MECHANICAL CONTRACTORS ASSOCIATION OF IOWA INC.; MUSCATINE COUNTY FAIR; OAKDALE MEMORIAL GARDENS INC.; THE OUTING CLUB; PINE KNOLLS COMPANY d/b/a PINE KNOLLS GOLF CLUB; THE RED OAK COUNTRY CLUB; SIGMA LAMBDA BETA FRATERNITY; TREYNOR RECREATION AREA; | Case No. 4:25-cv-119-RGE-SBJ<br><br>**BRIEF IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT** |

| | |
|---|---|
| URBANDALE GOLF AND COUNTRY CLUB; WASHINGTON GOLF & COUNTRY CLUB; and WEST LIBERTY GOLF AND COUNTRY CLUB,<br><br>Defendants. | |

Defendants Adams Community Economic Development Corporation, Ames Golf and Country Club, Aspen Grove Cemetery, Atlantic Golf & Country Club, Audubon Golf and Country Club, Bloomfield Country Club, Brotherhood of Locomotive Engineers Gene, Crestmoor Golf Club, Inc., Kalona Area Chamber of Commerce, KYC Inc., Lakeshore Golf and Country Club, Logan Missouri Valley Country Club, and Pine Knolls Company d/b/a Pine Knolls Golf Club (collectively, the "W&L Defendants"), submit this brief in support of their Motion to Dismiss First Amended Complaint.

**TABLE OF CONTENTS**


TABLE OF CONTENTS....2

INTRODUCTION....3

BACKGROUND....4

ARGUMENT....8

I. THE FIRST AMENDED COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED....8

A. Tarbell's First Amended Complaint Fails to Plausibly Plead Knowledge....8

B. Tarbell's First Amended Complaint Fails to Plead with Particularity....11

C. The Public Disclosure Bar Requires Dismissal....12

1. Every Fact in Tarbell's First Amended Complaint was Publicly Disclosed....13

2. Tarbell Is Not an Original Source....18

II. the W&L DEFENDANTS JOIN IN PROCEDURAL OBJECTIONS RAISED BY OTHER DEFENDANTS, WHICH ALSO REQUIRE DISMISSAL....19

A. Tarbell Did Not Comply with the Court's Order Regarding Service of Process. ....19

B. The First Amended Complaint Improperly Joins the Defendants in One Lawsuit....20

CONCLUSION....20

## INTRODUCTION

Virginia-based The Tarbell Group, LLC ("Tarbell") is a serial filer of "qui tam" lawsuits against nonprofit organizations throughout the country. Since the entity was formed two years ago, Tarbell has initiated at least seventeen such lawsuits under the False Claims Act ("FCA"), 31 U.S.C. § 3729, *et seq.*, accusing over 400 nonprofits of engaging in fraud in the process of securing Paycheck Protection Program ("PPP") loans.

This case is more of the same. Tarbell alleges that the defendants—all Iowa nonprofit corporations—have violated the FCA based on purported false representations made in PPP materials.

But Tarbell, in large part because it has no connection whatsoever to the defendants, does not have the goods to substantiate its claims. The FCA is not "an all-purpose antifraud statute." *Universal Health Servs., Inc. v. United States*, 579 U.S. 176, 194 (2016). Like any other cause of action, it has specific elements that must be pleaded and supported with sufficient facts that, accepted as true, state a plausible claim to relief. Tarbell's complaints, in contrast, are a formulaic recitation of the elements of an FCA claim that present no plausible claim regarding the defendants' knowledge of the alleged falsity or fraud in their PPP submissions.

That is not all. Because the FCA is a fraud statute, Federal Rule of Civil Procedure 9(b) sets a higher pleading bar. It requires Tarbell to plead with particularity the "who, what, when, where, and how" underlying its claims. Tarbell has not cleared this higher bar, because it has not identified *when* each defendant made a false statement, *who* made them, or *how* Tarbell learned of them. Tarbell merely surmises that the defendants must have made certain statements that it believes were false.

And even assuming, for the sake of argument, that Tarbell did properly plead an actionable FCA theory, its lawsuit still must be dismissed pursuant to the FCA's public disclosure bar. That statutory bar prohibits Tarbell from basing its claims on information that has already been disclosed publicly. *See* 31 U.S.C. § 3730(e)(4)(A). Every single allegation in Tarbell's complaints, however, appears in publicly available government databases of PPP-loan and nonprofit information. Tarbell fails to bring any new information to the table. The FCA was enacted to empower genuine whistleblowers, not "opportunistic plaintiffs" like Tarbell. *United States v. CSL Behring, L.L.C.*, 855 F.3d 935, 941 (8th Cir. 2017) (quotation omitted). Tarbell cannot transform public disclosures into an FCA claim. As a matter of law, Tarbell's lawsuit should be dismissed.

