**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. THE TARBELL GROUP, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>ADAMS COMMUNITY ECONOMIC DEVELOPMENT CORPORATION,<br>AGRIBUSINESS ASSOCIATION OF IOWA,<br>AMES GOLF AND COUNTRY CLUB,<br>APPANOOSE COUNTRY CLUB,<br>ASPEN GROVE CEMETERY ASSOCIATION,<br>ATLANTIC GOLF & COUNTRY CLUB,<br>AUDUBON GOLF AND COUNTRY CLUB,<br>BLOOMFIELD COUNTRY CLUB,<br>BROTHERHOOD OF LOCOMOTIVE ENGINEERS GENE,<br>CENTERVILLE CHAMBER OF COMMERCE,<br>COLUMBUS CLUB INC.,<br>THE DES MOINES EMBASSY CLUB,<br>FRATERNAL ORDER OF EAGLES—AERIE 3876<br>GENEVA GOLF & COUNTRY CLUB,<br>GREEN ACRES CLUB,<br>HAPPY HALLOW COUNTRY CLUB,<br>INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL,<br>IOWA TURKEY FEDERATION INC.,<br>KYC INC.,<br>KALONA AREA CHAMBER OF COMMERCE INC.,<br>LAKEVIEW GOLF & COUNTRY CLUB, | **CASE NO: 4:25-CV-119-SHL-SBJ**<br><br>**DEFENDANTS THE DES MOINES EMBASSY CLUB, URBANDALE GOLF AND COUNTRY CLUB, AND WASHINGTON GOLF & COUNTRY CLUB'S BRIEF IN SUPPORT OF MOTION TO DISMISS AND JOINDER IN W&L MOTION TO DISMISS** |

| | |
|---|---|
| LAKESHORE GOLF AND COUNTRY CLUB,<br>LAKEVIEW COUNTRY CLUB OF MADISON COUNTY IOWA INC.,<br>LOGAN MISSOURI VALLEY COUNTRY CLUB,<br>MECHANICAL CONTRACTORS ASSOCIATION OF IOWA INC.,<br>MUSCATINE COUNTY FAIR,<br>MUSCATINE MUTUAL INSURANCE ASSOCIATION,<br>OAKDALE MEMORIAL GARDENS INC.,<br>THE OUTING CLUB,<br>PINE KNOLLS COMPANY d/b/a PINE KNOLLS GOLF CLUB,<br>THE RED OAK COUNTRY CLUB,<br>SIGMA LAMBDA BETA INTERNATIONAL FRATERNITY,<br>TREYNOR RECREATION AREA,<br>URBANDALE GOLF AND COUNTRY CLUB,<br>WASHINGTON GOLF & COUNTRY CLUB, and<br>WEST LIBERTY GOLF AND COUNTRY CLUB,<br><br>Defendants. | |

**COMES NOW** Defendants The Des Moines Embassy Club, Urbandale Golf and Country Club, and Washington Golf & Country Club (collectively, “Moving Defendants”), by and through undersigned counsel, and respectfully submit this Brief in Support of their Motion to Dismiss and Joinder in the W&L Defendants’ Motion to Dismiss the First Amended Complaint (“FAC”).

## TABLE OF CONTENTS

**INTRODUCTION** .................................................................................................. 3
**ARGUMENT** ......................................................................................................... 4
**I. The FAC's "Private Club" Theory Fails to State a Claim (Counts Three and Six).** .......................................................................................................... 4
**II. Any Alleged "Misrepresentation" was Immaterial.** ........................................ 5
**CONCLUSION** ...................................................................................................... 6

## INTRODUCTION

Moving Defendants are section 501(c)(7) social and dining clubs. The Des Moines Embassy Club received first- and second-draw paycheck protection program ("PPP") loans of $376,700 (approved April 11, 2020) and $538,164 (approved February 24, 2021); Urbandale Golf and Country Club received a first-draw loan of $108,000 (approved April 8, 2020); and Washington Golf & Country Club received a first-draw loan of $19,200 (approved April 4, 2020). Each loan was forgiven. The FAC also labels all three Moving Defendants "Private Clubs" under a new theory.

Moving Defendants move to dismiss the FAC and join the W&L Defendants' Motion to Dismiss (Docket No. 128). Moving Defendants join and incorporate all arguments in the W&L Defendants' Brief (Docket No. 128-1) and any subsequent joinders to that motion. Specifically, that the FAC fails to plausibly plead knowledge, fails to plead fraud with Rule 9(b) particularity, and is barred by the False Claim Act's ("FCA") public disclosure bar. To conserve judicial resources and avoid duplication, Moving Defendants

do not restate those arguments here. Instead, this Brief addresses two additional grounds for dismissal.

## ARGUMENT

### I. The FAC's "Private Club" Theory Fails to State a Claim (Counts Three and Six).

The "Private Club" allegations are conclusory. The FAC's new Private Club theory rests on generalized descriptions rather than facts showing that any Moving Defendant falls within the standards of 13 C.F.R. § 120.110. It also fails to mention any legal standard regarding loan eligibility or how any Moving Defendant knew any certification was false.

