**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF IOWA**

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel.,<br>THE TARBELL GROUP, LLC,<br>Plaintiff,<br>vs.<br><br>ADAMS COMMUNITY ECONOMIC DEVELOPMENT CORPORATION; AGRIBUSINESS ASSOCIATION OF IOWA; AMES GOLF AND COUNTRY CLUB; APPANOOSE COUNTRY CLUB; ASPEN GROVE CEMENTARY ASSOCIATION; ALANTIC GOLF & COUNTRY CLUB; AUDUBON GOLF AND COUNTRY CLUB; BLOOMFIELD COUNTRY CLUB; BROTHERHOOD OF LOCOMOTIVE ENGINEERS GENE; CENTERVILLE CHAMBER OF COMMERCE; COLUMBUS CLUB INC.; CRESTMOOR GOLF CLUB INC.; THE DES MOINES EMBASSY CLUB; FRATERNAL ORDER OF EAGLES AERIE 3876; GENEVA GOLF & CONTRY CLUB; HAPPY HOLLOW COUNTRY CLUB; INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL; IOWA TURKEY FEDERATION INC.; KYC INC.; KALONA AREA CHAMBER OF COMMERCE; LAKEVIEW GOLD & COUNTRY CLUB; | Case No. 4:25-cv-119-RBE-SBJ<br><br>**APPANOOSE COUNTRY CLUB'S BRIEF IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT** |

| | |
|---|---|
| LAKEVIEW COUNTRY CLUB OF MADION COUNTY IOWA INC.; LOGAN MISSOURI VALLEY COUNTRY CLUB; MECHANICAL CONTRACTORS ASSOCIATION OF IOWA INC.; MUSCATINE COUNTY FAIR; MUSCATINE MUTUAL INSURANCE ASSOCIATION; OAKDALE MEMORIAL GARENCS INC; THE OUTING CLUB,<br><br>Defendants. | |

COMES NOW Defendant, Appanoose Country Club ("ACC"), submits this brief in support of its motion to dismiss pursuant to the Federal Rules of Civil Procedure 12(b)(6).

**INTRODUCTION**

Tarbell's First Amended Complaint should be dismissed because it does not plead a viable False Claims Act ("FCA") claim against ACC. The pleading groups ACC with numerous unrelated organizations and then assumes, without factual support, that each defendant knowingly made a false or fraudulent PPP-related statement. That is not enough under Rule 12(b)(6), and it is far short of what Rule 9(b) requires for a fraud-based claim.

The arguments raised by the defendants who filed Motion to Dismiss (Dkt. Nos. 128 and 128-1) apply with equal force here. ACC therefore joins and incorporates those

arguments and authorities. But ACC submits this brief separately to present the issues in a manner tailored to its own position: Tarbell pleads no ACC-specific facts showing knowledge of falsity, no particular false statement by any identified ACC representative, no non-public source of its allegations, and no material misrepresentation capable of supporting FCA liability.

Because the FCA imposes liability only where the statutory elements are plausibly and particularly pleaded and Tarbell has not done so here, the First Amended Complaint should be dismissed with prejudice. *Universal Health Servs., Inc. v. United States*, 579 U.S. 176, 194 (2016).

**BACKGROUND**

Tarbell is a Virginia limited liability company that has filed multiple qui tam lawsuits against nonprofit organizations across the country. The claims in those cases generally, arise from PPP loan materials and are directed at organizations that, like ACC, obtained pandemic-related financial assistance.

The allegations in this case follow that model. Tarbell alleges that ACC and other Iowa organizations violated the FCA by making purportedly false representations in connection with PPP applications or forgiveness submissions. But as to ACC, Tarbell does not identify who allegedly made a false statement, what the precise statement was,

why the speaker knew it was false when made, or how Tarbell learned of the alleged fraud.

The First Amended Complaint instead relies only on information available from public sources, including SBA PPP loan data, tax-exempt organization databases, public Form 990 information, and public materials concerning PPP eligibility. Those sources may show that Tarbell searched public records, but they do not supply the missing elements of an FCA claim.

ACC's PPP materials were prepared with the assistance of its tax preparer and banker. The SBA approved the applications and loan forgiveness. ACC denies that it submitted false information or engaged in fraudulent conduct. (see Declaration of Justin Zaputil attached as Exhibit A).

