**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF IOWA**

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel.,<br>THE TARBELL GROUP, LLC,<br>Plaintiff,<br>vs.<br><br>ADAMS COMMUNITY ECONOMIC DEVELOPMENT CORPORATION; AGRIBUSINESS ASSOCIATION OF IOWA; AMES GOLF AND COUNTRY CLUB; APPANOOSE COUNTRY CLUB; ASPEN GROVE CEMENTARY ASSOCIATION; ALANTIC GOLF & COUNTRY CLUB; AUDUBON GOLF AND COUNTRY CLUB; BLOOMFIELD COUNTRY CLUB; BROTHERHOOD OF LOCOMOTIVE ENGINEERS GENE; CENTERVILLE CHAMBER OF COMMERCE; COLUMBUS CLUB INC.; CRESTMOOR GOLF CLUB INC.; THE DES MOINES EMBASSY CLUB; FRATERNAL ORDER OF EAGLES AERIE 3876; GENEVA GOLF & CONTRY CLUB; HAPPY HOLLOW COUNTRY CLUB; INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL; IOWA TURKEY FEDERATION INC.; KYC INC.; KALONA AREA CHAMBER OF COMMERCE; LAKEVIEW GOLD & COUNTRY CLUB; LAKEVIEW COUNTRY CLUB OF MADION COUNTY IOWA INC.; LOGAN MISSOURI VALLEY COUNTRY CLUB; MECHANICAL CONTRACTORS ASSOCIATION OF IOWA INC.; MUSCATINE COUNTY FAIR; MUSCATINE MUTUAL INSURANCE | Case No. 4:25-cv-119-RBE-SBJ<br><br>**APPANOOSE COUNTRY CLUB'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT** |

| | |
|---|---|
| ASSOCIATION; OAKDALE MEMORIAL GARENCS INC; THE OUTING CLUB,<br><br>Defendants. | |

COMES NOW Defendant, Appanoose Country Club ("ACC"), and submits this reply to Relator's consolidated opposition, Dkt. 141. ACC maintains its joinder in Dkt. 128 and Dkt. 128-1 to the extent applicable to ACC. This reply addresses Relator's arguments regarding proposed scienter inference, its treatment of ACC's distinct forgiveness certifications, and its response to the public disclosure defense. It also addresses Relator's objection to the Justin Zaputil declaration and clarifies the statutory basis and conditional nature of ACC's request for attorney fees.

**I. The Opposition Does Not Supply The Missing Factual Basis For ACC's Knowledge of Falsity.**

Relator argues that the published rule, application form, certification, repeated submissions, and membership facts together establish scienter. Dkt. 141, at 28–31. ACC does not contend that specific intent to defraud is required or that knowledge must be alleged with particularity. The statute reaches actual knowledge, deliberate ignorance, and reckless disregard, without requiring specific intent to defraud. 31 U.S.C. § 3729(b)(1). Rule 9(b) permits knowledge to be alleged generally. But general pleading does not dispense with a plausible factual basis for the asserted state of mind. *Ashcroft v. Iqbal, 556 U.S. 662* (2009), Part IV.C.

Instead, Relator's inference must be assessed against the facts alleged concerning ACC. Paragraph 13 identifies ACC's tax classification and alleges that golf directories

designate it private, it publishes no green fees, and its facilities are restricted to members and guests. The counts then assert knowledge because ACC allegedly was ineligible. Dkt. 92, ¶¶ 13, 60, 66, 72, 80, 87, 94. That reasoning describes the asserted eligibility defect, but does not separately explain why ACC knew its certifications were false or acted with the statutory degree of disregard.

*United States ex rel. Schutte v. SuperValu Inc.*, 143 S. Ct. 1391 (2023), Part II.A, focuses the inquiry on the defendant's knowledge and beliefs when it submitted the claim. ACC does not invoke a hypothetical reasonable interpretation as a safe harbor. Nor does ACC claim that ambiguity alone defeats scienter. Schutte rejected those propositions. *Id.*, Part II.B. ACC instead challenges the sufficiency of the factual foundation for the inference Relator asks the Court to draw.

The opposition reasons that an applicant either read the rules and knew it was ineligible or failed to read them and therefore acted in deliberate ignorance. Dkt. 141, at 30. That formulation assumes the disputed conclusion. A certification and the clarity of an applicable rule may support a scienter inference, but the Court must assess the pleaded facts and circumstances rather than treat every incorrect certification as necessarily knowing. The complaint identifies no facts even hinting at ACC acknowledgment of ineligibility, any warning directed to ACC, any concealment of its classification, or decision to disregard a known eligibility problem. Those particular allegations are not mandatory; their absence matters because the remaining allegations principally equate ineligibility with knowledge.

Relator's reliance on *United States ex rel. Sheldon v. Allergan Sales, LLC,* 170 F.4th 227 (4th Cir. 2026), as amended March 19, 2026, does not eliminate that distinction. *Sheldon* correctly recognizes that direct proof is unnecessary before discovery and scienter may be alleged generally. *Id.*, Part IV.B. Its sufficiency determination nevertheless rested on concrete allegations of the defendant's rulemaking letter, the agency's response, an audit, selective changes to practices, and continued challenged reporting. *Id.*, Part IV.C. The complaint alleges no comparable conduct tying ACC to awareness of the disputed eligibility interpretation. ACC does not demand *Sheldon's* particular facts, but there has to be a plausible factual connection supporting the required statutory mental state.

