**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**

| | |
|---|---|
| United States of America ex rel. The Tarbell Group, LLC,<br><br>Plaintiff<br><br>v.<br><br>Adams Community Economic Development Corporation, et al.,<br><br>Defendants | Case no. 4:25-cv-119-RGE-SBJ |

**RELATOR'S OPPOSITION TO DEFENDANT GREEN ACRES CLUB'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

## I. Introduction

Plaintiff-Relator The Tarbell Group, LLC ("Relator") opposes the motion of defendant Green Acres Club ("Green Acres") to dismiss the First Amended Complaint, Dkt. 92 ("Complaint" or "Compl."). Dkt. 168. Green Acres was not among the thirty defendants whose six motions and two joinders Relator answered in its Consolidated Opposition to Defendants' Motions to Dismiss the First Amended Complaint, Dkt. 141 ("Consolidated Opposition" or "Consol. Opp."). Its motion, filed on October 22, 2026, joins in three of those motions and in an earlier motion directed at the original complaint, advances largely the same grounds those defendants advanced, and relies largely on authorities the Consolidated Opposition addresses. Dkt. 168, ¶¶ 3, 7, 9; Dkt. 168-1, at 2-3, 15. To spare the Court a second reading of the same arguments, Relator adopts and incorporates the Consolidated Opposition by reference, including its statement of the case and of the governing legal standards, Consol. Opp., at 1-3, 6-8, and confines this brief to what Green Acres adds. The table in Part II below lists each ground Green Acres asserts, where Green Acres

raises it, and where the Consolidated Opposition answers it. Part III addresses the matters specific to Green Acres. None of the grounds supports dismissal.

Two features of the motion deserve mention at the outset.

First, Green Acres' brief confirms the facts on which the claim against it rests. Green Acres does not deny that it is exempt from taxation under section 501(c)(7), and it recites that it signed its loan application on April 9, 2020 and its forgiveness application on August 11, 2020. Dkt. 168-1, at 14. The PPP excluded section 501(c)(7) organizations until March 11, 2021. Compl. ¶ 47. The American Rescue Plan Act ("ARPA"), which Green Acres invokes as Congress's "subsequent confirmation" of eligibility, was enacted after Green Acres' loan had been applied for, approved, disbursed, and forgiven—in other words, after its False Claims Act violation was complete.

Second, Green Acres devotes its final section to what it calls its "actual circumstances," chiefly that its restaurant and golf course were open to the public. Dkt. 168-1, at 14-15. The assertions are unsworn and outside the pleadings, and they answer a claim not contained in the Complaint, which does not allege that Green Acres is a private club. Compl. ¶¶ 21, 69.

## II. Summary of the Grounds Asserted and Where Each Is Answered

| Ground asserted | Raised by Green Acres (docket number, paragraph or internal page) | Response |
|---|---|---|
| Scienter not plausibly pleaded | Dkt. 168, ¶ 9(i); Dkt. 168-1, at 5-7, 15 | Consol. Opp., at 26-32; Part III.B below |
| Rule 9(b) particularity | Dkt. 168, ¶ 9(ii); Dkt. 168-1, at 7-8 | Consol. Opp., at 22-26; Part III.B below |
| Public disclosure bar, 31 U.S.C. § 3730(e)(4), and failure to plead original source facts | Dkt. 168, ¶ 9(iii); Dkt. 168-1, at 9-12 | Consol. Opp., at 8-19 |
| Materiality: SBA approved and forgave the loan with "access" to public information | Dkt. 168-1, at 12-13 | Consol. Opp., at 32-35; Part III.D below |

| **Ground asserted** | **Raised by Green Acres (docket number, paragraph or internal page)** | **Response** |
|---|---|---|
| ARPA "confirmed" eligibility | Dkt. 168-1, at 13-14 | Consol. Opp., at 28, 35-38; Part III.C below |
| Green Acres' "actual circumstances": advisers, public dining and golf, use of proceeds | Dkt. 168, ¶ 10; Dkt. 168-1, at 4, 11, 14-15 | Consol. Opp., at 31-32; Part III.D below |
| Joinder in Dkt. 128, 130, and 132, and in Dkt. 70 | Dkt. 168, ¶¶ 3, 7-9; Dkt. 168-1, at 2-3, 15 | Dkt. 70 was directed at the original complaint, which the Complaint has superseded. Consol. Opp., at 8-32; Part III.A below |
| Dismissal with prejudice, and attorney fees | Dkt. 168, at 4; Dkt. 168-1, at 3, 15-16 | Consol. Opp., at 46-48 |

## III. Argument

### A. Green Acres' joinders add nothing that the Consolidated Opposition does not answer.

Green Acres "joins in and adopts the substantive grounds for dismissal" presented in three of the motions directed at the Complaint, "to the extent applicable to the allegations against Green Acres Club": the motion of the thirteen defendants represented by Weinhardt & Lantz (the "W&L Defendants"), Dkt. 128, the motion and joinder of The Des Moines Embassy Club, Urbandale Golf and Country Club, and Washington Golf & Country Club, Dkt. 130, and the motion of Appanoose Country Club, Dkt. 132. Dkt. 168, ¶ 3. Green Acres identifies the grounds it adopts as the failure to plead a plausible claim, the failure to plead with particularity, and the public disclosure bar. *Id.*, ¶ 9. The Consolidated Opposition answers each of those motions on each of those grounds. Consol. Opp., at 3-6, 8-32. Relator adopts that answer in full.