## BACKGROUND

Tarbell is a limited liability company located and organized under the laws of Virginia. Dkt. No. 1, Compl. ¶ 3. It was formed just two years ago, on May 17, 2024. Va. St. Corp. Comm'n, Clerk's Info. Sys., "The Tarbell Group, LLC" (June 24, 2026, 10:55 AM), https://cis.scc.virginia.gov/EntitySearch/BusinessInformation?businessId=11698697&source=FromEntityResult&isSeries%20=%20false; *see, e.g.*, *Shirley Med. Clinic, P.C. v. United States*, 446 F. Supp. 2d 1028, 1034-35 (S.D. Iowa 2006), ("[A] district court may take judicial notice of

public records, such as documents filed with the Secretary of State and judicial rulings and consider them on a motion to dismiss."), *aff'd*, 243 F. App'x 191 (8th Cir. 2007).

Within days of its formation, Tarbell initiated a campaign of FCA lawsuits scattered throughout the country. *See, e.g.*, *Weitz Co. v. White Woods Ret. Campus, Inc.*, No. 4:18-cv-105, 2018 WL 10345480, at *5 n.3 (S.D. Iowa Aug. 20, 2018) (taking judicial notice on motion to dismiss of "court documents filed in another case"). In nearly all its cases, Tarbell sues nonprofit organizations and alleges that the nonprofits committed fraud in PPP-loan filings. At least seventeen such cases have been unsealed, including this one, and are listed here in chronological order based on the date Tarbell filed the original complaint:

| **Case Number** | **Jurisdiction** | **Date Original Complaint Docketed** | **Approx. Number of Named Defendants** |
|---|---|---|---|
| 1:24-cv-849 | E.D. Va. | May 21, 2024 | 9 |
| 3:24-cv-039 | W.D. Va. | May 24, 2024 | 1 |
| 1:24-cv-1245 | E.D. Va. | July 17, 2024 | 65 |
| 1:24-cv-11950 | Mass. | July 26, 2024 | 120 |
| 3:25-cv-144 | Idaho | March 14, 2025 | 1 |
| 3:25-cv-145 | Idaho | March 14, 2025 | 21 |
| 1:25-cv-915 | Md. | March 19, 2025 | 69 |
| 1:25-cv-916 | Md. | March 19, 2025 | 6 |
| 2:25-cv-02356 | W.D. Tenn. | March 28, 2025 | 26 |
| 4:25-cv-118 | S.D. Iowa | April 1, 2025 | 4 |
| 4:25-cv-119 | S.D. Iowa | April 1, 2025 | 37 |
| 4:25-cv-1494 | S.D. Tex. | April 1, 2025 | 7 |
| 1:25-cv-110 | E.D. Tenn. | April 2, 2025 | 2 |
| 1:25-cv-111 | E.D. Tenn. | April 2, 2025 | 21 |
| 1:25-cv-00684 | S.D. Ind. | April 9, 2025 | 17 |
| 3:25-cv-652 | E.D. Va. | August 18, 2025 | 1 |
| 1:26-cv-00832 | E.D. Va. | March 27, 2026 | 1 |

| | | |
|---|---|---|
| | **Total Named Defendants** | **408**[1] |

The W&L Defendants, along with the other twenty remaining named defendants in this case, are nonprofit organizations located in communities across Iowa. Some defendants operate recreational facilities, like golf courses. Others exist to spur economic development in rural areas. Aside from this litigation, they have no apparent connection to Tarbell.

On June 25, 2026, the W&L Defendants filed a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Dkt. No. 70. Numerous other defendants then joined the W&L Defendants' motion to dismiss or filed a similar motion. Dkt. Nos. 73, 75, 82, 85, 89. One defendant, Agribusiness Association of Iowa, also moved to dismiss due to insufficient process pursuant to Fed. R. Civ. P. 12(b)(4) and moved to dismiss due to improper joinder of defendants under Fed. R. Civ. P. 20 and 21. Dkt. No. 85.

On July 9, 2026, Tarbell filed a First Amended Complaint without requesting leave from the Court. Dkt. No. 92, First Amended Complaint ("Am. Compl."). The First Amended Complaint adds factual allegations about thirteen of the defendants, without explaining the sources for any of those facts. Am. Compl. ¶¶ 4-37. The First Amended Complaint also adds claims against "Unknown Jane or John Does." *Id*. ¶ 38.