As to The Des Moines Embassy Club, the FAC alleges membership by sponsorship, initiation fees, and reciprocal arrangements. (Docket No. 92 ¶ 19). As to Urbandale Golf and Country Club, it alleges that "Private" appears in certain directories and that membership is invitation-based. (Docket No. 92 ¶ 32). As to Washington Golf & Country Club, it alleges stockholder ownership and limited nonmember play. (Docket No. 92 ¶ 33).

Those allegations describe ordinary features of 501(c)(7) social clubs, not facts showing that any Moving Defendant was ineligible for any SBA loan. Section 501(c)(7) itself covers clubs organized for pleasure, recreation, and other nonprofitable purposes. *See* 26 U.S.C. § 501(c)(7). The FAC does not identify what patronage was restricted to make it "private", why it was restricted, or how any Moving Defendant's policies differ from those of other 501(c)(7) organizations.

The FAC's reading also would render Congress's expansion of PPP eligibility to section 501(c)(7) organizations through the American Rescue Plan Act ("ARP") largely

meaningless. If 13 C.F.R. § 120.110(i) categorically disqualified 501(c)(7) social clubs from PPP eligibility, virtually every membership-based 501(c)(7) organization would remain ineligible despite the ARP's express expansion. The ARP's specific, later-enacted expansion of PPP eligibility therefore controls over the general, preexisting regulation.

Last, the FAC pleads no scienter for the "Private Club" theory of relief. Even if the regulation could apply, the FAC pleads no facts showing that any Moving Defendant knew, acted in deliberate ignorance, or recklessly disregarded that its club status allegedly made it ineligible. The FAC identifies no guidance any Moving Defendant received, no person who understood the regulation that way, and no facts explaining why these clubs would have known that an ambiguous, preexisting rule overrode the ARP's specific eligibility expansion. Its bare assertion that Moving Defendants "knowingly" violated the regulation is insufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *United States ex rel. Schutte v. SuperValu Inc.*, 598 U.S. 739, 748–52 (2023).

## II. Any Alleged "Misrepresentation" was Immaterial.

Under the FCA, a misrepresentation is material only if it has a natural tendency to influence, or is capable of influencing, the government's payment decision. 31 U.S.C. § 3729(b)(4). Materiality is a "demanding" standard, and the government's continued payment despite knowledge of alleged noncompliance is "very strong evidence" that the requirement was not material. *Universal Health Servs., Inc. v. United States ex rel. Escobar*, 579 U.S. 176, 194–95 (2016).

The FAC alleges that each Moving Defendant was a section 501(c)(7) organization. That status was publicly available to the SBA and participating lenders when they approved

the loans, and the government later forgave every loan. The government thus approved and forgave the loans with knowledge of the organizational status on which the FAC's theory rests—conduct that weighs heavily against materiality.

Congress also retroactively expanded PPP eligibility to section 501(c)(7) organizations for covered loans during the covered period through the ARP, encompassing every loan at issue here. *See* 15 U.S.C. § 636(a)(36)(A)(iv) (defining a PPP "eligible recipient"). The United States Attorney's January 8, 2026 declination to intervene is additional evidence that the government did not view these loans as material fraud. *See Harman v. Trinity Indus.*, 872 F.3d 645, 664–65 (5th Cir. 2017). The government's approval, forgiveness, retroactive confirmation of eligibility, and declination to intervene individually and certainly collectively demonstrate immateriality.

## CONCLUSION

For the foregoing reasons, and in the W&L Defendants' Motion to Dismiss (Docket No. 128), Moving Defendants respectfully request that:

1. The Court dismiss the FAC with prejudice as to The Des Moines Embassy Club, Urbandale Golf and Country Club, and Washington Golf & Country Club;
2. In the alternative, Moving Defendants request dismissal without prejudice;
3. An award of attorney fees; and
4. Any such other and further relief as the Court deems just and proper.

DICKINSON, BRADSHAW, FOWLER & HAGEN, P.C.

By: ______________________________
Cody J. Edwards, AT0010913
Theodore W. Craig, AT0010226
Grant W. Gasner, AT0016078
801 Grand Avenue, Suite 3700
Des Moines, IA 50309-8004
Phone: (515) 243-4191
Fax: (515) 246-5808
E-Mail: cedwards@dickinsonbradshaw.com
tcraig@dickinsonbradshaw.com
ggasner@dickinsonbradshaw.com

ATTORNEYS FOR DEFENDANTS THE DES MOINES EMBASSY CLUB, URBANDALE GOLF AND COUNTRY CLUB, AND WASHINGTON GOLF & COUNTRY CLUB

Original electronically filed.

**CERTIFICATE OF SERVICE**

This is to certify that the foregoing was filed electronically and served upon all counsel of record through the Court's CM/ECF system this 9th day of September, 2026.

__/s/ *Heidi Dorrell*__