## AGRUMENT

### I. Tarbell Fails to Plausibly Plead That ACC Acted Knowingly.

An FCA claim requires the relator to plead that: "(1) the defendant made a claim against the United States; (2) the claim was false or fraudulent; and (3) the defendant knew the claim was false or fraudulent." *Thayer v. Planned Parenthood of the Heartland, Inc.*, 11 F.4th 934, 938 (8th Cir. 2021) (quoting *In re Baycol Prods. Litig.*, 732 F.3d 869, 875 (8th Cir. 2013)).

The knowledge element is the FCA's scienter requirement. *United States ex rel. Schutte v. SuperValu Inc.*, 598 U.S. 739, 749 (2023). The statute defines "knowing" and "knowingly" to require actual knowledge, deliberate ignorance, or reckless disregard. 31 U.S.C. § 3729(b)(1).

Tarbell's pleading fails at this basic element. The First Amended Complaint does not allege facts showing that anyone at ACC knew any PPP statement was false when made. Nor does it plead facts showing deliberate ignorance or reckless disregard. It simply asserts, in group fashion, that defendants acted knowingly. That type of allegation is precisely what *Iqbal* and *Twombly* reject.

The current state of the law in the Eighth Circuit is clear on this point. In *United States ex rel. Ambrosecchia v. Paddock Laboratories, LLC*, the court affirmed dismissal where the complaint offered "no more than the simple, conclusory allegation that defendants' actions were knowing." 855 F.3d 949, 955 (8th Cir. 2017). The court held that a "formulaic recitation of the elements" was insufficient. *Id.* (quoting *Iqbal*, 556 U.S. at 678). Likewise, in *United States ex rel. Strubbe v. Crawford County Memorial Hospital*, the Eighth Circuit affirmed dismissal where the complaint suffered from the same lack of information. 915 F.3d 1158, 1167–68 (8th Cir. 2019).

The same defect exists here. Tarbell alleges no facts showing that ACC knew it was ineligible for PPP relief, knew that any representation was false, or intended to

mislead the government. To the contrary, Plaintiff cannot plead it because it would be factually untrue. The ACC's PPP materials were prepared with the assistance of its tax preparer and banker, and the SBA approved both the applications and forgiveness. (See attached Affidavit) Those circumstances are inconsistent with the unsupported inference that ACC knowingly lied to the government.

Because Tarbell has not plausibly pleaded scienter, its FCA claims against ACC should be dismissed under Rule 12(b)(6).

**II. Tarbell Does Not Plead Fraud with the Particularity Required by Rule 9(b)**

The First Amended Complaint also fails because it does not plead the alleged fraud with particularity. *Thayer*, 11 F.4th at 939. Rule 9(b), requires sufficient detailed pleading regarding critical facts in order to sustain the claim. *Holt*, 115 F.4th at 916. Those factual specifics are lacking here. Dismissal is appropriate when the complaint does not meet these requirements. *Id.* at 916–17.

Tarbell's pleadings do not identify the alleged false statement made by ACC, the person who made it, the date or setting in which it was made, or how Tarbell came to know that the statement was false. The pleadings instead move from public-record information to the conclusion that fraud occurred. Rule 9(b) does not allow that shortcut.

Recent FCA authority confirms that a relator cannot proceed on allegations of PPP fraud without pleading the required particulars. See *United States ex rel. Lesko v. Minn. Orchestral Ass'n*, No. 23-3216, 2025 WL 1953120, at *2 (D. Minn. July 16, 2025) (dismissing FCA claim against nonprofit accused of PPP fraud for failure to satisfy Rule 9(b)). Tarbell's allegations against ACC are no more particularized. The claims should therefore be dismissed.

## III. The Public Disclosure Bar Independently Requires Dismissal

The FCA's public disclosure bar provides an independent basis for dismissal. The statute requires dismissal of a qui tam action if "substantially the same allegations or transactions as alleged in the action or claim were publicly disclosed" in qualifying sources unless the relator is an original source. 31 U.S.C. § 3730(e)(4)(A). The Eighth Circuit explains that dismissal is required when "(1) the defendant has shown public disclosure under § 3730(e)(4)(A), and (2) the relator does not fit § 3730(e)(4)(B)'s definition of 'original source.'" *United States v. CSL Behring, L.L.C.*, 855 F.3d 935, 941 (8th Cir. 2017) (quoting *United States ex rel. Paulos v. Stryker Corp.*, 762 F.3d 688, 692 (8th Cir. 2014)).