Relator also discusses Treynor's alteration of its application form and other clubs' sponsorship, board approval, or shareholding requirements. Dkt. 141, at 29–31. Those are not allegations about ACC. Paragraph 13 alleges no such admission procedure, and the complaint alleges no coordinated application process that would attribute another borrower's conduct to ACC. Knowledge of ACC's operations is relevant, but it does not automatically establish knowledge that ACC's certification was false.

A. The Court should exclude the declaration and decide the pleading challenge without conversion.

Relator characterizes the Justin Zaputil declaration as testimony outside the pleadings and asks the Court either to exclude it or to convert the motion and permit discovery. Dkt. 141, at 31–32. ACC does not ask the Court to treat the declaration as a document embraced by the First Amended Complaint. For purposes of deciding this

motion, ACC expressly requests that the Court exclude the declaration, Dkt. 132-2, from its consideration of the Rule 12(b)(6) challenge.

**II. The Forgiveness Claims Require Analysis of ACC's Actual Alleged Certifications.**

Relator characterizes forgiveness as a second encounter with the eligibility requirements. Dkt. 141, at 30. The complaint, however, attributes different certifications to ACC's two forgiveness applications. The first concerned the truth and accuracy of submitted information; the second concerned compliance with program requirements. Dkt. 92, ¶¶ 77, 85, 91(b), 92(b). The first cannot simply be treated as the broader certification attributed to other borrowers.

Relator must identify how the information or representation attributed to ACC was false or misleading and plausibly allege the required knowing conduct. The forgiveness counts again assert knowledge because the underlying loans allegedly were ineligible. Id., ¶¶ 80, 87, 94. They identify no intervening warning or other ACC conduct adding a factual basis for knowledge. Repetition and the form's warning about possible denial are relevant circumstances, but they do not relieve Relator of pleading the statutory mental state for each challenged submission. See 31 U.S.C. § 3729(a)(1)(A), (B).

Materiality likewise requires consideration of the particular alleged misrepresentation, not merely the necessity of signing a form. *Universal Health Services, Inc. v. United States ex rel. Escobar*, 579 U.S. 176, 193–95 & n.6 (2016), treats an express payment condition as relevant but not dispositive and requires facts supporting materiality at the pleading stage. ACC acknowledges that initial eligibility may go to the essence of the

program. Its narrower objection is that the Court should identify the alleged false information underlying each forgiveness certification and assess its significance separately. ACC does not equate approval or forgiveness with immateriality, or public accessibility with actual government knowledge of a violation.

**III. The Absence of Public Completed Applications Does Not End The Public Disclosure Analysis.**

Relator argues that the public-disclosure bar does not apply because ACC's completed applications and the knowingly false character of its certifications were not publicly disclosed. Dkt. 141, at 10–13. ACC's response is not that disclosure of a loan alone establishes fraud. It is that the absence of a publicly available completed application does not end the inquiry. The question is whether qualifying disclosures, considered together, already revealed "substantially the same allegations or transactions" on which Relator's claim rests. See 31 U.S.C. § 3730(e)(4)(A). In *United States v. CSL Behring*, L.L.C., 855 F.3d 935 (8th Cir. 2017), Part II.A–B, the Eighth Circuit considered disclosures from different qualifying sources together and affirmed dismissal because they collectively revealed the essential elements of the alleged fraud. The analysis therefore turns on what the disclosures revealed, not simply whether they included the completed document containing the alleged misrepresentation.

Applied here, that inquiry requires separate consideration of Relator's tax-classification and private-club theories of ACC's alleged ineligibility. For the tax-classification theory, ACC asks the Court to compare Relator's allegations with qualifying disclosures identifying ACC's classification, the dates and circumstances of its PPP loans,

and the eligibility representation required to obtain them. The issue is whether those disclosures collectively exposed the alleged false representation and supported a reasonable inference of knowing fraud—not merely whether they showed that ACC received a loan. Each source's statutory qualification, disclosure date, and actual content must be established. ACC does not ask the Court to infer those matters merely because information was publicly accessible.

*Grant ex rel. United States v. Zorn*, 107 F.4th 782 (8th Cir. 2024), Part II.A.1, requires that distinction. There, the audit letters described billing errors and offered remedial education; considered in context, they did not support a reasonable inference of knowing fraud. ACC does not contend that disclosure of loan receipt, tax status, or an eligibility rule automatically satisfies that standard. ACC instead advances an alternative argument: it maintains that Relator has not plausibly alleged knowing falsity, but if the Court accepts Relator's inference from ACC's classification, the applicable requirements, and the alleged certification, it should determine whether qualifying public disclosures already supplied substantially the same factual basis for that inference. This alternative argument assumes Relator's inference for purposes of the defense; it does not concede that ACC committed fraud. It also requires an actual comparison of the disclosures and the allegations, rather than an assumption that every fact alleged in the complaint was publicly disclosed.