Green Acres also "joins and incorporates" the arguments and authorities in Dkt. 70. Dkt. 168-1, at 2-3, 15; Dkt. 168, ¶ 7. Dkt. 70 is a motion that defendants represented by Weinhardt & Lantz directed at the original complaint on June 25, 2026. The Complaint has since superseded that pleading. Dkt. 126, at 5 ("The First Amended Complaint (Dkt. 92) will stand as the operative

complaint."); *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000) ("[A]n amended complaint supercedes an original complaint and renders the original complaint without legal effect."). The W&L Defendants renewed their motion against the Complaint in Dkt. 128, which the Consolidated Opposition answers. To the extent Green Acres means to adopt something in Dkt. 70 that the W&L Defendants did not carry forward, it does not say what, and an argument directed at a superseded pleading supplies no ground for dismissing the operative one.

**B. Green Acres' new authorities on scienter and Rule 9(b) do not support dismissal.**

Green Acres' arguments on scienter and Rule 9(b), Dkt. 168-1, at 5-8, are answered by the Consolidated Opposition. Consol. Opp., at 22-32. Its contention that the Complaint pleads no "Green Acres Club-specific facts," Dkt. 168-1, at 3, 5, 15, elides the allegations that identify its tax status, its application address, its loan by number, the dates and amounts of approval and forgiveness, and the words of each certification. Compl. ¶¶ 21, 57, 77 & attached loan table.

Green Acres adds four authorities that call for a brief response.

First, Green Acres quotes *Hindo v. Univ. of Health Scis.*, 65 F.3d 608, 613 (7th Cir. 1995) for the proposition that "the claim must be a lie." Dkt. 168-1, at 6. That overstates the case, as *Hindo* acknowledged in the same passage. *Hindo* reviewed a judgment entered at trial after the plaintiff had presented his evidence, 65 F.3d at 610, and stated that "[w]hat constitutes the offense is not intent to deceive but knowing presentation of a claim that is either fraudulent or simply false." *Id.*, at 613 (citation omitted). *Hindo* was quoted by *United States ex rel. Quirk v. Madonna Towers, Inc.*, 278 F.3d 765, 767 (8th Cir. 2002) in affirming a summary judgment, not a motion to dismiss. Neither decision addresses what a complaint must plead, and the Complaint alleges what the Act requires: a certification of eligibility that was false, made with "knowledge" as the Act broadly defines it. Compl. ¶¶ 57, 60; Consol. Opp., at 26-27; *see* 31 U.S.C. § 3729(b)(1).

Second, *United States ex rel. Dunn v. N. Mem'l Health Care*, 739 F.3d 417 (8th Cir. 2014), affirmed the dismissal of a complaint that rested on "the broad allegation that every claim submitted from 1996 until the present is false" in place of representative examples. *Id.*, at 420. The Complaint identifies Green Acres' claim by loan number, date, and amount, and Green Acres does not deny making it.

Third, *Olson v. Fairview Health Servs. of Minn.*, 831 F.3d 1063 (8th Cir. 2016), affirmed a dismissal where defendant had claimed benefits as a "children's hospital," a vague term as to which the defendant had inquired of the pertinent state agency. *Id.*, at 1070-72. Green Acres identifies no ambiguity in a rule that named the eligible nonprofits by paragraph, Consol. Opp., at 28, and "facial ambiguity alone is not sufficient to preclude a finding that respondents knew their claims were false." *United States ex rel. Schutte v. SuperValu Inc.*, 598 U.S. 739, 749 (2023).

Fourth, Green Acres cites *United States ex rel. Lesko v. Minn. Orchestral Ass'n*, No. 23-cv-3216, 2025 U.S. Dist. LEXIS 135122 (D. Minn. July 16, 2025), for its ruling under Rule 9(b). Dkt. 168-1, at 8. The Consolidated Opposition addresses *Lesko*'s public disclosure ruling. Consol. Opp., at 17-18. The relator there alleged that an orchestra understated its headcount on its application. The court held the allegation insufficient because the application form "did not define 'employee' or provide instructions as to how to calculate that number," the relator did "not allege that the Orchestra had more than 500 employees on its payroll when it applied for the loan," and she conceded that the tax-return figure from which she inferred falsity was "likely to be higher" than a count made on the program's terms. 2025 U.S. Dist. LEXIS 135122, at *6-7. The complaint failed because it gave no sufficient reason to think the defendant had made a false representation. Falsity here is clear. Section 501(c)(7) organizations were excluded until March 11, 2021, Green

Acres does not deny that it is one, and confirms that it applied in April 2020, certifying that it was eligible when it was not. Dkt. 168-1, at 14; Compl. ¶¶ 21, 47, 57, 60.