Asserting six causes of action against various permutations of defendants, the First Amended Complaint alleges two theories of FCA violations. ***First***, Tarbell alleges that the defendants falsely certified in an application for a PPP loan that the defendant was "eligible to receive a loan under the rules in effect at the time this application is submitted that have been

---

1 Tarbell filed another lawsuit on April 1, 2025, in the Northern District of Texas (Case No. 5:25-cv-00083), captioned *U.S. ex rel. The Tarbell Group, LLC v. Electra Golf Ass'n Inc., et al*. The complaint in that case remains sealed, even though the case can be found on PACER.

issued by the Small Business Administration (SBA) and the Department of the Treasury (Treasury) implementing" either the first-draw PPP loans or the second-draw PPP loans. *Id.* ¶¶ 57, 64, 71. ***Second***, Tarbell alleges that the defendants made false representations in their forgiveness applications that they had "complied with all requirements in the Paycheck Protection Program Rules (Sections 7(a)(36), (7)(a)(37), and 7A of the Small Business Act, the PPP interim final rules, and guidance issued by SBA through the date of this application)," and that "[t]he information provided in this application and the information provided in all supporting documents and forms is true and correct in all material respects." *Id.* ¶¶ 76-77, 84-85, 91-92.[2] As to every alleged false certification, Tarbell alleges that every defendant and the individual defendants acting on their behalf knew that every certification was false within the meaning of the False Claims Act because, as Tarbell claims, the defendants were actually not eligible for the PPP loans. *Id.* ¶¶ 60, 66, 72, 80, 87, 94.

On July 13, 2026, the Court entered a text order finding that the motions to dismiss Tarbell's original complaint were moot. Dkt. No. 94. The defendants then filed a series of motions to strike or dismiss the First Amended Complaint. E.g., Dkt. Nos. 102, 104, 107, 108, 109, 110, 111, 112, 114. On August 6, 2026, Tarbell filed a Motion to Amend Complaint, seeking permission to file the First Amended Complaint. Dkt. No. 118. On August 19, 2026, Magistrate Judge Jackson entered an order granting Tarbell's motion, clarifying that the First

---

[2] The First Amended Complaint also refers to a statement in the forgiveness applications "advis[ing]" each defendant that "SBA may direct a lender to disapprove the Borrower's loan forgiveness application if SBA determines that the Borrower was ineligible for the PPP loan." Am. Compl. ¶¶ 78, 86, 93. That statement was plainly not a representation or certification by any defendant. And Tarbell does not allege that the SBA disapproved any of the defendants' loans or directed a lender to disapprove them. In fact, Tarbell's lawsuit is based on the fact that the SBA and the lenders uniformly *approved* of the defendants' PPP loans and forgiveness applications.

Amended Complaint would "stand as the operative complaint." Dkt. No. 126 at 5. As to the grounds for dismissal under Rule 12(b), the defendants' motions were "denied without prejudice, administratively," expressly allowing the defendants to reassert those grounds in a responsive pleading to the First Amended Complaint. *Id*.

## ARGUMENT

### I. THE FIRST AMENDED COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

The Court should dismiss the First Amended Complaint for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6). The three grounds for dismissing Tarbell's original complaint are still applicable. The First Amended Complaint does not cure the legal failures in Tarbell's lawsuit.

#### A. Tarbell's First Amended Complaint Fails to Plausibly Plead Knowledge.

To bring a claim under the FCA, Tarbell, as the "relator," must show "that (1) the defendant made a claim against the United States; (2) the claim was false or fraudulent; and (3) the defendant knew the claim was false or fraudulent." *Thayer v. Planned Parenthood of the Heartland, Inc.,* 11 F.4th 934, 938 (8th Cir. 2021) (quoting *In re Baycol Prods. Litig.*, 732 F.3d 869, 875 (8th Cir. 2013)). Tarbell's complaint alleging a violation of the FCA "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *U.S. ex rel. Thayer v. Planned Parenthood of the Heartland*, 765 F.3d 914, 920 (8th Cir. 2014) (quotation omitted). This plausibility requirement runs all the way down. Tarbell must plausibly allege each of the three elements of an FCA claim as to each of the W&L Defendants: (1) each nonprofit organization made a claim, (2) that was false, and (3) the organization had knowledge that the claim was false. *Thayer*, 11 F.4th at 938.

The third element, knowledge, is the scienter requirement in the FCA. *U.S. ex rel. Schutte v. SuperValu Inc.*, 598 U.S. 739, 749 (2023); 31 U.S.C. § 3729(b)(1) (defining

"knowing" and "knowingly" to require that a person "(i) has actual knowledge of the information, (ii) acts in deliberate ignorance of the truth or falsity of the information, or (iii) acts in reckless disregard of the truth or falsity of the information"). "The requisite intent is the knowing presentation of what is known to be false. In short, the claim must be a lie." *Hindo v. Univ. of Health Sciences/The Chicago Med. Sch.*, 65 F.3d 608, 613 (7th Cir. 1995) (internal quotation and citations omitted) (cited in *U.S. ex rel. Quirk v. Madonna Towers, Inc.*, 278 F.3d 765, 767 (8th Cir. 2002)).