### *A. Tarbell's Allegations Rely Soley on Publicly Disclosed Information*

The facts Tarbell relies upon were publicly available before this action was even filed. SBA PPP loan data is publicly available and includes information concerning loan

recipients, loan amounts, approval dates, forgiveness information, and business type. Public tax-exempt information is available through the IRS Tax Exempt Organization Search, public Form 990 materials, ProPublica's Nonprofit Explorer, Cause IQ, and the Iowa Secretary of State's business records. Information concerning PPP eligibility for different categories of nonprofit organizations derives from public acts of Congress and related public reporting, including the Consolidated Appropriations Act, 2021, Pub. L. No. 116-260, § 318, 134 Stat. 2013 (Dec. 27, 2020), and the American Rescue Plan Act of 2021, Pub. L. No. 117-2, § 5001, 135 Stat. 82 (March 11, 2021).

All of these are qualifying public sources, of which Courts may take judicial notice. See Fed. R. Evid. 201; *Missourians for Fiscal Accountability v. Klahr*, 830 F.3d 789, 793 (8th Cir. 2016) (citing *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 648 (7th Cir. 2011)). The Supreme Court has also held that an agency's written response to a FOIA request qualifies as a "report" for purposes of the FCA public disclosure bar. *Schindler Elevator Corp. v. United States ex rel. Kirk*, 563 U.S. 401, 410 (2011).

The Eighth Circuit applies the public disclosure bar broadly. In *United States ex rel. Kraxberger v. Kansas City Power & Light Co.*, 756 F.3d 1075, 1079 (8th Cir. 2014), the court affirmed dismissal where the relator's claim was based on allegations disclosed through the news media and a FOIA response. The court emphasized the "broad sweep" of public disclosure sources. *Id.* (discussing *Graham Cnty. Soil & Water Conservation Dist. v. United States ex rel. Wilson*, 559 U.S. 280, 290 (2010)). The Eighth

Circuit likewise upheld dismissal where the substantially same allegations had been publicly disclosed. *Stryker Corp.*, 762 F.3d at 693.

The same result is warranted here. Tarbell's pleadings do not reveal independent, non-public information about ACC. They assemble public facts and then characterize those facts as fraud. The public disclosure bar forecloses that approach.

***B. Tarbell Has Not Pleaded That It Is an Original Source***

Because Tarbell's allegations are based solely on publicly available information, Tarbell must plead facts showing that it qualifies as an "original source." 31 U.S.C. § 3730(e)(4)(B). An original source is a person who either voluntarily disclosed the information to the government before the public disclosure or has knowledge that is independent of and materially adds to the publicly disclosed allegations or transactions and voluntarily provided that information to the government. *Ambrosecchia,* 855 F.3d at 954; 31 U.S.C. § 3730(e)(4)(B).

Tarbell does not plead facts satisfying either route. The First Amended Complaint does not allege that Tarbell voluntarily disclosed relevant information to the government before filing suit. It also does not identify any independent knowledge that materially adds to the public information on which its allegations rest. Lacking explanation how it obtained any ACC-specific information beyond public sources, and

not identifying any non-public information that adds to those sources, Relator's claim must fail.

**IV. Tarbell Has Not Pleaded a Material Misrepresentation**

Even apart from the pleading and public-disclosure defects, Tarbell's claim fails because it does not plausibly allege a material misrepresentation. The FCA's materiality requirement is "demanding." *Universal Health Servs., Inc. v. United States*, 579 U.S. 176, 192 (2016). The statute is not designed to impose liability for every alleged regulatory misstep or technical disagreement. *Id.* at 194.

Materiality is especially lacking where the government pays or approves a claim despite knowledge of the relevant facts. As the Supreme Court explained, "[i]f the Government pays a particular claim in full despite its actual knowledge that certain requirements were violated, that is very strong evidence that those requirements are not material." *Id.* at 195. The Fifth Circuit has similarly recognized that continued government payment may be "very strong evidence" of immateriality. *United States ex rel. Harman v. Trinity Industries*, 872 F.3d 645, 665 (5th Cir. 2017).

Here, the government approved ACC's PPP materials and forgave the loan. Tarbell's own theory depends on information that was publicly available and accessible to the government. If the government approved and forgave the PPP loan with access to

the relevant tax-exempt and loan information, Tarbell cannot plausibly plead that the alleged eligibility issue was material to the government's payment decision.