Relator's reliance on *United States ex rel. Relator, LLC v. Erskine*, 182 F.4th 785 (9th Cir. 2026), Parts III.A–B, underscores the need for that comparison. *Erskine* reversed a PPP public-disclosure dismissal because the published industry code did not reveal whether the borrower fell outside exceptions to the eligibility exclusion. The court also rejected the

contention that the borrower's business website qualified as news media on the record before it. *Erskine* does not establish that completed applications must invariably be public; it requires scrutiny of whether the qualifying disclosures actually supply the facts necessary to expose the alleged fraud. ACC's tax-classification defense therefore depends on whether the qualifying disclosures here reveal the relevant classification and circumstances of alleged ineligibility, rather than merely a general business description that leaves eligibility unresolved.

The private-club theory presents an additional source question. Relator disputes that any enumerated source disclosed the membership practices underlying that theory. ACC does not ask the Court to assume that a club website qualifies as news media merely because anyone can access it. The defense reaches the private-club allegations only if materials properly before the Court establish qualifying disclosures that expose the essential facts supporting that alleged fraud. Accordingly, ACC requests dismissal under § 3730(e)(4) only to the extent the required disclosure is established, the Government does not oppose dismissal, and the original-source exception does not apply. Any inability to resolve that defense on the present materials is separate from ACC's argument that the complaint fails to plausibly allege knowing conduct.

**IV. ACC'S Request For Attorney Fees Is Governed By 31 U.S.C. § 3730(d)(4), Not By Dismissal Alone.**

Relator correctly identifies 31 U.S.C. § 3730(d)(4) as the provision governing ACC's request for attorney fees in this relator-conducted action. Dkt. 141, at 46–47. ACC clarifies that its request is made under that provision. Section 3730(d)(4) permits, but does not

require, an award of reasonable attorney fees and expenses when the Government does not proceed with the action, the relator conducts it, the defendant prevails, and the Court finds that the relator's claim was clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment.

ACC does not contend that dismissal, even dismissal with prejudice, automatically establishes any of those statutory grounds. Nor does ACC ask the Court to infer frivolousness or harassment merely because Relator's allegations are insufficient. The merits of ACC's dismissal arguments and any entitlement to fees present separate questions, and the request for fees does not lower the statutory threshold.

Relator's reliance on other PPP cases and settlements does not resolve whether the statutory standard could be met as to the claim against ACC. The circumstances of those matters may bear on the reasonableness of Relator's position, but they are not a substitute for examining the basis for the claim against this defendant. Conversely, ACC's objections to collective allegations and the sufficiency of the scienter allegations do not, standing alone, establish entitlement to a fee award.

ACC accordingly preserves only a conditional request under § 3730(d)(4). It does not seek an immediate award on the present briefing. If ACC prevails and can support the required statutory finding, it may present a separate, timely motion identifying the factual and legal basis for the requested award and the reasonable fees and expenses sought, subject to applicable procedural requirements and any order of the Court. ACC requests that no entitlement to fees be determined now. If the Court treats the existing prayer as a present application for fees, ACC asks that it be denied without prejudice to a properly

supported, timely application after disposition. Relator's objection to the original request supplies no reason to deny ACC's independently supported motion to dismiss.

**CONCLUSION**

ACC respectfully requests dismissal of the First Amended Complaint against ACC for failure to plausibly allege knowing conduct and on the additional grounds established by the materials properly before the Court. ACC maintains its request for dismissal with prejudice where amendment would be futile. The Court can address these pleading deficiencies without deciding that later legislation retroactively validated ACC's earlier certifications or resolving the disputed declaration testimony. ACC expressly requests exclusion of the Justin Zaputil declaration from consideration of its Rule 12(b)(6) motion, rather than conversion to summary judgment. Its request for attorney fees is limited to the conditional request under 31 U.S.C. § 3730(d)(4) described above; ACC does not request an immediate fee award.

Respectfully Submitted,

CARNEY & APPLEBY, P.L.C.



Michael J. Carroll (AT0001311)
303 Locust Street, Suite 400
Des Moines IA 50309-1770
Telephone: 515/282-6803
Facsimile: 515/282-4700
E-mail: mike@carneyappleby.com
ATTORNEY FOR DEFENDANT

/s/ James W. Carney
James W. Carney (AT0001327)
303 Locust Street, Suite 400
Des Moines IA 50309-1770
Telephone: 515/282-6803
Facsimile: 515/282-4700
E-mail: carney@carneyappleby.com
ATTORNEY FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I hereby certify that on October 15, 2026, the foregoing instrument was served upon the parties to this action by serving a copy upon each of the attorneys of record.

Carney & Appleby Law Firm
By: /s/Michael Carroll
400 Homestead Building
303 Locust Street
Des Moines, IA 50309
515-282-6803
515-282-4700 (fax)
ATTORNEY FOR DEFENDANT

Carney & Appleby Law Firm
By: /s/James W. Carney
400 Homestead Building
303 Locust Street
Des Moines, IA 50309
515-282-6803
515-282-4700 (fax)
ATTORNEY FOR DEFENDANT