**C. ARPA is not relevant to a loan that was applied for, approved, and forgiven before its enactment.**

Green Acres states that its borrower application was signed on April 9, 2020, that its note is dated April 16, 2020, that its loan was disbursed on April 21, 2020, and that its forgiveness application was signed on August 11, 2020. Dkt. 168-1, at 14. Those dates agree with the Complaint, which pleads approval on April 16, 2020 and forgiveness on November 23, 2020. Compl., attached loan table. ARPA was enacted on March 11, 2021. By then every certification Green Acres made had been made, and its loan had been forgiven. Whatever ARPA might have done for an organization that applied after its enactment, it did nothing for Green Acres. Consol. Opp., at 28, 35-38.

**D. Green Acres' assertions about its "actual circumstances" are outside the pleadings and would not defeat the claim.**

Green Acres asserts that its application was prepared with the assistance of its tax preparer and banker, that its restaurant and golf course were open to the public, and that the loan proceeds were used "almost exclusively" for salaries and maintenance. Dkt. 168, ¶ 10; Dkt. 168-1, at 4, 14-15. None of this appears in the Complaint. It is offered in a brief, supported by no declaration and no document, and it stands on weaker footing than the declaration the Consolidated Opposition addresses. Consol. Opp., at 31. Were the assertions properly before the Court, they would not support dismissal, for three reasons.

First, the public character of Green Acres' dining room and golf course answers a claim the Complaint does not make. The Complaint pleads two causes of action against Green Acres, the first, on its loan application, and the fourth, on its forgiveness application. Compl. ¶¶ 55-61, 74-81. It does not number Green Acres among the second-draw borrowers or the Private Club

defendants, to whom the other four causes of action are confined. *Id.*, ¶¶ 63, 69, 83, 90. Green Acres was ineligible because it was a section 501(c)(7) organization whose loan was approved before March 11, 2021. *Id.*, ¶¶ 21, 47, 60 & attached loan table. That exclusion did not depend on whether an organization admitted the public.

Second, how Green Acres spent the proceeds is of no moment, for the claim is that Green Acres falsely certified eligibility. The Eighth Circuit has recognized fraud in the inducement as a theory of liability under the Act, quoting Congress's observation that "each and every claim submitted under a contract, loan guarantee, or other agreement which was originally obtained by means of false statements . . . constitutes a false claim." *United States ex rel. Simpson v. Bayer Healthcare*, 732 F.3d 869, 876 (8th Cir. 2013) (citation omitted). Applying that theory after *Escobar*, the Eighth Circuit held that materiality "depends on whether [the defendant's] promise . . . influenced the government's decision to enter into its relationship with" the defendant, and it rejected the defense that the defendant's statements "did not cause any actual harm," because "this is not an element of materiality." *United States ex rel. Miller v. Weston Educ., Inc.*, 840 F.3d 494, 504-05 (8th Cir. 2016). *See also United States ex rel. Forsyth v. KSO MetalFab, Inc.*, No. 23 CV 4875, 2026 U.S. Dist. LEXIS 227803, at *10-11 (N.D. Ill. Oct. 5, 2026) (sustaining the United States' complaint against a PPP borrower that argued its loan had served the program's purpose, because the program offered loans "to eligible businesses" and "[a] business that was never entitled to the money does not become entitled to it by spending it as promised"). The same is true of forgiveness. Green Acres certified a second time when it applied to have its loan forgiven, on a form that warned that forgiveness could be denied "if SBA determines that the Borrower was ineligible for the PPP loan," and a borrower that was ineligible for the loan was not entitled to forgiveness however the proceeds were spent. Compl. ¶¶ 44, 77-78, 80; Consol. Opp., at 30.

Third, the assistance of a tax preparer and a banker is a defense to be proved, not a pleading defect. Consol. Opp., at 31-32.

Green Acres adds that "[t]he mere signature of small town volunteers who are serving their communities with the advice of local professionals is not an admission of fraud as is argued by Plaintiff." Dkt. 168-1, at 11. Relator has not argued that a signature is an admission of fraud. The Complaint alleges that the certification above the signature was false and that Green Acres made it knowingly, as the Act defines that term. Compl. ¶¶ 57, 60. Whether it did is a question of fact that Rule 12(b)(6) does not permit the Court to resolve on Green Acres' description of its signers.

**IV. Conclusion**

Green Acres' motion repeats grounds that the Consolidated Opposition answers, and the matters specific to Green Acres confirm the claim against it. Relator respectfully requests that the Court deny Green Acres' motion to dismiss, Dkt. 168, in its entirety. Should the Court dismiss any claim, Relator requests leave to amend.

Respectfully submitted,

*/s/ Alan Ostergren*

Alan R. Ostergren
Alan R. Ostergren, P.C.
500 East Court Avenue, Suite 420
Des Moines, IA 50309
alan.ostergren@ostergrenlaw.com
515-207-0134

*/s/ Bruce Ellis Fein*

Bruce Ellis Fein
Bruce Ellis Fein PLLC
Pro hac vice
P.O. Box 506
Great Falls, VA 22066
bruce@newdream.net
703-248-0390

*Attorneys for Relator The Tarbell Group, LLC*