"Innocent mistakes and negligence are not offenses under the [FCA]." *U.S. ex rel. Onnen v. Sioux Falls Indep. Sch. Dist. No. 49-5*, 688 F.3d 410, 413 n.2 (8th Cir. 2012). The scienter element is important because the FCA is not a "vehicle for punishing garden-variety breaches of contract or regulatory violations." *Universal Health Servs.*, 579 U.S. at 194. The requirement that FCA plaintiffs plead a plausible factual basis for scienter protects putative defendants from "speculative suits against innocent actors for fraud." *U.S. ex rel. Clausen v. Laboratory Corp. of Am., Inc.*, 290 F.3d 1301, 1308 (11th Cir. 2002).

Tarbell merely recites the elements of an FCA claim and asserts in broad strokes the conclusion that every defendant knew that the PPP loan applications and forgiveness applications contained false statements. Tarbell's First Amended Complaint alleges that each certification was "known … to be false within the meaning of the False Claims Act," but does not plead any facts that plausibly support that conclusion as to any defendant. Am. Compl. ¶¶ 60, 66, 72, 80, 87, 94. Nor does Tarbell allege facts that plausibly support its claim that each defendant "did knowingly present, or cause to be presented a false claim for payment or approval." *Id.* ¶¶ 61, 67, 73, 81, 88, 95. Thus, the First Amended Complaint presents no "further factual enhancement" to show why or how Tarbell concludes that every single nonprofit organization

knowingly committed fraud and instead contains only "naked assertions" regarding the defendants' knowledge. *Iqbal*, 556 U.S. at 678 (quotation omitted). That is not enough to satisfy the plausibility standard for any single one of the W&L Defendants, let alone for all of them *plus* the twenty other defendants.

Eighth Circuit precedent confirms that Tarbell's failure to plausibly allege a factual basis for the W&L Defendants' knowledge is fatal to its claims. In *United States ex rel. Ambrosecchia v. Paddock Laboratories*, *LLC,* 855 F.3d 949 (8th Cir. 2017), the Eighth Circuit affirmed dismissal of an FCA complaint under Rule 12(b)(6). The relator there tried to argue that, the public disclosure bar notwithstanding, she provided information relevant to the defendant's scienter. The Eighth Circuit rejected this argument, stating that "the complaint provides no more than the simple, conclusory allegation that defendants' actions were knowing. The complaint does not elaborate, and this 'formulaic recitation of the elements of [the] cause of action' alone is not sufficient." *Id.* at 955 (quoting *Iqbal*, 556 U.S. at 678).

Likewise, in *U.S. ex rel. Strubbe v. Crawford County Memorial Hospital*, 915 F.3d 1158, 1167-68 (8th Cir. 2019), the Eighth Circuit affirmed dismissal of an FCA retaliation claim because the complaint failed to plead a plausible basis to conclude that the defendant knew of the protected activity. *See also U.S. ex rel. Henig v. Amazon.com, Inc*., 177 F.4th 156, 164-65 (2d Cir. 2026) (affirming dismissal of an FCA claim because the plaintiff failed to allege a factual basis for the knowledge element).

Eighth Circuit precedent makes two things clear. First, FCA relators must plead facts that plausibly support the knowledge element of the claim. Second, dismissal is required when they do not.

So too here. The First Amended Complaint's barebone, conclusory "knowing" allegation against all the defendants does not plausibly suggest that each of the defendants knew that their claims were false. For that reason, Tarbell's claims should be dismissed with prejudice under Rule 12(b)(6).

**B. Tarbell's First Amended Complaint Fails to Plead with Particularity.**

"Because the FCA is an anti-fraud statute, complaints alleging violations of the FCA must comply with Rule 9(b)." *Thayer*, 11 F.4th at 939 (quoting *U.S. ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 556 (8th Cir. 2006)). "Under Rule 9(b), Relator's FCA complaint 'must plead such facts as the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result.'" *U.S. ex rel. Holt v. Medicare Medicaid Advisors, Inc.*, 115 F.4th 908, 916 (8th Cir. 2024). Dismissal is proper when a complaint fails to satisfy Rule 9(b)'s requirement for particularity. *Id.* at 916-17; *Olson v. Fairview Health Servs. of Minn.*, 831 F.3d 1063, 1072 (8th Cir. 2016); *U.S. ex rel. Dunn v. N. Mem'l Health Care*, 739 F.3d 417, 418 (8th Cir. 2014).

Tarbell's First Amended Complaint does not meet Rule 9(b)'s requirements, because it does not identify with particularity the allegedly false or fraudulent statement made by any specific defendant, who made the statement, when the statement was made, or how Tarbell came to know of the statement. Tarbell alleges facts limited to the W&L Defendants' tax status and the alleged distribution of funds, and then Tarbell surmises that the defendant, at some point, must have made certifications to the SBA in order to receive PPP loans or to obtain forgiveness of PPP loans. Am. Compl. ¶¶ 43-44. But "Rule 9(b) requires more than such conclusory and generalized allegations." *St. Luke's*, 441 F.3d at 557.