This is not a case where the relator alleges hidden facts known only to the defendant. Tarbell's theory is built on public records. That makes its materiality allegations even weaker. A relator cannot convert publicly available eligibility information into an FCA claim merely by asserting, after the fact, that the government should have reached a different conclusion.

**V. Congress Confirmed Eligibility for Additional Covered Nonprofit Entities During the Covered Period**

Tarbell's theory also fails because Congress expanded PPP eligibility through the American Rescue Plan Act of 2021. That Act amended 15 U.S.C. § 636(a)(36) to include "additional covered nonprofit entit[ies]," including certain 501(c)(7) organizations, for PPP "covered loans" during the statutory "covered period." See American Rescue Plan Act of 2021, Pub. L. No. 117-2, § 5001, 135 Stat. 82 (March 11, 2021); 15 U.S.C. § 636(a)(36)(A).

The statutory language matters. By using the PPP statute's defined terms, Congress addressed eligibility within the covered loan framework rather than creating a fraud remedy against entities whose PPP materials the SBA had approved. Tarbell's pleading does not plausibly allege that ACC knowingly lied to the government in light

of Congress's subsequent confirmation that additional nonprofit entities were eligible within the PPP program.

ACC received notice of PPP forgiveness payment dated April 7, 2020, had an application form dated January 13, 2021, submitted a loan forgiveness application form dated June 7, 2021, and received notice of PPP forgiveness dated June 22, 2021. Those materials show SBA approval and forgiveness. They do not support an inference of fraud.

**VI. ACC's Circumstances Further Undermine Any Inference of Fraud**

The First Amended Complaint also fails to account for ACC's actual circumstances. Although ACC was characterized as a 501(c)(7) entity, its restaurant and dining operations were open to the public and not limited to private club use. Golf activities were also open to the public for players who were not residents of ACC. The PPP funds were used almost exclusively to support salaries and maintenance associated with the restaurant and dining facilities.

Those facts do not fit Tarbell's conclusory theory that ACC knowingly defrauded the government. At most, Tarbell identifies a technical eligibility theory based on public records. It does not plead facts showing that ACC acted with actual knowledge, deliberate ignorance, or reckless disregard. It does not plead a particular false

statement. It does not plead an original source of information. And it does not plead materiality under the demanding FCA standard.

## CONCLUSION

Tarbell's First Amended Complaint does not state a claim against ACC. It relies on generalized allegations, public-record information, and conclusory assertions of knowledge. It does not plead Appanoose-specific facts showing scienter, does not satisfy Rule 9(b), does not overcome the public disclosure bar, and does not plausibly allege materiality.

ACC joins and incorporates the arguments, authorities, and legal grounds set forth in Dkt. Nos. 128 and 128-1 to the extent applicable. For the other reasons stated above, ACC respectfully requests that the Court grant its Motion to Dismiss and dismiss Tarbell's Complaint and First Amended Complaint against ACC with prejudice. ACC further requests an award of attorney fees and such other relief as the Court deems just and proper.

Respectfully Submitted,

CARNEY & APPLEBY, P.L.C.

______________________________
Michael J. Carroll (AT0001311)
303 Locust Street, Suite 400
Des Moines IA 50309-1770
Telephone: 515/282-6803
Facsimile: 515/282-4700
E-mail: mike@carneyappleby.com
ATTORNEY FOR DEFENDANT

/s/ James W. Carney
James W. Carney (AT0001327)
303 Locust Street, Suite 400
Des Moines IA 50309-1770
Telephone: 515/282-6803
Facsimile: 515/282-4700
E-mail: carney@carneyappleby.com
ATTORNEY FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I hereby certify that on September 9, 2026, the foregoing instrument was served upon the parties to this action by serving a copy upon each of the attorneys of record.

Carney & Appleby Law Firm
By: /s/Michael Carroll
400 Homestead Building
303 Locust Street
Des Moines, IA 50309
515-282-6803
515-282-4700 (fax)
ATTORNEY FOR DEFENDANT

Carney & Appleby Law Firm
By: /s/James W. Carney
400 Homestead Building
303 Locust Street
Des Moines, IA 50309
515-282-6803
515-282-4700 (fax)
ATTORNEY FOR DEFENDANT