In *St. Luke's*, for example, the relator brought a claim against a hospital alleging fraudulent billing practices. *Id.* at 556. The district court dismissed the claim, and the Eighth Circuit affirmed, because the complaint failed to comply with Rule 9(b). The relator simply alleged that "all the nurse anesthetists' work was illegal" and that "every invoice [] was fraudulent" without pointing out, for example, *who* was involved in the fraudulent billing, or *how* the relator learned of the fraud. *Id.* at 556-57.

Similarly, here, Tarbell claims that each defendant committed fraud but fails to identify who made each fraudulent statement, when the statements were made, or how Tarbell came to know of the fraud as to each defendant. As in *St. Luke's*, Tarbell's First Amended Complaint fails to plead its FCA claims with particularity as required under Rule 9(b) and should be dismissed. *See U.S. ex rel. Lesko v. Minn. Orchestral Ass'n*, Civ. No. 23-3216, 2025 WL 1953120, at *2 (D. Minn. July 16, 2025) (dismissing FCA claim against nonprofit accused of PPP fraud for failure to satisfy Rule 9(b)).

**C. The Public Disclosure Bar Requires Dismissal.**

While the FCA encourages whistleblowers, it "discourages 'opportunistic' plaintiffs who 'merely feed off a previous disclosure of fraud.'" *CSL Behring*, 855 F.3d at 941 (quoting *United States v. Walgreen Co.*, 846 F.3d 879, 880 (6th Cir. 2017)). It does this through the public disclosure bar, a statutory provision that bars a qui tam action if "substantially the same allegations or transactions as alleged in the action or claim were publicly disclosed" in a governmental hearing, federal report, audit or investigation, or the news media, unless the person bringing the action is an original source of the information. 31 U.S.C. § 3730(e)(4)(A); *CSL Behring*, 855 F.3d at 941. The public disclosure bar thus requires dismissal if "(1) the defendant has shown public disclosure under § 3730(e)(4)(A), and (2) the relator does not fit

§ 3730(e)(4)(B)'s definition of 'original source.'" *CSL Behring*, 855 F.3d at 941 (quoting *U.S. ex rel. Paulos v. Stryker Corp.*, 762 F.3d 688, 692 (8th Cir. 2014)). Whether the public disclosure bar applies is a question of law that is appropriately resolved through a motion to dismiss. *See, e.g.*, *id.* at 939; *Ambrosecchia*, 855 F.3d at 953.

The public disclosure bar operates here to block Tarbell's claims because all the information alleged in the First Amended Complaint was publicly disclosed in qualifying sources, and Tarbell has not alleged it qualifies as an original source.

**1. Every Fact in Tarbell's First Amended Complaint was Publicly Disclosed.**

The first element for application of the public disclosure is satisfied: Every single fact Tarbell pleads about the W&L Defendants was publicly disclosed before commencement of this action.

***First***, the Small Business Administration has published on its website "all PPP loan data" necessary to support the allegations in Tarbell's First Amended Complaint. U.S. Small Bus. Admin, *PPP data*, https://www.sba.gov/funding-programs/loans/covid-19-relief-options/paycheck-protection-program/ppp-data#all-loan-data (last visited June 24, 2026). Spreadsheets available on the Administration's website since at least October 2024 contain the information set forth in the table attached to Tarbell's First Amended Complaint. Those spreadsheets include, among other things, the identities and addresses of loan recipients, as well as the corresponding loan numbers, draw requests, approval dates, loan amounts, forgiveness information, and business type (such as "Nonprofit Organization"). U.S. Small Bus. Admin, *PPP FOIA*, https://data.sba.gov/dataset/ppp-foia (last visited June 24, 2026) (Spreadsheet #4 at the link contains Iowa data and lists each of the Nonprofits). The spreadsheets even include a field for whether the recipient is a "NonProfit." *Id.*

***Second***, the forms borrowers used to apply for PPP first-draw loans, second-draw loans, and loan forgiveness have been and remain publicly available. Those forms contain the certifications referenced throughout Tarbell's First Amended Complaint.[3] *Compare* Am. Compl. ¶¶ 57-58, 64, 71, 77, 84, 91, *with* U.S. Small Bus. Admin., *SBA Form 2483, Paycheck Protection Program, Borrower Application Form*, available at https://home.treasury.gov/system/files/136/Paycheck-Protection-Program-Application-3-30-2020-v3.pdf; U.S. Small Bus. Admin., *SBA Form 2483-SD, Paycheck Protection Program, Second Draw Borrower Application Form*, available at https://home.treasury.gov/system/files/136/PPP-Second-Draw-Borrower-Application-Form.pdf; U.S. Small Bus. Admin., *SBA Form 3508EZ, Paycheck Protection Program, PPP Loan Forgiveness Application Form*, available at https://home.treasury.gov/system/files/136/PPP-Forgiveness-Application-3508EZ.pdf; U.S. Small Bus. Admin., *SBA Form 3508S, Paycheck Protection Program, PPP Loan Forgiveness Application Form 3508S*, available at https://home.treasury.gov/system/files/136/PPP-Loan-Forgiveness-Application-Form-3508S.pdf; U.S. Small Bus. Admin., *SBA Form 3508S, Paycheck Protection Program, PPP Loan Forgiveness Application Form 3508S Revised July 30, 2021*, available at https://home.treasury.gov/system/files/136/PPP--Forgiveness-Application-and-Instructions--3508S-7-30-2021-508.pdf.

---

[3] Tarbell may argue that each defendant's PPP loan and forgiveness applications are not public documents, and that, therefore, the public-disclosure bar does not apply. But this red herring in no way undermines application of the public-disclosure bar here. As explained, public information supports all of Tarbell's allegations. Even assuming that non-public documents exist and contain the same information, the fact remains that Tarbell's claims are founded entirely on information broadly available to the public.

***Third***, the information in paragraphs 4 through 37 of Tarbell's First Amended Complaint concerning the tax exemption relevant to each of the Nonprofits (*i.e.*, whether the entity is tax exempt under section 501(c)(5), (6), (7), (8), (13), or (15)) is easily found through the IRS Tax Exempt Organization search (which reveals the Nonprofits' publicly available IRS Forms 990), ProPublica's Nonprofit Explorer, and/or Cause IQ's nonprofit search. *Tax Exempt Organization Search*, Internal Revenue Service, https://apps.irs.gov/app/eos/ (last visited June 24, 2026); *Nonprofit Explorer*, ProPublica, https://projects.propublica.org/nonprofits/ (last visited June 24, 2026); *Organization Search*, Cause IQ, https://causeiq.com/search/organizations/?view=list (last visited June 24, 2026). Additional information about the entities is available through the Iowa Secretary of State's Business Search webpage. *Business Entities Search*, Iowa Secretary of State, Paul D. Pate, https://sos.iowa.org/search/business/search.aspx (last visited June 24, 2026).

And ***fourth***, the information in paragraphs 45 through 49 of the First Amended Complaint about the date each type of tax-exempt organization became eligible for PPP financing is derived from acts of Congress and related news coverage about those acts. American Rescue Plan Act of 2021, Pub. L. No. 117-2, § 5001, 135 Stat. 82 (March 11, 2021) (expanding eligibility to 501(c)(5), (7), (8), (13), and (15) nonprofits); Consolidated Appropriations Act, 2021, Pub. L. 116-260, § 318, 134 Stat. 2013 (Dec. 27, 2020) (expanding eligibility to 501(c)(6) nonprofits); *see also* Ethan Gewolb, *Expansion of PPP to Certain 501(c)(6) Organizations*, Calibre CPA Grp. (Jan. 12, 2021), https://calibrecpa.com/tax-regulation-reporting/ppp-501c6/; *American Rescue Plan Act Provisions Affecting Exempt Organizations*, RSM US LLP (Mar. 16, 2021), https://rsmus.com/insights/tax-alerts/2021/american-rescue-plan-act-provisions-affecting-exempt-organizatio.html. Likewise, Tarbell's allegations about the ineligibility of "private clubs" for PPP loans, *e.g.*, Am. Compl.

¶ 50, is seemingly derived (and distorted) from a federal regulation that deemed "[p]rivate clubs and businesses which limit the number of memberships for reasons other than capacity" ineligible for SBA business loans. 13 C.F.R. § 120.110(i).

This Court may take judicial notice of the foregoing information, all of which qualifies for the public disclosure bar as either a federal report or information in the news media. *See* Fed. R. Evid. 201; *Missourians for Fiscal Accountability v. Klahr*, 830 F.3d 789, 793 (8th Cir. 2016) (citing *Pickett v. Sheridan Health Care Ctr.,* 664 F.3d 632, 648 (7th Cir. 2011) (recognizing "the authority of a court to take judicial notice of government websites")). The Small Business Administration data was released pursuant to a Freedom of Information Act request, and the Supreme Court has made clear that "[a] written agency response to a FOIA request falls within the ordinary meaning of 'report'" for purposes of the FCA public disclosure bar. *Schindler Elevator Corp. v. U.S. ex rel. Kirk*, 563 U.S. 401, 410 (2011). The W&L Defendants' tax status is published in accessible databases maintained by the Internal Revenue Service, a federal agency, and other reputable sources. The Service's database likewise can be considered a "report" under the "broad ordinary meaning" of the word as it is interpreted by the Supreme Court. *Id.* at 408. As far as the information about when certain entities became eligible for PPP loans, again, that change occurred through federal law. *See* Am. Compl. ¶¶ 45-49. It is hard to imagine a more public source than a public law. In short, the fact that this motion to dismiss can cite publicly available sources for every operative fact alleged by Tarbell in its First Amended Complaint establishes that the claims fall under the public disclosure bar. *See, e.g.*, *Lesko*, 2025 WL 1953120, at *3 (dismissing FCA claim based on public disclosure of information on the SBA's "PPP database" and the nonprofit's "IRS Form 990s," both of which are "available online," and on information "available on ProPublica's website").

Tarbell's lawsuit is precisely the kind that the public disclosure bar operates to keep out. In *U.S. ex rel. Kraxberger v. Kansas City Power & Light Co.*, the court affirmed dismissal of a relator's claim because the claim asserted "substantially the same" allegations as those disclosed through the news media and in response to a FOIA request. 756 F.3d 1075, 1079 (8th Cir. 2014). In so doing, the Eighth Circuit emphasized the Supreme Court's acknowledgement that the FCA's list of possible sources qualifying as a public disclosure provides "a broad sweep." *Id.* (discussing *Graham Cnty. Soil & Water Conservation Dist. v. United States ex rel. Wilson,* 559 U.S. 280, 290 (2010)). Similarly, Tarbell's First Amended Complaint alleges facts stemming from a FOIA request, government databases, the news media, and acts of Congress, all well within the "broad sweep" of public disclosure sources. This Court should follow the Eighth Circuit's clear command that FCA complaints relying totally on publicly disclosed facts are to be dismissed. *Id.*; *see also Stryker Corp.*, 762 F.3d at 693 (upholding 12(b)(6) dismissal of a claim because it asserted the substantially same allegations as those that were publicly disclosed).

Tarbell may argue that the new information alleged in the First Amended Complaint about three of the W&L Defendants,[4] Ames Golf and Country Club ("Ames Golf"), KYC Inc. ("KYC"), and Pine Knolls Company dba Pine Knolls Golf Club ("Pine Knolls"), is not subject to the FCA's public disclosure bar. The new facts alleged about Ames Golf come directly from its website, particularly the pages about membership (www.amesgolfcc.com). *See* Am. Compl. ¶ 12. The information about KYC comes from its website (www.keokukyachtclub.com),

---

[4] As shown in the redline filed with the First Amended Complaint, Tarbell added no new allegations about Brotherhood of Locomotive Engineers, Adams Community Economic Development Corporation, Kalona Area Chamber of Commerce, Atlantic Golf & Country Club, Audubon Golf and Country Club, Bloomfield Country Club, Lakeshore Golf and Country Club, Logan Missouri Valley Country Club, or Aspen Grove Cemetery Association. *See* Dkt. No. 92-1, Redline at 3-9.

particularly the bylaws published on the website (https://keokukyachtclub.com/ByLaws_2023.pdf). *See id.* ¶ 23. Likewise, the facts alleged about Pine Knolls come from its website (www.pineknollsgolfcourse.com). *See id.* ¶ 28. Certainly, Virginia-based Tarbell does not allege how else it learned any of the specific facts about Ames Golf, KYC, or Pine Knolls.

Public disclosure may be through "news media," which is "not defined in the FCA, though the Supreme Court has acknowledged the term has a 'broad sweep.'" *Kraxberger*, 756 F.3d at 1079 (quoting *Schindler Elevator Corp. v. U.S. ex rel. Kirk*, 563 U.S. 401, 408 (2011)). Like the information in *Kraxberger*, the information in the amended pleading about Ames Golf, KYC, and Pine Knolls was publicly available on the organizations' websites, which qualifies as "news media." *Id.* (citing *United States ex rel. Doe v. Staples, Inc.*, 932 F. Supp. 2d 34, 40 (D.D.C. 2013) ("Courts . . . . have construed the term 'news media' to include readily accessible websites."); and *United States ex rel. Osheroff v. HealthSpring, Inc.*, 938 F. Supp. 2d 724, 732–33 (M.D. Tenn. 2013) (noting that "many court[s] have held that information on readily accessible public websites constitutes public disclosure"). Finally, even if the new information about Ames Golf, KYC, Pine Knolls does not constitute a public disclosure, that information alone is insufficient to state a viable legal claim. The thrust of Tarbell's allegations about PPP loans and forgiveness applications is still barred.

### 2. Tarbell Is Not an Original Source.

Because every fact Tarbell alleges is available from a public source, it must qualify as an "original source" to avoid the public disclosure bar. *See* 31 U.S.C. § 3730. An original source is someone who either (1) voluntarily disclosed to the government the information on which the allegations are based or (2) has independent knowledge that is independent of and materially

adds to the publicly disclosed allegations or transactions and who has voluntarily provided the information to the government. *Ambrosecchia*, 855 F.3d at 954; 31 U.S.C. § 3730(e)(4)(B). To overcome the public disclosure bar at the motion to dismiss stage, Tarbell must plead more than conclusory allegations that it has independent knowledge. *Ambrosecchia*, 855 F.3d at 955.

Nothing in Tarbell's pleading reveals that it voluntarily disclosed information to the government or had direct and independent knowledge of the alleged fraud. The First Amended Complaint is devoid of any mention of how Tarbell obtained the information relied on for its FCA claims.

As such, *Ambrosecchia* squarely controls. There, the Eighth Circuit affirmed a district court's Rule 12(b)(6) dismissal of an FCA claim due to the public disclosure bar. The relator argued that she qualified as an original source for various reasons—like her employment with the defendant. The court rejected the relator's claim because her pleading did not "detail the nature of that information or explain how it relates to her employment." *Id.* Tarbell actually does *less* to plead its claim than the relator did in *Ambrosecchia*. Tarbell does not even make a conclusory attempt to show that it qualifies as an independent source. As such, this Court can and should determine Tarbell is not an original source, and therefore the public disclosure bar applies to block its claim. *See Lesko*, 2025 WL 1953120, at *4.

## II. THE W&L DEFENDANTS JOIN IN PROCEDURAL OBJECTIONS RAISED BY OTHER DEFENDANTS, WHICH ALSO REQUIRE DISMISSAL.

### A. Tarbell Did Not Comply with the Court's Order Regarding Service of Process.

Magistrate Judge Jackson's Order dated February 23, 2026 (Dkt. No. 10) stated: "A copy of this Order and the Government's Notice of Election to Decline Intervention (Dkt. 9) shall also be served by Plaintiff/Relator upon Defendants with the Complaint." Tarbell sent some demand

letters[5] but failed to serve any of the W&L Defendants with a copy of either the Government's Notice of Election to Decline Intervention or the February 23, 2026 Order. Accordingly, dismissal is required for insufficient process, as required by this Court's order. *See* Fed. R. Civ. P. 12(b)(4). The W&L Defendants join in Agribusiness Association of Iowa's ("AAI") motion to dismiss for insufficient process and, as necessary, renew that motion on their own behalf. *See also* Dkt. 85-1, AAI Br. at 7-8.

### B. The First Amended Complaint Improperly Joins the Defendants in One Lawsuit.

Separate from all other failures in Tarbell's lawsuit, the claims against all the W&L Defendants should be dismissed due to misjoinder of defendants who have no transactional link. The W&L Defendants join in AAI's motion to dismiss on this basis and, as necessary, renew that motion on their own behalf. *See* Dkt. 85-1, AAI Br. at 9-10.

## CONCLUSION

Tarbell's model, it seems, is to weaponize the severe sanctions of FCA claims against nonprofits that received government assistance during the Covid-19 pandemic. Tarbell relies on publicly available information and, frankly, technicalities to argue that the defendants were not eligible for PPP loans when they applied for them. Even if Tarbell's claim of ineligibility is accepted for now, there is no factual basis for a plausible inference that the W&L Defendants understood they were making false or fraudulent claims—*i.e.*, that they knew they were ineligible for PPP loans and applied for such assistance anyway. Tarbell assumes that critical element of scienter without any factual basis; it fails to plead with the requisite particularity, and,

---

[5] A sample of the papers that were served upon one of the W&L Defendants is attached as Exhibit 1.

to top it off, its claims are subject to the public disclosure bar. This Court should dismiss Tarbell's opportunistic lawsuit because Tarbell has failed to properly plead its claim and has improperly relied on public information for every aspect of the claims. And even if the lawsuit itself could be facially valid, this action should still be dismissed due to Tarbell's obvious failure to follow the service-of-process instructions from this Court and due to Tarbell's misjoinder of dozens of transactionally unrelated defendants in one case.

WEINHARDT & LANTZ, P.C.

By: /s/ Todd M. Lantz

Todd M. Lantz AT0010162
Kyle J. Essley AT0015054
2600 Grand Avenue, Suite 450
Des Moines, IA 50312
Telephone: (515) 244-3100
E-mail: tlantz@weinhardtlantz.com
kessley@weinhardtlantz.com

ATTORNEYS FOR DEFENDANTS ADAMS COMMUNITY ECONOMIC DEVELOPMENT CORPORATION, AMES GOLF AND COUNTRY CLUB, ASPEN GROVE CEMETERY, ATLANTIC GOLF & COUNTRY CLUB, AUDUBON GOLF & COUNTRY CLUB, BLOOMFIELD COUNTRY CLUB, BROTHERHOOD OF LOCOMOTIVE ENGINEERS GENE, CRESTMOOR GOLF CLUB INC., KALONA AREA CHAMBER OF COMMERCE, KYC INC., LAKESHORE GOLF & COUNTRY CLUB, LOGAN MISSOURI VALLEY COUNTRY CLUB, PINE KNOLLS COMPANY d/b/a PINE KNOLLS GOLF CLUB

PROOF OF SERVICE

The undersigned certifies that the foregoing instrument was served upon the parties to this action by serving a copy upon each of the attorneys of record on September 9, 2026 via CM/ECF.

Signature: /s/ Maura McNally